**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| SHELLEY LEVINE, *et al.*,<br><br>             Plaintiffs,<br><br>v.<br><br>THE PALESTINE LIBERATION ORGANIZATION and THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian Interim Self-Government Authority" and/or "The Palestinian National Authority"),<br><br>             Defendants. | Case No. 1:21-cv-03043-RM-STV |

**STIPULATED PROTECTIVE ORDER**

Entered By Magistrate Judge Scott T. Varholak:

1.      This Protective Order shall apply to all Documents, Information, and Testimony (each as defined below) produced, disclosed or exchanged in this Action, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information, disclosed in this Action pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure or by agreement of the Parties (collectively, "Discovery Material").

**A.     Definitions:**

2.      In this Protective Order, the words set forth below shall have the following meanings:

        a.      "Action" means the above-captioned action, *Shelley Levine, et al. v. The Palestine Liberation Organization, et al.*, Case No. 21-cv-03043 (RM) (STV) (D. Colo.) and any

proceeding ancillary thereto, including without limitation to any third-party discovery proceedings, any appeals, and any enforcement proceedings, ancillary to the above-captioned action.

   b. "Court" means this honorable court and any courts which may hear proceedings ancillary to this Action (as set forth in paragraph 2(a) above), including judges, judicial officers and court personnel participating in such proceedings.

   c. "Confidential Materials" means any Discovery Material designated as "CONFIDENTIAL" pursuant to this Protective Order.

   d. "Designating Party" means any Party or non-party which designates any Discovery Material as "Confidential Materials" pursuant to the provisions of this Protective Order.

   e. "Document," as used in this Protective Order, is defined as provided in Federal Rule of Civil Procedure 34(a), and encompasses, without limitation, (i) any writing or record (including but not limited to electronically stored information) produced or disclosed in this Action, including but not limited to initial disclosures, documents produced, answers to interrogatories, and responses to request for admission, and other Documents, and (ii) any copies, reproductions, excerpts, or summaries of all or any part of the foregoing. A draft or non-identical copy is a separate document within the meaning of this term.

   f. "Information" means the content or materials derived from Documents or Testimony.

   g. "Producing Party" means any Party or non-party which produces or otherwise discloses, communicates, or makes available any Discovery Material in this Action.

   h. "Receiving Party" means any Party to whom any Discovery Material is produced or otherwise disclosed, communicated, or made available in this Action.

i. "Testimony" means all depositions (including transcripts thereof and exhibits thereto), affidavits, declarations, and any other testimony taken, produced, disclosed, or used in this Action.

B. **Use of Discovery Material:**

3. All Confidential Materials (or any copies, summaries, or abstracts thereof) shall be used solely for the purpose of prosecuting and defending this Action and any appeals thereto (including for purposes of mediating or otherwise attempting to settle this Action).

C. **Designation and Use of Confidential Materials:**

4. Any Party or person producing or disclosing Discovery Material in this Action may designate portions of such Discovery Material as Confidential Materials if such Producing Party reasonably and in good faith believes that such portion consists of:

   a. Trade secrets or other proprietary, commercial, or highly sensitive governmental information;

   b. Personal private medical (including mental health) information and records;

   c. Financial records or financial information that is personal and confidential to any Party or third-party;

   d. Any other information of a personal or intimate nature regarding any individual;

   e. Any other category of information afforded confidential status by the Court after the date of this Protective Order.

5. Discovery Material may not be designated as confidential if the Discovery Material is publicly available prior to designation. Discovery Material shall no longer be considered as confidential if the Discovery Material becomes publicly available (not in violation of this Protective Order) subsequent to designation.

6. Nothing herein shall affect or restrict the rights of any Party or person with respect to its own Discovery Material produced or disclosed in this Action.

7. Confidential Materials shall not be disclosed without the consent of the Designating Party or further order of the Court, except that Confidential Materials may be disclosed to any of the following, all of whom shall be bound by the provisions of this Order and shall be subject to the jurisdiction of this Court for any breach of this Order:

    a. Attorneys working on this Action and persons employed or associated with said attorneys whose assistance is required in the prosecution or defense of this Action and have been advised of their obligations hereunder;

    b. Outside vendors or service providers that counsel for a Party retain and assign to this Action;

    c. The parties, including their designated representatives and counsel;

    d. As to any Document, its author, its addressee, and any other person indicated on the face of the Document as having received a copy;

    e. Expert witnesses and consultants retained in connection with this Action to whom disclosure is reasonably necessary for the prosecution or defense of this Action;

    f. The Court and any jury at trial;

    g. Any mediator, arbitrator, or special master that the Parties engage or that the Court appoints in this Action;

    h. An officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

    i. Actual or potential trial and deposition witnesses;

     j.  As otherwise required by law, in accordance with paragraph 19, if applicable; and

     k.  Other persons by written agreement of the parties.

