UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03043-RM-STV

SHELLEY LEVINE, et al.,

                          Plaintiffs,

v.

The PALESTINE LIBERATION ORGANIZATION and
THE PALESTINIAN AUTHORITY,

                          Defendants.

## UNOPPOSED MOTION TO ENLARGE PAGE LIMITS FOR DEFENDANTS' MOTION TO DISMISS

Pursuant to D.C.COLO.LCivR 7.1, this Court's Civil Practice Standards IV.C.2.j, and for good cause, Defendants file this Unopposed Motion to Enlarge Page Limits for Defendants' Motion to Dismiss due February 21, 2022, and respectfully ask the Court to enlarge the page limit for their supporting brief to 35 pages, exclusive of the certificates of service and signature blocks. Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Plaintiffs and Defendants have conferred regarding this Motion, and Plaintiffs do not oppose the relief requested herein.

1.     "[D]istrict courts should remain flexible in the application" of page limitations to account for the circumstances of each case. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007).

2.     Consistent with the Tenth Circuit's guidance, this Court's Civil Practice Standards, contemplate that the 20-page limit for briefs in support of motions to dismiss may be enlarged

upon a showing of good cause, including the complexity or numerosity of the issues involved. Civ. Practice Standard IV.C.1, 2.j.

3. For good cause described below, Defendants require more than 20 pages for their brief in support of their Motion to Dismiss in order to effectively address the Court's jurisdiction and the legal sufficiency of Plaintiffs' claims. Specifically, Defendants require the additional pages to address the following issues:

    a. For jurisdiction over Defendants, Plaintiffs rely exclusively on the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), 18 U.S.C. §2334(e). *See* Compl., ¶¶7-13. Another federal court recently held that the PSJVTA could not constitutionally provide for jurisdiction over Defendants, because it violates Defendants' due process rights. *Fuld v. PLO*, No. 20-CV-3374, 2022 U.S. Dist. LEXIS 3102, *38-39 (S.D.N.Y. Jan. 6, 2022) (holding PSJVTA unconstitutional). Defendants additionally contend that the PSJVTA violates separation of powers limitations under the Constitution. These important constitutional issues require full briefing, which cannot be accomplished within the 20-page limit for a brief that also will address Defendants' Rule 12(b)(6) challenges to the legal sufficiency of Plaintiffs' claims.

    b. Defendants' Rule 12(b)(6) arguments must address the distinct legal elements of Plaintiffs' six separate causes of action: (1) international terrorism pursuant to 18 U.S.C. § 2333(a) (direct liability) (2) international terrorism pursuant to 18 U.S.C. § 2333(a) (respondeat superior liability); (3) aiding and abetting pursuant to 18 U.S.C. § 2333(d); (4) conspiracy pursuant to 18 U.S.C. § 2333(d); (5) negligence (under Israeli law); and (6) vicarious liability (under Israeli law). Among other things, Defendants' Rule 12(b)(6) arguments will identify the "conclusory and speculative" allegations on

which each of Plaintiffs' six claims rest. *See Licerio v. Lamb*, No. 20-cv-681-WJM-STV, 2021 U.S. Dist. LEXIS 175346, at *55 (D. Colo. July 15, 2021). Further, Defendants' motion must address the distinct elements of Plaintiffs' two claims under Israeli law. *See* Compl. ¶¶ 166-206.

4. This Motion is unopposed, and no party will be prejudiced if the Court grants the relief requested in this Motion.

WHEREFORE, Defendants respectfully request that the Court enlarge the page limits to 35 pages for its brief in support of its Motion to Dismiss, exclusive of the certificates of service and signature blocks.

Respectfully Submitted,

February 14, 2022

**SQUIRE PATTON BOGGS (US) LLP**

/s/ *Gassan A. Baloul*
Gassan A. Baloul (DC Bar 1034245)
gassan.baloul@squirepb.com
Mitchell R. Berger (DC Bar 385467)
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Gassan A. Baloul, an attorney duly admitted to practice before this Court, certifies that on February 14, 2022, I caused true and correct copies of the foregoing UNOPPOSED MOTION TO ENLARGE PAGE LIMITS FOR DEFENDANTS' MOTION TO DISMISS to be served on all counsel of record via electronic filing on the Court's CM/ECF system.

Dated: February 14, 2022

/s/ *Gassan A. Baloul*
Gassan A. Baloul (DC Bar 1034245)