# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 21-cv-03043-RM-STV

SHELLEY LEVINE, et al.,

    Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION and THE PALESTINIAN AUTHORITY,

    Defendants.

---

## ORDER CERTIFYING MATTER TO THE UNITED STATES ATTORNEY GENERAL
---

    In this action, Defendants move to dismiss Plaintiffs' Complaint on grounds that include the argument that the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA") is unconstitutional. Defendants argue that the PSJVTA, in granting personal jurisdiction over Defendants via "deemed consent" provisions, violates Due Process. Specifically, Defendants point to subsection (e) of the PSJVTA, 18 U.S.C. § 2334, which provides that defendants shall have deemed to consent to jurisdiction in Anti-Terrorism Act cases if they make certain payments related to individuals convicted by the Unites States of committing terrorism or if they establish, maintain, or procure an office in the United States, or "conduct[] any activity while physically present in the United States on behalf of the Palestine Liberation Organization or the Palestinian Authority." Defendants argue that the conduct listed in the PSJVTA attempt to impose personal jurisdiction over defendants even though defendants lack the minimum contacts necessary to satisfy the Due Process Clause.

    Pursuant to § 2403(a) of Title 28 of the United States Code:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall

certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence . . . and for argument on the question of constitutionality.

Concomitantly, Fed. R. Civ. P. 5.1 provides that "[t]he court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned."  And, under Fed. R. Civ. P. 24(a), "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute…."

In this case, as previously stated, Defendants challenge the constitutionality of certain provisions of the PSJVTA.  Neither the United States nor any agency, officer, or employee thereof is a party to this suit.

The Court grants leave to the United States to intervene in this action for argument on the constitutional question and, if evidence is otherwise admissible in the case, for presentation of evidence.  The United States may intervene on or before April 29, 2022.  See Fed. R. Civ. P. 5.1(c).  Accordingly, it is:

ORDERED that Defendants' challenge to the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act is certified to the United States Attorney General; and it is

FURTHER ORDERED that the Clerk of this Court shall forward a copy of this Order, the Complaint (ECF No. 1), and the Motion to Dismiss (ECF No. 30), both certified under seal, to the United States Attorney General.

DATED this 28th day of February, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge