IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-03043-RM-STV

SHELLEY LEVINE, *et al.*,

                Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian
National Authority"),

                Defendants.

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS AND JOINT MOTION TO ADJOURN SCHEDULING CONFERENCE

Pursuant to COLO.LCivR 7.1 and for good cause, Plaintiffs respectfully move for a 60-day extension of time within which to respond to the Defendants' Motion to Dismiss, either by opposing the Motion or by filing an Amended Complaint. Pursuant to COLO.LCivR 7.1(a), counsel for Plaintiffs and Defendants have conferred regarding this Motion, and Defendants do not oppose the extension requested.

Additionally, if the extension is granted, the Parties jointly move to adjourn the scheduling conference with Magistrate Judge Varholak currently set for March 29, 2022, with a new date for the conference to be set following the submission by the Parties of a status report.

In support of this motion, Plaintiffs respectfully state as follows:

1. This action was filed on November 11, 2021.

2. On November 15, 2021, Magistrate Judge Varholak entered an order setting the Court's scheduling conference for January 19, 2022.

3. On November 22, 2021, Plaintiffs filed a waiver of service executed by Defendants, pursuant to which Defendants were required to respond to the Complaint by February 21, 2022. (DE 15).

4. In early discussions between the Parties, the Defendants indicated that they would file a Rule 12(b) motion seeking dismissal of this action for lack of personal jurisdiction, among other grounds.

5. In those discussions the parties also reached an agreement under which Defendants would produce to the Plaintiffs documents potentially relevant to Defendants' challenge to personal jurisdiction. The Parties agreed on the terms of a protective order enabling the Parties to designate certain documents as confidential.

6. The Parties jointly moved to adjourn the scheduling conference until a date after March 21, 2022 (DE 21), to enable them to defer their Fed. R. Civ. P. 26(f) conference until after the Defendants were to file their Motion to Dismiss and until after the Plaintiffs were to receive the agreed-upon document production from the Defendants.

7. The Parties also submitted to the Court their proposed protective order. DE 23.

8. On January 3, 2022, the Court granted the Parties' joint motion to adjourn the scheduling conference, and reset the conference for March 29, 2022. DE 25.

9. Also on January 3, 2022, the Court entered the Protective Order. DE 27.

10. Pursuant to the Parties' agreement, Defendants have produced to Plaintiffs' counsel certain documents, which the Plaintiffs are reviewing.

11. On February 21, 2022, the Defendants filed their Motion to Dismiss. DE 30.

12. The Defendants' Motion to Dismiss challenges, among other things, the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), 18 U.S.C. § 2334(e), which the Plaintiffs cite as a basis for this Court's exercise of personal jurisdiction over the Defendants. Specifically, Defendants assert that the PSJVTA violates the due process clause and constitutional separation of powers. See Motion to Dismiss, DE 30.

13. The Motion to Dismiss also asserts that the Plaintiffs failed to adequately plead the elements of each of the Complaint's six causes of action. *Id*.

14. Citing the "complexity or numerosity" of the arguments raised in their Motion to Dismiss, including "important constitutional issues," the Defendants moved for, and the Court granted, leave to exceed the page limit for their Motion Dismiss prescribed under Local Rule 7.1. DE 28, 29.

15. For essentially the same reasons, *i.e.,* the importance of the constitutional issues and the multiplicity of arguments made by the Defendants, the Plaintiffs require additional time to decide whether to oppose the Motion to Dismiss or to file an amended complaint and to prepare their opposition papers or amended complaint. Additionally and relatedly, the Plaintiffs need additional time to review the

3

documents produced by the Defendants for relevance and completeness, and to incorporate the contents of Defendants' production into their opposition papers or amended complaint, as appropriate.

16. Under Fed. R. Civ. P. 15(a)(1) and Local Civil Rule 7.1(d), the present deadline for the Plaintiffs to either oppose the Motion to Dismiss or to file an amended complaint by right is March 14, 2022. For the reason above, the Plaintiffs respectfully request a 60-day extension of time to either oppose the Motion to Dismiss or amend the complaint by right, until May 13, 2022.

17. Plaintiffs also note that Defendants had a period of 90 days within with to prepare their Motion to Dismiss.

18. Defendants do not oppose the requested extension of time. Moreover, if the Court grants Plaintiffs' requested extension, then the Parties jointly propose that, in the interest of efficiency and to conserve judicial and party resources, the Court should adjourn the scheduling conference currently set for March 29, 2022, and that the parties should file a status report not later than May 11, 2022, to advise the Court of their position(s) in respect to the timing of a rescheduled conference, in light of whether Plaintiffs decide to oppose Defendants' Motion to Dismiss, or instead to amend the complaint.

19. Plaintiffs also note that on February 28, 2022, Defendants filed a notice of constitutional challenge to the PSJVTA pursuant to Fed. R. Civ. P. 5.1 (DE 31), and on the same day the Court certified the constitutional challenge to the Attorney General of the United States and granted leave to the United States "to intervene in

this action for argument on the constitutional question and, if evidence is otherwise admissible in the case, for presentation of evidence" on or before April 29, 2022. (DE 32 at 2).

20. In other cases in which these Defendants have asserted a constitutional challenge to the PSJVTA, the United States has consistently intervened to file briefs supporting the constitutionality of the statute.[1]

21. Thus, because in any event, the United States is likely to intervene and to file a brief in this action defending the constitutionality of the PSJVTA on or by the April 29, 2022 deadline set by the Court, the enlargement sought by the Plaintiffs will not affect other Court deadlines or otherwise delay this action.

For the foregoing reasons, the Plaintiffs respectfully request that the Court grant this Motion.

Respectfully Submitted,

*s/ Daniel K. Calisher*
Daniel K. Calisher
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: 303-333-9810
Email: calisher@fostergraham.com
*Attorneys for Plaintiff*

---

[1] *See* Memorandum of Law in Support of the Government's Intervention in Defense of the Promoting Security and Justice for Victims of Terrorism Act of 2019 (Oct. 25, 2021) in *Shatsky v. PLO*, 18-civ-12355 (MKV) (SDNY), at DE 141; Memorandum of Law in Support of the Government's Intervention in Defense of the Promoting Security and Justice for Victims of Terrorism Act of 2019 (July 23, 2021) in *Fuld v. PLO*, 20-civ-3374 (JMF) (SDNY), at DE 53; and Memorandum of Law in Support of the Government's Intervention in Defense of the Promoting Security and Justice for Victims of Terrorism Act of 2019 (Sept. 7, 2021), in *Sokolow v. PLO*, 04-civ-397 (GBD) (SDNY), at DE 1043.

5

*s/ Jordan Factor*
Jordan Factor
Allen Vellon Wolf Helfrich & Factor, P.C.
1600 Stout Street, Suite 1900
Denver, Colorado 80202
Telephone: 303-534-4499
Email: jfactor@allen-vellone.com
*Attorneys for Plaintiff*



*s/ Asher Perlin*
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: 786-233-7164
Email: asher@asherperlin.com
*Attorneys for Plaintiff*

6