UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03043-RM-STV

SHELLEY LEVINE, et al.,

                        Plaintiffs,
    v.

The PALESTINE LIBERATION
ORGANIZATION and
THE PALESTINIAN AUTHORITY,

                        Defendants.

---

**UNOPPOSED MOTION TO ENLARGE PAGE LIMITS
FOR DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

---

Pursuant to D.C.COLO.LCivR 7.1, this Court's Civil Practice Standards IV.C.2.j, and for good cause, Defendants file this Unopposed Motion to Enlarge Page Limits for Defendants' Motion to Dismiss the First Amended Complaint due June 27, 2022, and respectfully ask the Court to enlarge the page limit for their supporting brief to 45 pages, exclusive of the certificates of service and signature blocks.  Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Plaintiffs and Defendants have conferred regarding this Motion, and Plaintiffs do not oppose the relief requested herein.  This Court previously granted a motion to enlarge the page limit for Defendants' motion to dismiss the original complaint to 35 pages.  Defendants request 10 pages more than for their prior motion because the First Amended Complaint adds three additional legal theories for

jurisdiction, including a new Defendant, UN Ambassador Riyad Mansour, who Plaintiffs sue in a representative capacity in a Rule 23.2 "class action."

1. "[D]istrict courts should remain flexible in the application" of page limitations to account for the circumstances of each case. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007).

2. Consistent with the Tenth Circuit's guidance, this Court's Civil Practice Standards contemplate that the 20-page limit for briefs in support of motions to dismiss may be enlarged upon a showing of good cause, including the complexity or numerosity of the issues involved. Civ. Practice Standard IV.C.1, 2.j.

3. For good cause described below, Defendants require more than 20 pages for their brief in support of their Motion to Dismiss in order to effectively address the Court's jurisdiction and the legal sufficiency of Plaintiffs' claims. Plaintiffs originally relied on just the PSJVTA to create jurisdiction, but the First Amended Complaint ("FAC") now has *four* different theories related to jurisdiction, each of which Defendants will need to address. Specifically, Defendants require the additional pages to address the following issues:

   a. First, Plaintiffs assert that Defendants cannot challenge personal jurisdiction "because the PLO and PA have no Due Process rights." FAC, ¶9-12. Both the Second and D.C. Circuits have held that both the PA and PLO qualify as a "person" under the Due Process Clause. *Waldman v. PLO*, 835 F.3d 317, 329 (2d Cir. 2016) ("*Waldman I*") (holding that "the defendants have due process rights"); *Livnat v. Palestinian Auth.*, 851 F.3d 45, 52 (2017) ("The appellants offer several other arguments why non-sovereign governments like the Palestinian Authority are not entitled to due-process protection. None

2

is persuasive."). Defendants' motion will need to discuss the cases Plaintiffs cite on this issue. *See* FAC, ¶11 & n.2-3.

      b.      Second, Plaintiffs assert specific jurisdiction based on allegations regarding Defendants' activities in the United States between 1994 and the 2014.   FAC, ¶13-16. Many courts have already found that these same actions did not create specific jurisdiction over the PA and PLO because they were not sufficiently connected to attacks in Israel or Palestine. *Waldman I*, 835 F.3d at 330, 337; *Livnat*, 851 F.3d at 58; *Estate of Klieman v. Palestinian Auth.*, 923 F.3d 1115, 1127 (D.C. Cir. 2019) (same); *Shatsky v. PLO*, 955 F.3d 1016, 1038 (D.C. Cir. 2020) (vacating grant of summary judgment on the merits to Defendants because the court lacked personal jurisdiction). Defendants' motion will need to address this issue as well.

      c.      Third – as in the original complaint – Plaintiffs rely on "consent jurisdiction" under the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), 18 U.S.C. §2334(e). *See* Compl., ¶¶17-26. Three federal courts have recently held that the PSJVTA could not constitutionally provide for jurisdiction over Defendants because it violates Defendants' due process rights. *Fuld v. PLO*, No. 20-CV-3374, 2022 U.S. Dist. LEXIS 3102, *38-39 (S.D.N.Y. Jan. 6, 2022) (holding application of PSJVTA to the PA and PLO unconstitutional); *Sokolow v. PLO*, 2022 U.S. Dist. LEXIS 43096, *15 (S.D.N.Y. Mar. 10, 2022) (same);   Shatsky v. PLO, No. 1:18-cv-12355, Op. and Order, Dkt 165 (S.D.N.Y. Mar. 18, 2022) (same). Defendants additionally contend that the PSJVTA violates separation of powers limitations under the Constitution.

      d.      Fourth, the FAC claims to assert personal jurisdiction over the PA and PLO pursuant to Fed. R. Civ. P. 23.2. FAC, ¶27. Specifically, Plaintiffs have named UN

3

Ambassador Mansour as "a representative member of both the PLO and PA." *Id*., ¶31. The FAC asserts that the Court has personal jurisdiction over the Ambassador as a representative of the PA and PLO and can therefore exercise personal jurisdiction over the PA and PLO pursuant to Rule 23.2. *Id*., ¶¶31-36. Therefore, in addition to the issues covered in the prior motion to dismiss, Defendants' new motion must address whether the Ambassador can be a representative of the PA and PLO under Rule 23.2, the application of Rule 23.2 to the parties and claims in this case, the requirements for a Rule 23.2 class action, the impact of Colorado, federal, and constitutional law on this new claim, among other issues..

  e. Finally, Defendants' Rule 12(b)(6) arguments must address the distinct legal elements of Plaintiffs' six separate causes of action: (1) international terrorism pursuant to 18 U.S.C. § 2333(a) (direct liability) (2) international terrorism pursuant to 18 U.S.C. § 2333(a) (respondeat superior liability); (3) aiding and abetting pursuant to 18 U.S.C. § 2333(d); (4) conspiracy pursuant to 18 U.S.C. § 2333(d); (5) negligence (under Israeli law); and (6) vicarious liability (under Israeli law). Among other things, Defendants' Rule 12(b)(6) arguments will identify the "conclusory and speculative" allegations on which each of Plaintiffs' six claims rest. *See Licerio v. Lamb*, No. 20-cv-681-WJM-STV, 2021 U.S. Dist. LEXIS 175346, at *55 (D. Colo. July 15, 2021). Further, Defendants' motion must address the distinct elements of Plaintiffs' two claims under Israeli law. *See* Compl. ¶¶ 219-240.

4. These important and complex issues require full briefing, which cannot be accomplished within the normal 20-page limit for a brief.

5. This Motion is unopposed, and no party will be prejudiced if the Court grants the relief requested in this Motion.

WHEREFORE, Defendants respectfully request that the Court enlarge the page limits to 45 pages for its brief in support of its Motion to Dismiss the First Amended Complaint, exclusive of the certificates of service and signature blocks.

Respectfully Submitted,

June 13, 2022

**SQUIRE PATTON BOGGS (US) LLP**

/s/ *Gassan A. Baloul*
Gassan A. Baloul (DC Bar 1034245)
gassan.baloul@squirepb.com
Mitchell R. Berger (DC Bar 385467)
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Gassan A. Baloul, an attorney duly admitted to practice before this Court, certifies that on June 13, 2022, I caused true and correct copies of the foregoing UNOPPOSED MOTION TO ENLARGE PAGE LIMITS FOR DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT to be served on all counsel of record via electronic filing on the Court's CM/ECF system.

Dated: June 13, 2022

/s/ *Gassan A. Baloul*
Gassan A. Baloul (DC Bar 1034245)