IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-03043-RM-STV

SHELLEY LEVINE, *et al.*,

                Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian
National Authority"),

                Defendants.

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

Pursuant to COLO.L.Civ.R. 6.1 and 7.1 and for good cause, Plaintiffs respectfully move for a 58-day extension of time within which to respond to the Defendants' Motion to Dismiss the First Amended Complaint. Pursuant to COLO.LCivR 7.1(a), counsel for Plaintiffs and Defendants have conferred regarding this Motion, and Defendants do not oppose the extension requested.

In support of this motion, Plaintiffs state as follows:

1.      This action was filed on November 11, 2021.

2. On November 22, 2021, Plaintiffs filed a waiver of service executed by Defendants, pursuant to which Defendants were required to respond to the Complaint by February 21, 2022. (DE 15).

3. On February 21, 2022, the Defendants filed their Motion to Dismiss the original Complaint. DE 30.

4. Among other things, the Defendants challenged the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), 18 U.S.C. § 2334(e), which the Plaintiffs cited as the basis for this Court's exercise of personal jurisdiction over the Defendants. Specifically, Defendants asserted that the PSJVTA violates the due process clause and constitutional separation of powers. See Motion to Dismiss, DE 30.

5. Because they raised a constitutional challenge to a federal statute, on February 28, 2022, the Defendants filed a Notice of Constitutional Challenge Pursuant to Federal Rule of Civil Procedure 5.1 to 18 U.S.C. § 2334(e) (DE 31).

6. On the same day, the Court entered an Order Certifying Matter to the United States Attorney General. DE 32.

7. The Order directed the Clerk of the Court to forward the Order, the Complaint, and the Motion to Dismiss to the Attorney General. DE 32. The Order further granted leave to the United States "to intervene in this action for argument on the constitutional question and, if evidence is otherwise admissible in the case, for presentation of evidence" on or before April 28, 2022. *Id*. at 2.

2

8. On March 7, 2022, the Plaintiffs moved for an extension of time to either respond to the Motion to Dismiss or file an amended complaint. DE 34. On March 8, 2022 the Court granted that motion, allowing the Plaintiffs to respond to the Motion to Dismiss or file an amended complaint on or before May 13, 2022. DE 36.

9. On April 27, 2022 the United States moved for an extension of time to decide whether to intervene. DE 41. Among other things, the government noted that a decision by the Plaintiffs to amend their Complaint could influence the government's decision as to whether to intervene. *Id.*

10. On May 9, 2022, the parties filed a Joint Status Report in which the Plaintiffs indicated that they would file an amended complaint. The Joint Status Report also included a motion to extend the time for the Defendants to respond to the anticipated amended complaint. The Defendants requested a period of 45 days to prepare and file their motion to dismiss the amended complaint. DE 46.

11. On May 13, 2022, the Plaintiffs filed their First Amended Complaint (FAC). DE 49, 50[1]. Like the original Complaint, the FAC asserted that the Court may exercise personal jurisdiction over the Defendants pursuant to the PSJVTA. Unlike the original Complaint, the FAC asserts three additional bases for the assertion of personal jurisdiction over these Defendants.

---

[1] The FAC was originally filed under seal because it referenced certain factual materials and documents that were, at that time, potentially subject to a protective order entered by the Court. However, the Defendants subsequently conceded that those materials were not confidential, and the FAC was filed on the Court's open docket.

3

12. To support the additional jurisdictional grounds, the FAC asserted facts that were not included in the original Complaint.

13. On May 19, 2022, the United States filed its Notice Regarding Intervention. DE 51. The government took the position that the filing of the FAC mooted the Defendants' Motion to Dismiss the original Complaint and, with it, the Defendants' constitutional challenge to the PSJVTA. *Id*. The government added:

> If Defendants again raise a constitutional challenge to a federal statute in their forthcoming motion to dismiss and file a renewed notice that their written motion raises a constitutional question ... the United States will decide whether to intervene within 60 days ...."

