IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-03043-RM-STV

SHELLEY LEVINE, *et al.*,

          Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian
National Authority"),

          Defendants.

## UNOPPOSED MOTION TO ENLARGE THE PAGE LIMIT AND FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

Pursuant to COLO.L.Civ.R. 6.1 and 7.1, this Court's Civil Practice Standards IV.C.1, and for good cause, Plaintiffs respectfully move for a brief, second extension of time within which to respond to the Defendants' Motion to Dismiss the First Amended Complaint and for an enlargement of the page limit for such response.

Pursuant to COLO.LCivR 7.1(a), counsel for Plaintiffs and Defendants have conferred regarding this Motion, and Defendants consent to both the extension of time and page limit enlargement.

In support of this motion, Plaintiffs state as follows:

1. This action was filed on November 11, 2021.

2. On February 21, 2022, the Defendants filed their Motion to Dismiss the original Complaint. DE 30. The Court had previously granted the Defendants' motion to enlarge the page limit for their Motion to Dismiss to 35 pages. DE 29.

3. Among other things, the Defendants challenged the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), 18 U.S.C. § 2334(e), which the Plaintiffs cited as the basis for this Court's exercise of personal jurisdiction over the Defendants. Specifically, Defendants asserted that the PSJVTA violates the due process clause and constitutional separation of powers. See Motion to Dismiss, DE 30.

4. On March 7, 2022, the Plaintiffs moved for an extension of time to either respond to the Motion to Dismiss or file an amended complaint. DE 34. On March 8, 2022 the Court granted that motion, allowing the Plaintiffs to respond to the Motion to Dismiss or file an amended complaint on or before May 13, 2022. DE 36.

5. On May 9, 2022, the parties filed a Joint Status Report in which the Plaintiffs indicated that they would file an amended complaint. The Joint Status Report also included a motion to extend the time for the Defendants to respond to the anticipated amended complaint. The Defendants requested a period of 45 days to prepare and file their motion to dismiss the amended complaint. DE 46.

6. On May 13, 2022, the Plaintiffs filed their First Amended Complaint (FAC). DE 49, 50[1]. Like the original Complaint, the FAC asserted that the Court may

---

[1] The FAC was originally filed under seal because it referenced certain factual materials and documents that were, at that time, potentially subject to a protective order entered by the Court. However, the Defendants subsequently conceded that those materials were not confidential, and the FAC was filed on the Court's open docket.

2

exercise personal jurisdiction over the Defendants pursuant to the PSJVTA. Unlike the original Complaint, the FAC asserts three additional bases for the assertion of personal jurisdiction over these Defendants.

7. To support the additional jurisdictional grounds, the FAC asserted facts that were not included in the original Complaint.

8. On June 27, 2022, the Defendants filed their Motion to Dismiss the First Amended Complaint. DE 58. Prior to filing their Motion to Dismiss the FAC, the Defendants sought, and the Court granted a further enlargement of the page limit to 45 pages. DE 56, 57.

9. The Motion to Dismiss the FAC again challenges the constitutionality of the PSJVTA.

10. The Motion to Dismiss also raises constitutional and other challenges to the other asserted grounds for the exercise of personal jurisdiction.

11. Finally, the Motion to Dismiss asserts that the Plaintiffs failed to adequately plead the elements of each of the Complaint's six causes of action. *Id*.

12. On July 6, 2022, the Plaintiffs moved for an extension of time to file their opposition to the Motion to Dismiss the FAC. DE 60, and the Court extend until September 6, 2022, the Plaintiffs' time to file their opposition. DE 61.

13. At that time, the Plaintiffs did not request an enlargement of the page limit.

14. Due to the importance of the constitutional issues raised by the Motion to Dismiss the FAC, the multiplicity of arguments made by the Defendants, the

factual complexity of these substantive and jurisdictional arguments, Plaintiffs now request that the Court enlarge the page limit to 55 pages (exclusive of the certificates of service and signature blocks) for their response to the Motion to Dismiss the FAC. The 55-page limit would bring the Plaintiffs' total page limit closer to that of the Defendants, who have already been granted a page limit enlargement to 45 pages for their Motion to Dismiss, and who will file additional argumentation in their anticipated reply memorandum.[2]

15. Plaintiffs also respectfully request a brief second extension of time, until September 19, 2022, within which to file their opposition to the Motion to Dismiss the FAC. The reason for this request is that the attorney chiefly responsible for drafting Plaintiffs' opposition has been suffering from a long-lasting case of Covid 19, which has adversely impacted Plaintiffs' ability to meet the September 6, 2022, deadline.

16. Under Fed. R. Civ. P. 15(a)(1) and Local Civil Rule 7.1(d), the present deadline for the Plaintiffs to file their opposition to the Motion to Dismiss is September 6, 2022. For the reason above, the Plaintiffs respectfully request a 13-day extension of time to file their opposition to the Motion to Dismiss, until September 19, 2022.

17. Defendants consent to both the requested extension of time and page-limit enlargement.

18. In accordance with COLO.L.Civ.R. 6.1(c), a copy of this Motion is being provided to Plaintiffs.

---

[2] Defendants have informed Plaintiffs' counsel that they may request a page enlargement for their reply.

For the foregoing reasons, the Plaintiffs respectfully request that the Court grant this Motion.

Respectfully Submitted,

*s/ Daniel K. Calisher*
Daniel K. Calisher
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: 303-333-9810
Email: calisher@fostergraham.com
*Attorneys for Plaintiff*

*s/ Jordan Factor*
Jordan Factor
Allen Vellon Wolf Helfrich & Factor, P.C.
1600 Stout Street, Suite 1900
Denver, Colorado 80202
Telephone: 303-534-4499
Email: jfactor@allen-vellone.com
*Attorneys for Plaintiff*

*s/ Asher Perlin*
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: 786-233-7164
Email: asher@asherperlin.com
*Attorneys for Plaintiff*