# EXHIBIT F

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 14-7170                                                September Term, 2015

FILED ON: JANUARY 15, 2016

MICHALI TOUMAZOU, ET AL.,
    APPELLANTS

v.

TURKISH REPUBLIC OF NORTHERN CYPRUS, ET AL.,
    APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-01967)

Before: HENDERSON, GRIFFITH, and KAVANAUGH, *Circuit Judges*.

**J U D G M E N T**

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that all orders of the district court on appeal be **AFFIRMED**.

The putative Toumazou class is a group of Cypriots who were allegedly displaced during events that led to the formation of the Turkish Republic of Northern Cyprus (TRNC). Before the district court, the putative class asserted numerous claims alleging that the TRNC is engaged in an ongoing conspiracy with HSBC Holdings, PLC and HSBC Bank USA, N.A. to interfere with the class members' real and personal property in Cyprus by, in part, selling property in the United States. The district court dismissed these claims and, at the same time, denied the putative class the opportunity to conduct jurisdictional discovery and leave to file a third amended complaint. We affirm.

The putative class failed to establish that the district court had personal jurisdiction over the TRNC based on the asserted claims. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), a plaintiff must make a prima facie showing of specific and pertinent jurisdictional facts that connect the defendant to the forum. *See First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988). A plaintiff cannot carry this burden by making only bare allegations or conclusory statements. *Id.* And, for specific jurisdiction, a plaintiff must

allege that the defendant's contacts with the forum gave rise to the asserted claims. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *see also* D.C. CODE § 13-423. Here, the plaintiffs failed to carry this burden because they never identified any specific sale or advertisement of their property by the defendants that occurred in the United States, much less the District of Columbia. Because the plaintiffs also expressly conceded in their brief before this court that there is no basis for general personal jurisdiction, we do not consider that issue. The district court thus properly dismissed the claims against the TRNC for lack of personal jurisdiction.

For a similar reason, the district court did not abuse its discretion by denying the putative class jurisdictional discovery. A court may deny jurisdictional discovery in "the absence of any specific indication . . . regarding what facts additional discovery could produce that would affect" the court's jurisdictional analysis. *Cheyenne Arapaho Tribes of Okla. v. United States*, 558 F.3d 592, 596 (D.C. Cir. 2009) (quotation marks omitted). Although it was given repeated opportunities to identify such useful facts, the putative class instead continued to base its request for jurisdictional discovery on vague descriptions of an alleged conspiracy and mischaracterizations of the jurisdictional evidence provided by the TRNC. The district court was thus well within its discretion to deny jurisdictional discovery.

The district court also did not abuse its discretion in denying the putative class's request to amend its complaint a third time. While Federal Rule of Civil Procedure 15 requires the court to freely give leave to amend a complaint when justice so requires, leave may be denied due to futility. *See Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999). The district court properly concluded that amendment would be futile in this case because the putative class's third amended complaint failed to allege any additional specific facts that would cure the deficiencies of its second amended complaint.

Finally, the putative class makes no viable argument that the district court erred by dismissing the claims against the HSBC defendants. We will not consider the putative class's new argument regarding HSBC's liability because the class failed to present that claim to the district court. Because the putative class also does not challenge either of the district court's grounds for dismissing its other claims against the HSBC defendants, we will not consider whether the district court erred in dismissing those claims. *See Harris v. U.S. Dep't of Veterans Affairs*, 776 F.3d 907, 915 (D.C. Cir. 2015).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

          **FOR THE COURT:**
          Mark J. Langer, Clerk

BY:   /s/
       Ken Meadows
       Deputy Clerk