  8.  Prior to disclosing any Confidential Materials to any person identified in sub-paragraphs 7(b),(e),(g),(h) and (i), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. However, where a person identified in sub-paragraph 7(i) is not under the control of the Party disclosing the Confidential Materials and declines to sign such a written acknowledgment, it shall be sufficient for counsel to provide such person with a copy of this Protective Order and inform him or her that he or she is bound by the provisions of this Order and is subject to the jurisdiction of this Court for any breach of this Order.

  9.  With respect to any portion of Discovery Material that a Producing Party or person seeks to designate as Confidential Materials, the Producing Party or person, or counsel for such Producing Party or person, may designate the relevant portion of such Discovery Material as Confidential Materials by stamping or otherwise clearly marking it as "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility, or by providing written notice of the designation to counsel for all Parties at the time of production. Discovery Material shall be designated as Confidential Materials prior to, or contemporaneously with, its production or disclosure. Inadvertent production of Discovery Material in this Action without a "Confidential" marking pursuant to this paragraph shall not be deemed a waiver, in whole or in part, of the right

to subsequently designate the Discovery Material as Confidential Materials, as otherwise allowed by this Protective Order.

10. If, not later than 60 days before the final pretrial conference in this Action, a Producing Party or person realizes that it inadvertently produced Discovery Material in this Action without designating such material as "CONFIDENTIAL", the Producing Party or person may so designate such material by notifying counsel for all Parties in writing. Thereafter, all persons subject to this Protective Order will treat such designated portion(s) of the Discovery Material as Confidential Materials. In addition, the Producing Party or person shall provide each Party with replacement versions of such Discovery Material that bear the "CONFIDENTIAL" designation as soon as practicable upon providing such notice.

11. Whenever a deposition involves the disclosure of Confidential Materials, the relevant portions of the deposition transcript shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript. All Testimony shall be treated as Confidential Materials until the 30-day period has expired.

12. Any Document, Information, or Testimony that may be produced or provided by a non-party in this Action may be designated by such non-party as Confidential Materials under the terms of this Protective Order.

13. This Protective Order binds the Parties and certain others to treat as Confidential Materials any Discovery Material so designated, absent any order by the Court declining to afford

confidential treatment to such material. The Court has not, however, made any finding regarding the confidentiality of any Discovery Material, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential Materials. The Court also retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential Materials and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

14. In the event a non-party has produced Documents or Information in response to a subpoena or request, any Party receiving such Documents or Information from the non-party shall ensure that all other Parties receive copies of the non-party's production within five business days of the Receiving Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Party receiving such Documents or Information from the non-party shall notify all other Parties of its receipt of such production within three business days, and shall provide copies of the non-party production to all other Parties as soon as practicable.

15. In the event a non-party produces in discovery in this Action any Document, Information, or Testimony that a Party reasonably and in good faith believes qualifies under this Protective Order for designation as Confidential Materials, that Party may so designate such Document, Information, or Testimony. In the case of deposition Testimony, designation shall be made by using the procedure set forth in paragraph 11. For all other Discovery Material, designation shall be made by written notice to counsel for all Parties within 15 business days following receipt of such Discovery Material by counsel for the Party wishing to make such designation. Prior to the expiration of such 15-business-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Discovery Material produced or given by any non-party to this Action shall be treated as Confidential Materials.

16. Unless other arrangements are agreed upon in writing by the parties, within 60 days of the final determination of this Action, each person or party who has received Confidential Materials shall be obligated to return the Confidential Materials, including any copies, to the Designating Party, or the Receiving Party may elect to destroy the Confidential Materials, including any copies, and certify that it has been destroyed. The Receiving Party, however, need not destroy or return (a) any Confidential Materials that it is required by law to maintain or (b) one archival copy of all materials filed with the Court (including exhibits and appendices), transcripts, expert reports, legal memoranda, correspondence, exhibits, or attorney work product, even if such materials contain Confidential Materials. Any such archival copies that contain or constitute Confidential Materials remain subject to this Protective Order. Any such archival copies must be clearly marked to reflect that they contain information subject to this Protective Order and be maintained as such.

**D.** **Challenging Confidentiality Designations:**

17. A party may object to the designation of particular Confidential Materials by giving written notice to the Designating Party at any time. The written notice shall identify the Confidential Materials to which the objection is made and the basis for that objection. If the parties cannot resolve the objection within 10 business days after the time the notice is received, it shall be the obligation of the party designating the Confidential Materials as CONFIDENTIAL to initiate a hearing utilizing this Court's discovery dispute procedures set forth in Magistrate Judge Varholak's Civil Practice Standards. If such a hearing is timely pursued, the disputed Confidential Materials shall be treated as confidential under the terms of this Protective Order until the Court issues a ruling on the dispute. If the Designating Party fails to pursue a hearing within the prescribed time, the disputed Confidential Materials shall lose their designation as confidential and shall not thereafter be treated as confidential

in accordance with this Protective Order. The Designating Party shall bear the burden of establishing that good cause exists for the disputed Confidential Materials to be treated as confidential.