14. On June 27, 2022, the Defendants filed their Motion to Dismiss the First Amended Complaint. DE 58.

15. The Motion to Dismiss the FAC again challenges the constitutionality of the PSJVTA.

16. The Motion to Dismiss also raises constitutional and other challenges to the other asserted grounds for the exercise of personal jurisdiction.

17. Finally, the Motion to Dismiss asserts that the Plaintiffs failed to adequately plead the elements of each of the Complaint's six causes of action. *Id*.

18. On July 5, 2022, the Defendants filed a new notice of constitutional challenge pursuant to Fed. R. Civ. P. 5.1.

19. Because of the importance of the constitutional issues raised by the Motion to Dismiss the FAC, the multiplicity of arguments made by the Defendants, and the factual complexity of these substantive and jurisdictional arguments, the Plaintiffs require additional time to prepare their opposition to the Motion to Dismiss.

20. Many of the jurisdictional arguments raised in the Motion to Dismiss the FAC were not raised in the Defendants' original Motion to Dismiss.

21. Plaintiffs' counsel also have pre-existing vacation schedules and other personal and professional commitments over the summer.

22. Under Fed. R. Civ. P. 15(a)(1) and Local Civil Rule 7.1(d), the present deadline for the Plaintiffs to file their opposition to the Motion to Dismiss is July 18, 2022. For the reason above, the Plaintiffs respectfully request a 58-day extension of time to file their opposition to the Motion to Dismiss, until September 14, 2022.

23. Defendants do not oppose the requested extension of time.

24. Plaintiffs note that the enlargement sought by the Plaintiffs will not affect other Court deadlines or otherwise delay this action. As discussed, the Defendants' Motion to Dismiss the FAC challenges the constitutionality of the PSJVTA. Once served with the Defendants' Rule 5.1 notice of constitutional challenge, the United States will have at least 60 days within which to decide whether to intervene.

25. In other cases in which these Defendants have asserted a constitutional challenge to the PSJVTA, the United States has consistently intervened to file briefs supporting the constitutionality of the statute.[2]

26. Thus, because in any event, the United States is likely to intervene and to file a brief defending the constitutionality of the PSJVTA, and because the United States will have at least 60 days within which to decide whether to intervene, the Plaintiffs' requested extension of time will not delay resolution of the Motion to Dismiss or otherwise impact Court deadlines.

27. In accordance with COLO.LCivR 6.1(c), a copy of this Motion is being provided to Plaintiffs.

For the foregoing reasons, the Plaintiffs respectfully request that the Court grant this Motion.

---

[2] *See* Memorandum of Law in Support of the Government's Intervention in Defense of the Promoting Security and Justice for Victims of Terrorism Act of 2019 (Oct. 25, 2021) in *Shatsky v. PLO*, 18-civ-12355 (MKV) (SDNY), at DE 141; Memorandum of Law in Support of the Government's Intervention in Defense of the Promoting Security and Justice for Victims of Terrorism Act of 2019 (July 23, 2021) in *Fuld v. PLO*, 20-civ-3374 (JMF) (SDNY), at DE 53; and Memorandum of Law in Support of the Government's Intervention in Defense of the Promoting Security and Justice for Victims of Terrorism Act of 2019 (Sept. 7, 2021), in *Sokolow v. PLO*, 04-civ-397 (GBD) (SDNY), at DE 1043.

Respectfully Submitted,

*s/ Daniel K. Calisher*
Daniel K. Calisher
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: 303-333-9810
Email: calisher@fostergraham.com
*Attorneys for Plaintiffs*

*s/ Jordan Factor*
Jordan Factor
Allen Vellon Wolf Helfrich & Factor, P.C.
1600 Stout Street, Suite 1900
Denver, Colorado 80202
Telephone: 303-534-4499
Email: jfactor@allen-vellone.com
*Attorneys for Plaintiffs*

*s/ Asher Perlin*
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: 786-233-7164
Email: asher@asherperlin.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 6th day of July, 2022, a true and correct copy of the foregoing **UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** was electronically served upon all counsel of record via *ECF*.

    *s/ Daniel K. Calisher*