18.     Any request to restrict public access to materials designated as confidential pursuant to this Protective Order must comply with the requirements of the District of Colorado's Local Civil Rule 7.2 ("LCivR 7.2").  Any Party filing Confidential Materials with the Court must file all documents containing the Confidential Information under Level 1 restriction as defined under LCivR 7.2. The Designating Party then shall have 14 days to file a Motion to Restrict pursuant to LCivR 7.2. The restricted filing shall be subject to restriction until the Motion to Restrict is determined by the Court.  If no Motion to Restrict is made within 14 days following the filing, the restriction shall expire and the filing shall be open to public inspection.

**E.     Protected Information Subpoenaed or Ordered Produced to a Non-Party:**

19.     Nothing in this Protective Order will prevent any Party from producing any Confidential Materials in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party, unless prohibited by law or court order from doing so, gives written notice via electronic mail transmission, along with a copy of the subpoena or other process, to the counsel of record for the Designating Party within three business days of receiving the subpoena or other process. Upon receiving such notice, the Designating Party or person will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Designating Party or person deems it appropriate to oppose compliance. The Party receiving the subpoena or other process shall inform the person seeking the Confidential Materials that such Confidential Materials are subject to this Protective Order. No production or other disclosure of such Confidential

Materials pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process.

**F.      Privileged Documents:**

20.     Subject to the provisions of Rule 502 of the Federal Rules of Evidence, the inadvertent production or other disclosure of any Document, Information, or Testimony that is subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery is not a waiver of such privilege or immunity from discovery in this Action or any other proceeding, and will not constitute, and may not be argued to constitute, a waiver of any applicable privileges or immunities from discovery.

21.     The Parties and their counsel do not intend by this Protective Order to waive their rights to any protection or privilege, including but not limited to the attorney-client privilege and the attorney work product doctrine, all of which the Parties expressly reserve.

22.     Any Party or person, upon learning that it has inadvertently produced or otherwise disclosed in discovery in this Action attorney-client privileged Information, attorney work product, or any other protected or privileged Document, Information, or Testimony, shall promptly give all counsel of record written notice of the inadvertent production or disclosure. Upon receiving such written notice, the Receiving Party must either (a) promptly return and/or destroy the inadvertently produced Documents or Information and all copies thereof, make a good-faith effort to destroy any notes or other materials that reproduce, copy, or otherwise disclose the substance of the privileged or protected Information, and notify the Producing Party when such return or destruction is complete, or (b) sequester such material pending further order of the Court.

23.     Within five (5) business days of receiving notice from a Producing Party or its counsel requesting the return or destruction of Privileged Documents, the Receiving Party shall

notify the Producing Party's counsel of record in writing whether the Receiving Party intends to challenge the designation of the documents as Privileged Documents. If the Receiving Party intends to challenge the designation, the document(s) shall remain sequestered pending Court resolution of the challenge, and the Receiving Party and its counsel shall view and use the document(s) at issue only to the extent necessary to challenge the privilege claim. The document(s) that the Receiving Party intends to challenge shall only be submitted to the Court under seal for an *in camera* review.

24. If the Receiving Party does not intend to challenge the designation of the document(s) as Privileged Documents, the Receiving Party and its counsel shall, within ten (10) business days of receiving such notice of production of Privileged Documents, destroy or return all original documents identified by the Producing Party in such notice (whether electronic or hard copy), destroy or delete any and all copies (whether electronic or hard copy), and expunge information or material derived from the produced Privileged Documents from any other documents the Receiving Party possesses. To the extent the Receiving Party provided any disclosed Privileged Documents to any other person or non-party, the Receiving Party shall promptly make reasonable efforts to retrieve and destroy such Privileged Documents and notify the Producing Party's counsel of record, in writing, that it has done so.

25. The Parties shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without court intervention. To the extent the Parties cannot resolve the issue, a Party may seek relief from the Court. No Party, however, may assert as a ground for compelling production the fact or circumstance that the Privileged Documents had already been produced until the Court determines the documents are not in fact privileged.

**G.     Use at Trial:**

26.     Subject to the Federal Rules of Evidence, Confidential Materials may be offered and received into evidence at trial or at any hearing or oral argument.  A Party agreeing to the entry of this Protective Order does not thereby waive the right to object to the admissibility of any Document, Information, or Testimony in any proceeding, including trial.  If a Party intends to admit or present Confidential Materials, or information derived therefrom, at trial or at any hearing or oral argument, such Party shall provide advance notice to the Producing Party of at least seven (7) days before the commencement of trial, hearing or oral argument, by identifying the documents or information at issue to allow the Producing Party sufficient time to evaluate whether to move the Court for an order that the Confidential Materials be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

**H.     Modification of the Protective Order**

27.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

28.     This Protective Order shall survive the termination of the Action and shall continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.

DATED:                                                                  BY THE COURT:

                                                                                         United States Magistrate Judge