# EXHIBIT H

RECORD NO. 14-7170

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

In The

# United States Court of Appeals

## For The District of Columbia Circuit

## MICHALI TOUMAZOU, *et al.*,

*Plaintiffs – Appellants*,

**v.**

## TURKISH REPUBLIC OF NORTHERN CYPRUS, *et al.*,

*Defendants– Appellees.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

––––––––––––––––

## BRIEF OF APPELLANTS

––––––––––––––––

Athan T. Tsimpedes
TSIMPEDES LAW FIRM
1200 New Hampshire Avenue, NW, Suite 725A
Washington, DC  20036
(202) 464-9910

*Counsel for Appellants*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

The following information is provided pursuant to the Court's Order and D.C. Circuit Rule 28(a)(1):

**A.**   **Parties, Intervenors and *Amici***

The following parties were named in the district court:

**Plaintiffs/Appellants**: Michali Toumazou, Nicolas Kantzilaris and Maroulla Tompazou. As well as the plaintiffs identified by the district court in its Orders now on appeal or in the related cases that will be identified and provided by separate cover.

**Defendants/appellees:** Turkish Republic of Northern Cyprus, HSBC Holdings PLC, HSBC Bank USA, N.A, and Mehmet Ali Talat; and all defendants named in the related cases otherwise identified.

**B.**   **Rulings Under Review.**

The rulings under review are all Orders of the U.S. District Court For the District of Columbia (Friedman, J.), in case no. 1:09---1967 including but not limited to Orders entered on September 30 2014, October 9, 2014, granting Defendant---Appellee Turkish Republic of Northern Cyprus' motion to dismiss for lack of personal jurisdiction, and granting Defendants--- Appellees HSBC Holdings PLC and HSBC Bank USA, N.A.'s motion to dismiss for failure to state

a claim; and the Orders in the related cases dismissed on October 31, 2014 as a result of similar issues involved.

## C.    Related cases.

The following are related cases identified by the court in it Orders dated September 30, 2014 and/or October 9, 2014 that is being appealed; District Court for the District of Columbia: *Fiouris, et al. v. Turkish Cypriot Community, et al.,* Case No. 10--- 1225, dismissed October 31, 2014 and *Latchford, et al. v. Turkish Republic of Northern Cyprus, et al.,* Case No. 12---0846, dismissed October 31, 2014. This case has not previously been before this Court or any court other than the U.S. District Court for the District of Columbia.

Respectfully submitted,

/s/Athan T. Tsimpedes

# TABLE OF CONTENTS

**Page**

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES ...............i

TABLE OF CONTENTS ......................................................................... iii

TABLE OF AUTHORITIES....................................................................v

GLOSSARY OF ABBREVIATIONS…………………………………………..x

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION....................................................................1

STATEMENT OF THE ISSUES ................................................................1

STATUTES AND REGULATIONS ...........................................................2

STATEMENT OF THE CASE ...................................................................2

SUMMARY OF THE ARGUMENT...........................................................5

ARGUMENT ...........................................................................................6

    I.    WHETHER THE US DISTRICT COURT FOR THE
        DISTRICT OF COLUMBIA ERRED IN GRANTING
        DEFENDANT TRNC's MOTION TO DISMISS DUE TO
        LACK OF PERSONAL JURISDICTION...........................................6

    STANDARD OF REVIEW ............................................................6

    A.    PERSONAL JURISDICTION............................................................6

        1.    Specific Jurisdiction Under The District of Columbia
            Long Arm Statute, § 13-423 .......................................................8

A.  Personal Jurisdiction Over the TRNC is based on Non US Government contacts, its Agent's Affidavit and published website materials that are based on or relate to the Plaintiffs' cause of action, in that the property belonging to the Plaintiffs' and the Class are falsely advertised as abandoned or made available for purchase through TRNC titles .................................................................12

B.  Conspiracy Theory Based Jurisdiction allows the Acts of HSBC to be imputed to the TRNC to Establish Personal Jurisdiction....................................................................................17

C.  An Unincorporated Association Can Be Sued In Its Own Name...............................................................................................19

D.  TRNC's Nationwide Contacts Sufficient For Personal Jurisdiction.................................................................................21

II.  WHETHER THE COURT ERRED IN NOT FINDING PLAINTIFFS' STATED A CAUSE OF ACTION AGAINST THE HSBC DEFENDANTS-APPELLEES ...........................................22

III.  WHETHER THE COURT ABUSED ITS DISCRETION BY DENYING PLAINTIFFS'  JURISDICTIONAL DISCOVERY…………………………………………………………25

IV.  THE COURT ABUSED ITS DISCRETION BY DENYING LEAVE TO FILE A THIRD AMENDED COMPLAINT.........................................29

CONCLUSION ..................................................................................29

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

ADDENDUM

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Al Maqaleh v. Hagel,*
    738 F.3d 312 (D.C. Cir. 2013) .....................................................25

*Atlantigas Corp. v. Nisource, Inc.,*
    290 F. Supp. 2d 34 (D.D.C. 2003) ...............................................10

*Autocephalous Greek Orthodox Church of Cyprus, et al v. Goldberg, et al,*
    917 F.2d 278 (7th Cir. 1990).................................................7, 22

*Autocephalous Greek Orthodox Church v. Goldberg,*
    717 F. Supp. 1374 (IN. 1989) ....................................................22

*Brunson v. Kalil & Co.,*
    404 F. Supp. 2d 221 (D.D.C. 2005) ..............................................9

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ..................................................................10

*Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC,*
    148 F.3d 1080 (D.C. Cir. 1998) .................................................27

*Crane v. N.Y. Zoological Soc'y,*
    894 F.2d 454 (D.C. Cir. 1990) .................................................6-7

*Daimler AG v. Bauman,*
    134 S. Ct. 746 (2014) ..............................................................7, 8

*\*Chief Authorities are marked with an asterisk*
*Dooley v. United Technologies Corp.,*
    786 F. Supp. 65 (D.D.C. 1992) ..................................................17

*Dorman v. Thornburgh,*
    740 F. Supp. 875 (D.D.C.1990), *aff'd in part and appeal*
    *dismissed in part,* 955 F.2d 57 (D.C. Cir. 1992)...........................17

*Edmond v. United States Postal Serv. Gen. Counsel,*
   949 F.2d 415 (D.C. Cir. 1991) ..................................................................7

*Edmond v. United States Postal Serv. Gen. Counsel,*
   953 F.2d 1398 (D.C. Cir. 1992) ................................................................28

*El-Fadl v. Cent. Bank of Jordan,*
   75 F.3d 668 (D.C. Cir. 1996), *abrogated on other grounds by*
   *Samantar v. Yousef*, 560 U.S. 305 (2010) ......................................................25

*Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.,*
   638 F. Supp. 2d 1  (D.D.C. 2009) ................................................................27

*Firestone v. Firestone,*
   76 F.3d 1205 (D.C. Cir. 1996) ....................................................................29

*Foman v. Davis,*
   371 U.S. 178 (1962) ....................................................................................29

*Goodman Holdings v. Rafidain Bank,*
   26 F.3d 1143 (D.C.  Cir. 1994) ....................................................................25

*Goodyear Dunlop Tire Operations, S.A. v. Brown,*
   131 S. Ct. 2846 (2011) ..................................................................................7

*GTE New Media Servs. v. BellSouth Corp.,*
   199 F.3d 1343 (D.C. Cir. 2000) ....................................................................8

*Hasenfus v. Corporate Air Servs.,*
   700 F. Supp. 58 (D.D.C. 1988) ....................................................................17

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,*
   456 U.S. 694 (1982) ....................................................................................18

*International Shoe v. Washington,*
   326 U.S. 310 (1945) .................................................................................. 7-8

*Kopff v. Battaglia,*
   425 F. Supp. 2d 76 (D.D.C. 2006) ..............................................................27

*Mandelkorn v. Patrick*,
    359 F. Supp. 692 (D.D.C. 1973) ................................................................17

*Millenium Square Residential Ass'n v. 2200 M St., LLC*,
    952 F. Supp. 2d 234 (D.D.C. 2013) ..........................................................20

*Mwani v. Osama bin Laden*,
    417 F.3d 1 (D.C. Cir. 2005) ..............................................................7, 9, 21

*Naartex Consulting Corp. v. Watt*,
    722 F.2d 779 (D.C. Cir. 1983), *cert. denied sub nom.*
    *Naartex Consulting Corp. v. Clark*, 467 U.S. 1210 (1984) .........................28

*Novak-Canzeri v. Saud*,
    864 F. Supp. 203 (D.D.C. 1994) ..................................................................9

*Plan Comm. v. Pricewaterhousecoopers, LLP*,
    2007 WL 1191917 (D.D.C. Apr. 20, 2007) ...............................................20

*Second Amendment Found. v. U.S. Conference of Mayors*,
    274 F.3d 521 (D.C. Cir. 2001) .....................................................................7

*Simon v. Republic of Hungary*,
    2014 WL 1873411 (D.D.C. May 9, 2014) .................................................25

*Triad at Jeffersonville I, LLC v. Leavitt*,
    563 F. Supp. 2d 1 (D.D.C. 2008) ..............................................................29

*United States v. Ferrara*,
    54 F.3d 825 (D.C. Cir. 1995) ......................................................................9

*United States v. Trucking Employers, Inc., II and III*,
    72 F.R.D. 101 (D.D.C. 1976) and 75 F.R.D. 6821 (D.D.C. 1977) ..............20

*Urban Inst. v. FINCON Servs.*,
    681 F. Supp. 2d 41 (D.D.C. 2010) ..............................................................7

**STATUTES**

D.C. Code § 13-423 ....................................................................1, 8, 9, 10, 11

18 U.S.C. § 1964 ...............................................................................1

28 U.S.C. § 1330 ...............................................................................1

28 U.S.C. § 1331 ...............................................................................1

28 U.S.C. § 1332 ...............................................................................1

28 U.S.C.  § 1602, *et seq.* ....................................................................4

31 U.S.C. § 5311 *et seq.* ...................................................................22

31 U.S.C. § 5318 ..............................................................................24

**REGULATION**

Title 12, Code of Federal Regulations, § 21.21 ....................................24

**RULES**

Fed. R. Civ. P. 4(k)(2) ...............................................................18, 20, 21

Fed. R. Civ. P. 15(a)(2) ....................................................................28

Fed. R. Civ. P. 17(b)(3) ....................................................................19

Fed. R. Civ. P. 23(a) .........................................................................20

**OTHER AUTHORITIES**

Note, Damages in Class Actions: Determination and Allocation
10 B.C. INDUS. & COM. L. REV. 615, 619 (1969) ...............................20

UN Sec. Counsel. Res. 541 (1983) ........................................................5

*WRIGHT & MILLER. FEDERAL PRACTICE & PROCEDURE:*
*CIVIL* § 1770 (1972) ................................................................................2

# GLOSSARY OF ABBREVIATIONS

| | |
|---|---|
| Affid. | Affidavit |
| BSA | Bank Secrecy Act |
| DC | District of Columbia |
| D.I. | Docket number |
| Dism. | Dismiss |
| Ex./Exs. | Exhibit/Exhibits |
| FRCP | Federal Rule of Civil Procedure |
| HSBC/ HSBC Group | An association of HSBC USA, N.A., HSBC Holdings, PLC and other HSBC banks assisting the TRNC. |
| HSBC Bank A.S. | HSBC A.S. |
| HSBC USA | HSBC Bank USA, N.A. |
| Mot. | Motion |
| ROC | Republic of Cyprus |
| SAC | Second Amended Complaint |
| TAC | Proposed Third Amended Complaint |
| TRNC | Turkish Republic of Northern Cyprus, an Unincorporated Association of Organized Crime. |
| UK | United Kingdom |
| USA | United States of America |

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The District Court of the District of Columbia had jurisdiction under DC Code Sec. 13-423 and 28 USC 1331, 1332, 1330[1] and 18 U.S.C. §1964.

Appellate Jurisdiction from the district court's order resides in 28 USC 1291. The district court Order was entered on September 29, 2014 and the memorandum opinion entered on October 9, 2014 on civil action No.: 09-1967 with related cases, *Fiouris, et al v. TRNC et al., case no. 10-1225* and *Latchford, et al v. TRNC et al., case no. 12-00846* dismissed based on the same order. Appellants timely filed their appeal on October 29, 2014.

## STATEMENT OF THE ISSUES

1.     Whether the US District Court for the District for Columbia erred in granting Appellee TRNC's Motion to Dismiss due to lack of personal jurisdiction, without an evidentiary hearing and without jurisdictional discovery, particularly where the internet website, its content, and other commercial acts, including employment, banking transactions, bank accounts and handling customers, were alleged, without the opportunity for Appellants' and the Class to cross examine the motives and circumstances.

---

[1] The Republic of Turkey was to be rejoined as a defendant in the proposed 3rd Amended Complaint.

[2] *Latchford, et al v. TRNC et al., case no. 12-00846, related case.*

[3] D.I. followed by a number indicates the docket number assigned to the document on the District Court's docket sheet. If a document has an

2.      Whether the US District Court for the District for Columbia erred in granting Appellees HSBCs', Motion to Dismiss due to failure to state a cause of action without an evidentiary hearing and without jurisdictional discovery, particularly where TRNC and HSBC are co-conspirators and are in exclusive possession and control of concealed non-public information; and where they were found to violate the rights of the Plaintiffs' and the Class in the same fraudulent property scheme in the United Kingdom[2].

## STATUTES AND REGULATIONS

The relevant statute and regulations are identified in the table of contents, within this brief or will be included in the deferred joint appendix.

## STATEMENT OF THE CASE

The Original Complaint was filed On October 19, 2009 and amended on February 26, 2010, D.I. 1[3] and 5.  A second amended Complaint was filed on March 19, 2010 D.I. 14 (Second Am. Compl.). The plaintiffs[4] filed a proposed class action alleging that the TRNC unlawfully interfere with their property, real and personal, in northern areas of the Republic of Cyprus (ROC), JA7, JA16,

---

[2] *Latchford, et al v. TRNC et al.*, *case no. 12-00846, related case.*

[3] D.I. followed by a number indicates the docket number assigned to the document on the District Court's docket sheet. If a document has an attachment or exhibit, it is designated by a hyphen.

[4] Consists of citizens and residents of the USA, Cyprus, UK, Greece and South Africa.

JA19, JA20, JA25 [D.I. 14], ¶¶ 10-14, 18-20, and has masterminded a broad

scheme to profit from the sale of such properties "in the United States, Europe and

around the world with the aid, assistance and support of HSBC[5] Group, through

bank transactions using TRNC bank accounts in the US that are cleared by the

correspondent HSBC USA, NA[6] with its principal offices located in New York ."

JA240, JA270, JA283, JA 25 [D.I. 14 ¶¶ 45-60]. Plaintiffs allege that the HSBC

defendants "do business with the TRNC through transactions in the illegally

occupied areas in the north of the ROC and in the United States and knowingly aid,

assist, support and benefit from the transaction of the fraudulent property scheme

of the TRNC, JA7, JA16-25, JA240, JA248, JA270, JA25 [D.I. 14] ¶¶ 2,3,8,9,10,

17-21, 31, 34, 35, 39-42, 45-60, 64-71; JA 179 [D.I. 30] ¶¶ 51-56, 83-111, 133-

136.  This lawsuit was brought as a result of the interference and deprivation of the

rights to property belonging to the Plaintiffs and the Class by TRNC from at least

1983 and continue to do so to the present. Id. TRNC publishes and advertises

properties belonging to displaced Greek Cypriots consisting of the plaintiffs and

the Class for sale at its office in the District of Columbia, which a has a dedicated

---

[5] HSBC shall mean and refer to defendant HSBC Group which term is used to describe an association of subsidiaries and/or affiliates of defendants HSBC Holdings, PLC and/or HSBC USA, NA.

[6] HSBC USA, N.A. is referred to as HSBC USA and is headquartered in McLean, Virginia.

website, trncwashdc.org, which was created in or around the District of Columbia for the TRNC office in the District of Columbia. Id.

Specifically, the plaintiffs[7] and the Class have brought claims for: (1) interference and denial of property rights including access, use and enjoyment of property; (2) violation of international and customary law; (3) civil conspiracy; (4) aiding and abetting; (5) unjust enrichment; (6) violation of the Lanham Act; (7) intentional interference with property rights; and (8) and accounting. JA25 [D.I.14] ¶¶ 85-134.

Plaintiffs' proposed Third Amended Complaint ("TAC") sought to join additional plaintiffs for claims based on the same conduct, transactions and occurrences alleged against Defendant TRNC. JA 179 [D.I. 29, 30] (Mot for Leave to Amend) *Compare* Complaint, ¶¶ 13-55 and Third Amended Complaint, ¶¶ 15-112). The TAC also joins HSBC Holdings, PLC and HSBC Bank U.S.A., N.A. based on their active involvement in the conduct, transactions and occurrences alleged against Defendant. The TAC also re-joins the Republic of Turkey based on that nation's culpability in the mass evictions and for the continuing restraints on the Plaintiffs' use and enjoyment of their properties in northern Cyprus. The Plaintiffs' claims against Turkey arise from the conduct, transactions and occurrences alleged against Defendant TRNC. The Plaintiffs

---

[7] When referring to the Plaintiffs or Appellants herein it shall also include the Class members.

allege a "commercial activity" exception to Turkey's immunity from suit under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602, *et seq*.

The TAC alleges additional claims in law and equity: common law fraud (Count III, JA179 [D.I. 30], ¶¶ 127-132); Conspiracy (Count IV, JA179 [D.I. 30], ¶¶ 132-136); Lanham Act violations (Count VII, JA 179 [D.I. 30], ¶¶ 150-154); intentional interference with prospective business activity/contract (Count VIII, JA179 [D.I. 30], ¶¶ 155-158); trespass (Counts IX and X, JA179 [D.I. 30] ¶¶ 159-163); and an accounting (Count XI, JA179 D.I. ¶¶ 164-168).

### SUMMARY OF THE ARGUMENT

The TRNC[8] through an organized federation of conspirators, including the HSBC defendants, are actively engaged in advertising, marketing, financing, encumbering, developing, renting, leasing or selling of property belonging to displaced Greek Cypriots. Such transactions are based on fraudulent title, falsely and illegally issued, or represented as owned, by the TRNC to the detriment of the Plaintiffs and the Classes (hereinafter referred to as the "Illegal Commercial Enterprise" or "Fraudulent Property Scheme), JA7-23, JA240, JA248, JA270, JA271, JA283, JA179 [D.I. 30] ¶¶ 36, 40, 41, 42,43, 44, 45, 47, 48, 49,50, 51-57, 61-75, 81-145. The Fraudulent Property Scheme is aided and supported by the co-

---

[8] The United States does not recognize a "Turkish Republic of Northern Cyprus" or "TRNC" as a sovereign state and has quite the contrary condemned it  *See UN Sec. Counsel. Res. 541 (1983).*

conspirator HSBC defendants, which has assisted the "TRNC" as co-conspirators in laundering money obtained from its illegal operations by bank transactions in and out of the northern part of the Republic of Cyprus[9] related to the fraudulent property scheme and into the US banking system and to the offices of the TRNC located in Washington DC through HSBC USA which is the correspondent bank of both HSBC Holdings PLC and HSBC A.S operating in the occupied areas under the control of the TRNC, JA270, JA179 [D.I. 29, 30] (TAC) ¶¶ 36, 40, 41, 42,43, 44, 45, 47, 48, 49,50, 51-57, 61-75, 81-145.

## ARGUMENT

## I. WHETHER THE US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA ERRED IN GRANTING TRNC's MOTION TO DISMISS DUE TO LACK OF PERSONAL JURISDICTION

Appellants' will show the required minimum contacts exist to establish personal jurisdiction over the TRNC.

**STANDARD OF REVIEW**

### A. PERSONAL JURISDICTION

---

[9] When using the term "Republic of Cyprus" it shall also mean and be interchangeable with "Cyprus." Likewise, reference to the "north", "northern part", "occupied north", "occupied territories" or "occupied areas" of Cyprus shall mean the areas recognized to be within the jurisdiction of the Republic of Cyprus as the only recognized State and Government on the island despite not having effective control over these areas that are occupied illegally by the Republic of Turkey's military, agents and authorities including those operating under the so called "TRNC" trade name or association.

When personal jurisdiction is challenged under Rule 12(b)(2), the plaintiff bears the burden of establishing a factual basis for asserting personal jurisdiction over a defendant. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). Plaintiffs "can satisfy that burden with a prima facie showing.'" *See Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (*quoting Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 (D.C. Cir. 1991)). To do so, the plaintiff cannot rest on bare allegations or conclusory statements but "must allege specific acts connecting [the] defendant with the forum." See *Second Amendment Found v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (internal quotation marks omitted). "To make such a showing, the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial[;]" but rather, the plaintiffs may "rest [their] arguments on the pleadings, 'bolstered by such affidavits and other written materials as [they] can otherwise obtain[10].'" See *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010) (quoting *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005).

---

[10] The hostility towards Greek Cypriots consisting of the Plaintiffs and the Class by Turkish or TRNC authorities has been documented in the US Court of Appeals. *See Autocephalous Greek Orthodox Church of Cyprus, et al v. Goldberg, et al, 917 F.2d 278 (7th Cir. 1990*) (the court rightfully resolved the title issue in favor of the Church of Cyprus over the TRNC which is the same issue present on this appeal).

There are two types of personal jurisdiction that a court can exercise, general jurisdiction and specific jurisdiction. Both[11] basis of personal jurisdiction were at issue before the district court. Due to changes in the law occurring during the pendency of the litigation, specific jurisdiction is the sole focus of this appeal[12].

## 1. Specific Jurisdiction Under The District of Columbia Long Arm Statute, § 13-423.

To establish specific personal jurisdiction over a non-resident, the court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." See *GTE New Media Servs. v. BellSouth Corp.*, 199

---

[11] A court may assert jurisdiction over a foreign defendant "to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum state.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (*quoting Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)); *see also Goodyear*, 131 S. Ct. at 2853 (*quoting International Shoe v. Washington*, 326 U.S. 310, 318  (1945) (General jurisdiction consists of ''instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'')

[12] Plaintiffs were not provided any discovery for any defendants and note the court in *Daimler AG v. Bauman*, 134. S. Ct. 746 (2014) provide jurisdictional discovery to the plaintiff prior to dismissal. Plaintiffs' direct the court's attention to the Certificate of Occupancy which states there is a change in ownership in the realty used as office space operating as the TRNC offices used to employ and direct activities unrelated to US Government contacts as further stated herein. Owning real property (or bank accounts through HSBC in Washington DC) is a basis for exercising general jurisdiction, through proxies like the representatives Hilmi Akil, Osman Ertug, and others named and unnamed individuals identified in this brief and/or the Joint Appendix.

F.3d 1343, 1347 (D.C. Cir. 2000).  The District of Columbia Long Arm Statute, §

13-423, and its relevant sections applicable to the TRNC, provides that a District of

Columbia court may exercise personal jurisdiction over a person, who acts directly

or by an agent, as to a claim for relief arising from the person's -- (1) transacting

any business in the District of Columbia; … (3) causing tortious injury in the

District of Columbia by an act or omission in the District of Columbia; (4) causing

tortious injury in the District of Columbia by an act or omission outside the District

of Columbia if he regularly does or solicits business, engages in any other

persistent course of conduct, or derives substantial revenue from goods used or

consumed, or services rendered, in the District of Columbia; (5) having an interest

in, using, or possessing real property in the District of Columbia.

        "[W]hen ruling upon personal jurisdiction without an evidentiary hearing, a

court ordinarily demands only a prima facie showing of jurisdiction by the

plaintiffs." *See Mwani v. bin Laden*, 368 U.S. App. D.C. 1, 6, 417 F.3d 1, 6 (2005).

In addition, the benefits of jurisdictional discovery denied to Plaintiffs' by the

district court was provided by the court in *Daimler* prior to dismissal.

        Under D.C. Code § 13-423(a)(1) specific jurisdiction "requires a nexus

between a foreign corporation's particular contact with the District of Columbia

and the claim that the plaintiff asserts." *Id. (citing Novak-Canzeri v. Saud*, 864 F.

Supp. 203, 206 (D.D.C. 1994)).  "[The] 'transacting any business' clause has been

interpreted to provide jurisdiction to the full extent allowed by the Due Process Clause." *See United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995); *see also Brunson v. Kalil & Co.*, 404 F. Supp. 2d 221, 237 (D.D.C. 2005). "Transacting business" therefore requires that the TRNC "purposefully avail[ed] itself of the privilege of conducting business within the forum state" and that it has established sufficient minimum contacts in the forum state so that it "should reasonably anticipate being haled into court there." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985); *see Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 43 (D.D.C. 2003).

The TRNC caused tortious injury in the District of Columbia by an act or omission in the District of Columbia when it falsely portrayed the property belonging to the Plaintiffs and the Class as being owned by TRNC, or as the TRNC having power to issue title to the property, all the while denying plaintiffs their property rights on the basis of race or ethnicity. *See D.C. Code § 13-423(a)(3).*

Under D.C. Code § 13-423(a)(4), the TRNC has sufficient minimum contacts if it regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.  The TRNC has admitted that it prints and distributes tourism maps with commercial aspects to its

customers/visitors in the District of Columbia. These benefit the TRNC and harm the rights of the Plaintiffs and the Class.  By creating the content and maintaining its DC website directing traffic to the TRNC office in the District of Columbia, and the fact that customer visitors do visit the office and are provided maps for tourism purposes, demonstrates that TRNC regularly does or solicits business, engages in any other persistent course, JA7, JA74, JA126, JA152, JA154, JA158, JA240, JA179 [D.I., 30] ¶¶  In addition, the HSBC banking transactions or property purchase inquiries made to the TRNC's office in the District of Columbia also suggest that TRNC may derive substantial revenue from services rendered in D.C. Without discovery, Plaintiffs' have been at a disadvantage due to the TRNC's lack of transparency. Meanwhile, the TRNC is allowed to submit substantial affidavits which interestingly never deny the ownership or maintenance of HSBC bank accounts in the District of Columbia, nor the conspiratorial relationship between the TRNC and the HSBC defendants regarding banking transactions involving the properties of the Plaintiffs and the Class, JA179 [D.I. 30] ¶¶  A discovery deposition of one affiant, Hilmi Akil, would have yielded answers regarding the HSBC financial transactions occurring or involving the US and the District of Columbia to support jurisdiction, but jurisdictional discovery was denied.

The TRNC uses, possesses and/or has an interest in real property in the District of Columbia D.C. Code § 13-423(a)(5). The TRNC leases, if not owns, the

office space where it is located in D.C. and from where it operates its website. Its

functions are not related to federal government contacts. It promotes tourism and

provides visitors to the DC office with maps to identify for sale properties, which

actually belong to the plaintiffs' and the Class, JA179, JA74, JA126, JA152,

JA154, JA158 [D.I. 30] TAC ¶¶,  Akil Affid**.**

The TRNC intends to deceive the public of the District of Columbia, US and

throughout the world, while continuing to harm the property rights of the Plaintiffs

and the Classes. An example was the advertising and marketing of the U.S.

singer/actress Jennifer Lopez by the TRNC to host the grand opening of the Cratos

hotel and casino that unbeknownst to Ms. Lopez was erected on property

belonging to displaced Greek Cypriots (who would be a members of the Class) in

this matter. Ms. Lopez cancelled her performance after being informed of the

history of the TRNC and TURKEY towards civilians [Greek Cypriots consisting of

the Plaintiffs and the Class] of the Republic of Cyprus, and stated she "would

never knowingly support any state, country, institution or regime that was

associated with any form of human rights abuse[13]."  JA179 [D.I. 30] at 91(TAC-

Nature of the Case)

---

[13] (See http://www.hurriyetdailynews.com/n.php?n=jennifer-lopez-scraps-cyprus-concert-after-pressure-report-2010-07-09).

**A.     Personal Jurisdiction[15] Over the TRNC is based on Non US Government contacts, its Agent's Affidavit[16] and published website materials that are based on or relate to the Plaintiffs' cause of action, in that the property belonging to the Plaintiffs' and the Class are falsely advertised as abandoned or made available for purchase through TRNC titles.**

The TRNC, through the use of alleged 3rd persons[17] and the HSBC Group banking system, harms the rights of US citizens and others consisting of the Plaintiffs' and the Class arising or relating to contacts in the District of Columbia or the US. The "TRNC" through its agents are pervasive, systematic and continuous in the District of Columbia and the United States since the 1990's that includes references to it as an embassy, government, "defacto" state or republic, that include seeking litigation in federal court in 1989 on property regarding the same subject matter in this case, including appeal in 1990 to the US Court of Appeals for the 7th Circuit, hiring attorneys, banking transactions with HSBC, website development for a DC based website unrelated to US Government contacts, hiring employees, meeting with individuals and members of the public which included individuals seeking to buy property at the DC office, advertising

---

[15] The TRNC's Motion to Amend the Caption and its Reply before this court is a waiver of or consent to personal jurisdiction as it goes beyond the limited appearance to challenge personal jurisdiction. By making arguments about how it is perceived or prejudiced by the moniker imputed to it in the District of Columbia.
[16] Hilmi Akil.
[17] Including but not limited to HSBC Bank A.S and the corresponding HSBC USA who are obligated under the Banking Secrecy Act to perform due diligence and identify money laundering operations but have failed to do so regarding the activities of the TRNC.

property, Tips to buy property, how to buy property, explaining property laws, including property belonging to displaced Greek Cypriots and a false history that the properties were abandoned that is portrayed on the trncwashdc.org website directing members of the public to the DC office.  JA7, JA16-23, JA240, JA283, JA25 [D.I. 14]  ¶¶ 2,3,8,9,10, 17-21, 31, 34, 35, 39-42, 45-60, 64-71; [D.I. 20, 21-23] (Opp. to Mot to Dism. Exhibits 1-20) – 1-20; D.I. 15-2  (Mot to Dism., Ex. 2 Hilmi Akil Affidavit), D.I. 26-1 (Hilmi Akil Supplemental Affid.).  Mr. Akil admits in his affidavit to publishing articles in the Washington Times which is a local DC newspaper directed to residents of the District of Columbia.

The "TRNC" through its agents has engaged in the following, unrelated to U.S. Government contacts and activities[18] in the District of Columbia:

1)      Hiring employees from the US and abroad as representatives or staff to the District of Columbia , leasing office space[19], hiring and paying lawyers, letterhead, interactive website, phone, email, facsimile, publishing and distributing maps (with commercial information including hotels)  and a DC postal address, writing letters to DC newspapers, speaking at universities , leasing or owing offices space, appointing TRNC representative who are US business owners. JA74, JA126, JA152, JA154, JA158, JA240, JA248, JA270, JA271, JA283 [D.I. 46-1, 11-12], (Opp. to Mot to Dism. Exs. 1, 11-12).

---

[18] JA25 [D.I. 14] ¶¶ 2,3,8,9,10, 17-21, 31, 34, 35, 39-42, 45-60, 64-71;  D.I. 14 -2, 4, 5-8, JA179 [D.I. 30] ¶¶ 36, 40, 41, 42, 43, 44, 45, 47, 48, 49,50, 51-57, 61-145
[19] and possibly owning property as stated in the Certificate of Occupancy in the District of Columbia. JA179 [D.I. 30] at 115.

2)      Involved in the Small Business Administration's "Entrepreneur" conference material of April 2006.  D.I. 46- 9  (Pls' Memo. Opp., Ex. 9- Entrepreneur- pp, 60 and 66 in fn. 10, 16.

3)      Maintains banking accounts and conducts transactions with HSBC and HSBC USA and its network of institutions under its name and logo that assist in marketing, sale, advertisement, financing, of properties belonging to the Plaintiffs and the Class, JA270, JA240 JA25 [D.I. 14] ¶¶ 2,3,8,9,10, 17-21, 31, 34, 35, 39-42, 45-60, 64-71.

4)      Maintained an operated a website directing members of the public to its office in Washington DC with an internet address of www.trncwashdc.org clearly identifying itself in the District of Columbia since the 1990's as admitted by the Defendant, [D.I. 20], 21-23 (Opp. to Mot to Dism. Exhibits 1-20) – 1-20; JA126, JA 74 [D.I. 15-2]  (Mot to Dism., Ex. 2 Hilmi Akil Affidavit), JA158 [D.I. 26-10 (Hilmi Akil Supplemental Affid.

5)      The trncwashdc website was designed to direct customers/visitors to the TRNC office. The website content included forms and information for purchasing property, and other commercial acts, airline fares, cruises, banking transactions, tourism, hotels, laws, and the address of the Washington DC office and contact information. The trncwashdc.org website was interactive and had substantial visitors, Id.

6)      TRNC in agreement with and through the HSBC defendants, transfers monies to and with whom it conducts business transactions and maintains bank accounts, to at least pay the over $300,000.00 expenses run through its DC office that paid for the construction, deployment, maintenance and operation of the trncwashdc.org website since 1996 and pays to create manufacture, print and distribute maps to members of the public in the District of Columbia residents, and other visitors, which website and maps identify the property belonging to the TRNC to the detriment of the Plaintiffs and the Class, Id.

7)      The TRNC has authorized a West Coast representative (who happens to be a business man and operating a substantial company)

and a NY Representative all using the title of representative of the "Turkish Republic of Northern Cyprus" that has been alleged to advertise, sell, finance, market properties belonging to the Plaintiffs and the Class, JA175 [D.I. 20-2,11,14 – 16]; JA179 [D.I. 30] ¶¶ 36-57, 83-136.

8)    Mr. Akil admits that the "TRNC" office in Washington DC has been in contact (via e-mail, telephone and the U.S. mail) with business visitors in the District of Columbia, JA74, JA126, JA152, JA158, JA240, JA248, JA283 [D.I. 15-2, 20, 26-1] ( Akil Affid. ¶¶ 16, 23, 25 and 31).

9)    The HSBC Bank A.S operating in the occupied areas of the Cyprus under the "TRNC" authority and for its benefit, does facilitate the fraudulent property scheme by using the HSBC correspondent bank in the USA to launder monies to and from HSBC accounts including those belonging to TRNC agents[20] in the District of Columbia and from the areas it illegally controls affecting the rights and property of the Plaintiffs and the Class, JA179 [D.I. 30] ¶¶ 36, 40, 41, 42,43, 44, 45, 47, 48, 49,50, 51-57, 61-67, 83-136.

10)    The TRNC through its agents, use monies obtained from HSBC USA accounts to hire individuals to create a website, with content, and publish the content dedicated to non US Government contacts to further the commercial activities of the TRNC that includes banking, tourism, hotel accommodations and purchasing properties, which properties include those belonging to the Plaintiffs and the Class, with directed to individuals in the District of Columbia and to the offices of the TRNC in Washington DC that customers/visitors patronize. These customers/visitors to the District of Columbia TRNC office are provided information about purchasing property or tourist maps, JA16-23, JA74, JA126, JA152, JA154, JA158, JA175, JA240, JA248, JA270, JA271, JA283 [D.I. 15-2, 20, 26-1] (Akil Aff. ¶¶ 16, 23, 25, 31).

11)    TRNC promotes tourism, air fare and hotel accommodations which is a commercial activity by having maps available for its customers

---

[20] Including Mr. Akil and other representatives who are used to funds activities unrelated to US Government contacts.

containing commercial information intended for distribution to customers or are available for them at the "coffee table" in the District of Columbia. Id.

12) Mr. Akil admits that visitors to the DC office seek to purchase property that would presumably include property owned by displaced Greek Cypriots or their families that is published, advertised and marketed as owned by the TRNC, and that they were allegedly "abandoned" by Greek Cypriots and that the TRNC will issue title to property to any investor, and provides them the forms to complete to obtain the TRNC titled property, is false deceptive and unrelated to US government contacts but clearly related to the claims of the Plaintiffs and the Class all occurring in the District of Columbia, Id. ¶ 25. ; JA74, JA126, JA158, JA179 [D.I. 30] TAC ¶¶ 107.

13) Direct affect of Money Laundering Operations in the US Banking system through banks in TRNC. JA7, [D.I. 14 ¶ 48, 14-2] (SAC, Exhibit B- US Dept. of Treasury- Office of Terrorism; U.S. Mission to EU Statement dated August 24, 2004; US Dept. of Treasury Financial Crimes Unit dated March 20, 2008).

**B.   Conspiracy Theory Based Jurisdiction allows the Acts of HSBC to be imputed to the TRNC to Establish Personal Jurisdiction.**

Under the "conspiracy theory of jurisdiction," "acts within the forum of one co-conspirator in furtherance of an alleged conspiracy, subject a non-resident co-conspirator to personal jurisdiction." See *Mandelkorn v. Patrick,* 359 F.Supp. 692, 696 (D.D.C.1973); *See Dooley v. United Technologies Corp.*, 786 F. Supp. 65, 78 (D.D.C.1992). Thus, in order to succeed on the conspiracy theory, plaintiff must allege 1) the existence of a conspiracy of which the defendants were members and 2) overt acts committed in the District of Columbia in furtherance of the

conspiracy. *See Dorman v. Thornburgh*, 740 F. Supp. 875, 878 (D.D.C.1990), *aff'd in part and appeal dismissed in part*, 955 F.2d 57 (D.C.Cir. 1992); *Hasenfus v. Corporate Air Servs.*, 700 F.Supp. 58, 62 (D.D.C.1988). However, "[b]ald speculations that defendants are alleged co-conspirators do not constitute a threshold showing necessary to carry the burden of establishing personal jurisdiction" over nonresident defendants under District of Columbia law. *Hasenfus*, 700 F. Supp. at 58.

Plaintiffs' and the Class have alleged sufficient facts detailing how the TRNC and HSBC Bank A.S or HSBC PLC through its correspondent bank HSBC Bank USA N.A., located in the US conspire to launder and transfer monies through the US banking system into Washington DC or otherwise assist the TRNC to maintain, operate or fund its operations worldwide and in DC that include(s) hiring employees, printing maps for commercial purposes, the financing of the websites and its false or deceptive content directly related to purchasing property and issuing title to property belonging to the Plaintiffs' and the Class and that such properties were abandoned**,** JA179 [D.I. 30] ¶¶ 83-111**.** Moreover, the defendants concerted actions and agreement formed a civil conspiracy violate the Bank Secrecy Act from conduct in the District of Columbia or within the US as the illegal benefits procured from the sales of illegal property or tourism occurring on property belonging to the Plaintiffs and the Class are transferred to and from, by

and between, HSBC A.S. or HSBC Holdings PLC through HSBC USA and to the

TRNC Washington DC office through its HSBC bank accounts controlled or

maintained by the TRNC, through its agents,[21] in Washington DC.

   Even absent minimum contacts, personal jurisdiction will still be found if

the defendant expressly or implicitly consents to suit in the forum state. *See Ins.*

*Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)

(discussing "constructive consent" and noting, "[b]ecause the requirement of

personal jurisdiction represents first of all an individual right, it can, like other such

rights, be waived"). By hiring employees, representatives or lobbyists conducting

commercial acts in the District of Columbia or nationwide is constructive if not

expressed consent to the personal jurisdiction of the courts in the District of

Columbia, especially when the TRNC obtains a certificate of occupancy

purposefully availing itself of the laws and benefits of the District of Columbia

while stating it is doing business as a non profit entity that assumes it relies on tax

payers funds and federal assistance which has not been denied by the TRNC, is

such a waiver or consent.  Moreover, the TRNC's maintenance, control and use of

HSBC bank accounts in the District of Columbia, leasehold if not ownership of

realty in the District of Columbia, is further proof or consent or waiver by its

purposeful directed acts seeking the benefits of the District of Columbia, unrelated

---

[21] The TRNC agents' actions in New York and/or California are imputed to it
under the nationwide contacts test under FRCP 4k.

to US Government Contacts that establishes personal jurisdiction.

## C.  An Unincorporated Association Can Be Sued In Its Own Name.

The court also suggest that it is unlikely the TRNC has the capacity to be sued for state law claims in the District of Columbia, given the plaintiffs' repeated insistence that the TRNC is an "unincorporated association" D.I. *53* ¶¶ 4-5, fn.6. *citing Millenium Square Residential Ass'n v. 2200 M St., LLC*, 952 F. Supp. 2d 234, 243 (D.D.C. 2013) (quoting *Plan Comm. v. Pricewaterhousecoopers, LLP*, 2007 WL 1191917, at *3-4 (D.D.C. Apr. 20, 2007)) ("[T]he common law of the District of Columbia is that an unincorporated association may not be sued in its own name"); see also FED. R. CIV. P. 17(b)(3).

As the court has correctly identified the plaintiffs' have filed a class action, which under Federal Rule 23 allows an unincorporated association to be sued in its common name when a federal question or statute is the basis of the subject matter as is the case here. *See* FED. R. Civ. P. 23(a). "One or more members of a class may sue or be sued as representative parties on behalf of all ...." Even the supplemental state law claims would be viewed differently under Rule 23, that would not affect this appeal. *See United States v. Trucking Employers, Inc., II and III, 72 F.R.D. 101, 105-07 (D.D.C. 1976) and 75 F.R.D. 682, 687-91 (D.D.C. 1977).*

Exercising personal jurisdiction over a non resident defendant by having the

requisite contacts for at least one defendant or creating a defendant class for

personal jurisdiction has been employed in civil rights cases[23] and in actions

against unincorporated associations, such as labor unions. *See WRIGHT &*

*MILLER. FEDERAL PRACTICE & PROCEDURE: CIVIL § 1770, at 659 (1972)*.

### D.   TRNC's Nationwide Contacts Sufficient For Personal Jurisdiction.

Pursuant to Rule 4(k)(2), which states that service establishes jurisdiction if

"the defendant is not subject to jurisdiction in any state's courts of general

jurisdiction" and "exercising jurisdiction is consistent with the United States

Constitution and laws." Fed. R. Civ. P. 4(k)(2).  Under this provision, Plaintiffs are

not required to show that there is no jurisdiction in any state court over the TRNC.

*See Mwani*, 417 F.3d at 11. Because the TRNC "does not concede to jurisdiction in

another state, [this C]ourt may use 4(k)(2) to confer jurisdiction.'' *Id*. "Whether the

exercise of jurisdiction is 'consistent with the Constitution' for purposes of Rule

4(k)(2) depends on whether a defendant has sufficient contacts with the United

States as a whole to justify the exercise of personal jurisdiction under the Due

Process Clause of The Fifth Amendment." *Id.* Accordingly, the inquiry in this case

is whether the TRNC has sufficient contacts with the United States as a whole.

---

[23] Note, Damages in Class Actions: Determination and Allocation 10 B.C. INDUS. & COM. L. REV. 615, 619 (1969).

The TRNC has contacts[24] throughout the US as described herein that are not related to US Government contacts such as in Maryland where Mr. Akil has a residence, the ownership, maintenance and control of HSBC bank accounts or funds through HSBC USA, the hiring of a website designer allegedly located in Towson Maryland, which website falsely publishes on the internet and media that it was abandoned property and now claimed it nationalized the property and belongs to its offices in NY where the US Government contacts exception would be non existent, as well as the hiring of a Turkish Cypriot NJ attorney, to serve as local counsel with an Indiana Law Firm in seeking to claim ownership of property that was smuggled and trafficked under the TRNC or its predecessor's control from displaced Greek Cypriots, the Church of Cyprus. *See Autocephalous Greek Orthodox Church, et al v. Goldberg, et al*, 916 F.2d 278 (7th Cir. 1990); *See also Autocephalous Greek Orthodox Church v. Goldberg*, 717 F. Supp. 1374  (IN. 1989).

## II.   WHETHER THE COURT ERRED IN NOT FINDING PLAINTIFFS' STATED A CAUSE OF ACTION AGAINST THE HSBC DEFENDANTS-APPELLEES.

---

[24] The contacts include those previously mentioned and imputed HSBC Group contacts within the USA, including the TRNC bank accounts, and that HSBC USA serves as a registered agent in the US under the BSA for the HSBC Holdings, PLC and HSBC A.S operating under the control or authority of the TRNC.

The liability of the HSBC defendants and HSBC Group is supported by the Bank Secrecy Act, Title 31, United States Code, Section 5311 et seq. (the "BSA"), and its implementing regulations to address an increase in criminal money laundering activity through financial institutions. The BSA sets forth the minimum duties that were breached by the HSBC defendants that allowed transactions to occur affecting the rights of the Plaintiffs and the Class while furthering the fraudulent property scheme of the TRNC which used the US banking system to do so and is a source and/or the manner in which the TRNC office in Washington DC receives its funding, JA179 [D.I. 30] ¶¶ 42-107, 133-136. Among other things, the BSA requires domestic banks, insured banks, and other financial institutions such as HSBC to maintain programs designed to detect and report suspicious activity that might be indicative of money laundering, terrorist financing, and other financial crimes, and to maintain certain records and file reports related thereto that are especially useful in criminal, tax, or regulatory investigations or proceedings.

The HSBC bank in the occupied areas of Cyprus alleged to be in the "TRNC" uses the HSBC Group members, including HSBC Bank A.S. to launder the monies through the HSBC USA[26] correspondent bank and has appointed the defendant HSBC USA to act as an agent for service of process in the United States as required by the BSA. Since the HSBC USA coordinates bank accounts for the

_____

[26] HSBC USA is the registered agent for HSBC A.S. and HSBC Holdings, PLC under the BSA.

TRNC (through its agents including those in Washington, DC) and transactions and for its benefit through these illegal transactions, then HSBC USA's personal jurisdictional contacts and that of HSBC A.S which has appointed HSBC USA as its registered agent should be imputed to the TRNC to establish co-conspirator personal jurisdiction.

Through the use of alleged 3rd persons[27] who are actually agents of the TRNC, and with the aid and assistance of the HSBC defendants and their banking system, the TRNC navigates it's way through the laws of the civilized world to harm the rights of US citizens and others consisting of the Plaintiffs' and the Class while it protects outlaws. Pursuant to Title 31, United States Code, Section 5318(h)(1) and Title 12, Code of Federal Regulations, Section 21.21, HSBC Bank USA was required to establish and maintain an anti-money laundering ("AML") compliance program that, at a minimum, provides for: (a) internal policies, procedures, and controls designed to guard against money laundering; (b) an individual or individuals to coordinate and monitor day-to-day compliance with the BSA and AML requirements; (c) an ongoing employee training program; and (d) an independent audit function to test compliance

---

[27] Including but not limited to HSBC Bank A.S and the corresponding HSBC USA is obligated under the Banking Secrecy Act to perform due diligence and identify money laundering operations like the ones occurring to the detriment of the Plaintiffs and the Class while benefiting from the TRNC scheme through its US based bank accounts with HSBC. JA179 [D.I. 30] ¶¶ 42-136.

programs. Pursuant to Title 31, United States Code, Section 5318(i)(1), banks that manage private banking or correspondent accounts in the United States for non-U.S. persons must establish due diligence, and, in some cases, enhanced due diligence, policies, procedures, and controls that are designed to detect and report suspicious activity related to certain specified accounts. For foreign correspondent accounts, the implementing regulations require that the due diligence requirements set forth in Section 5318(i)(1) include an assessment of the money laundering risk presented by the account based on all relevant factors, including, as appropriate: (i) the nature of the foreign financial institutions' business and the market it serves; (ii) the type, purpose, and anticipated activity of the account; (iii) the nature and duration of the bank's relationship with the account holder; (iv) the AML and supervisory regime of the jurisdiction issuing the license for the account holder; and (v) information reasonably available about the account holder's AML record.

## III.   WHETHER THE COURT ABUSED ITS DISCRETION BY DENYING PLAINTIFFS' JURISDICTIONAL DISCOVERY.

The plaintiffs requested jurisdictional discovery to "show the full extent of [the TRNC's] contacts and representation made on the website, along with banking and information relevant and indicative of its nature of business in the District of Columbia, including meetings, visitors, loans, payments, articles, speaking

engagements and business."  JA7, JA16, JA19, JA20, JA23, JA54, JA74, JA126,

JA54, JA152, JA158 [D.I. 15-2, 26-1] (Akil Aff. ¶¶  16, 23, 25, 31); D.I. 20 ¶¶ 12-

13, 15, 17 n.11**.**  Such jurisdictional discovery "lies within the district court's

discretion," *Goodman Holdings v. Rafidain Bank*, 26 F.3d 1143, 1147 (D.C.  Cir.

1994), However, discovery is appropriate "if it could produce facts that would

affect [the court's] jurisdictional analysis." *See Al Maqaleh v. Hagel*, 738 F.3d 312,

325-26 (D.C. Cir. 2013).   Jurisdictional discovery is not appropriate, however, "in

the absence of some specific indication regarding what facts additional discovery

could produce." Id. The plaintiffs therefore must "demonstrate with plausible

factual support amounting to more than speculation or conclusory statements that

discovery will uncover sufficient evidence" to establish personal jurisdiction. *See*

*Simon v. Republic of Hungary*, 2014 WL 1873411, at *41 (D.D.C. May 9, 2014);

*see, e.g., El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 671 (D.C. Cir. 1996),

*abrogated on other grounds by Samantar v. Yousef*, 560 U.S. 305 (2010) (plaintiff

was entitled to jurisdictional discovery based upon evidence of specific

transactions by defendant bank in the forum).

The district court abused its discretion to deny jurisdictional discovery as it

disregarded alleged contacts demonstrating a good faith basis existed. Personal

jurisdiction could be established from the TRNC held HSBC bank accounts or in

Mr. Akil's affidavit where there is sufficient evidence of non US Government

contacts[29].  The TAC stated that, the TRNC through its agents created, owned,

controlled and maintained a website, trncwashdc.org that is obviously directing

web users including those in the District of Columbia to its website and offices,

and according to Mr. Akil hired an independent contactor allegedly from Maryland

to create the website and host the content for its office located in the District of

Columbia, which content includes buying property belonging to displaced Greek

Cypriots which consists of the Plaintiffs and the Class.

      The TRNC further admitted through its representative that members of the

public, presumably from the District of Columbia, do come to its office in DC that

has nothing to do with communicating with the federal government.  Furthermore,

The TRNC admits that some of the members of the public presumably from the

District of Columbia seek to purchase property that again is not a government

contact. These contacts which are non governmental in nature are enough for the

court to exercise personal jurisdiction on its face, but at a bare minimum are

enough to establish a good faith basis to allow jurisdictional discovery on the

HSBC bank accounts owned or operated by the TRNC through its agents, and the

HSBC USA transactions as a correspondent bank related to the subject matter of

the claims of the Plaintiffs and the Class that demonstrate contacts sufficient for

---

[29] TRNC Customers or visitors seeking to buy property, maps with commercial information being published and distributed to customer/visitors in the District of Columbia Office of the TRNC; $300,000 being held in bank accounts maintained in HSBC accounts allegedly to operate its DC office.

this court to exercise personal jurisdiction. *See Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)(good faith belief); *see also Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 11 (D.D.C. 2009) (holding that [j]urisdictional discovery … is justified only if the plaintiff reasonably 'demonstrates that it can supplement its jurisdictional allegations through discovery.'") (*quoting Kopff v. Battaglia*, 425 F. Supp. 2d 76, 89 (D.D.C. 2006)).

At the early stage of litigation and before discovery, plaintiffs cannot be expected to have complete knowledge of an alleged conspiracy or concealed facts of fraud in area controlled by individuals who discriminate against the Plaintiffs and the Class by selling their properties under the fraudulent property scheme described.  In opposition to defendants' motions to dismiss, plaintiffs asserted that "[t]he Court should deny the motions to dismiss by the TRNC and HSBC defendants prior to discovery." D.I. 20.  The District of Columbia Circuit also supports the Plaintiff's position that discovery should have been provided prior to dismissal on jurisdiction. See *Naartex Consulting Corp. v. Watt*, 722 F.2d 779 (D.C.Cir.1983), *cert. denied sub nom.*, *Naartex Consulting Corp. v. Clark*, 467 U.S. 1210 (1984) *and Edmond v. United States Postal Serv. Gen. Counsel*, 953 F.2d 1398 (D.C.Cir.1992) *(*per curiam). In *Edmond*, then-Circuit Judge Ruth Bader Ginsburg noted the importance of affording a plaintiff "ample opportunity" to take

discovery relevant to personal jurisdiction before dismissing a claim against a defendant. However, the court did need not decide whether plaintiff was abided a fair opportunity to pursue discovery keyed to the issue of personal jurisdiction because the court found that plaintiff's claim of conspiracy is sufficient to maintain personal jurisdiction.

## III.   THE COURT ABUSED ITS DISCRETION BY DENYING LEAVE TO FILE A THIRD AMENDED COMPLAINT.

The Plaintiffs' requested leave to amend their complaint for a third time which was denied based on futility. See DI  "The grant or denial of leave to amend is committed to the sound discretion of the district court." *See Triad at Jeffersonville I, LLC v. Leavitt*, 563 F. Supp. 2d 1, 11 (D.D.C. 2008) *(citing Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). While leave to amend a complaint should be freely granted when justice so requires, see FED. R. CIV. P. 15(a)(2), the Court may deny a motion to amend if such amendment would be futile, *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Based on the allegations made in the TAC,  the Plaintiffs' properly alleged sufficient facts namely that HSBC and the "TRNC", entered into a conspiracy, by agreement or assisted the other by allowing HSBC bank accounts with a nexus to the District of Columbia to be used to launder monies obtained through transactions upon property, titled by or alleged to be owned by the TRNC or its agents but in reality belong to the plaintiffs and the Class that can be further

identified with specificity from limited discovery which information is in the

exclusive control of defendants.

## CONCLUSION

For the reasons stated above the decision of the District Court should be reversed.

Dated:       August 10, 2015            Respectfully submitted,
             Washington, DC


                                        Tsimpedes Law Firm


                                        /s/Athan T. Tsimpedes
                                         DC Bar No. 45232
                                        1200 New Hampshire Avenue, N.W.,
                                        Suite 725A
                                        Washington, D.C. 20036
                                        Ph: 202-464-9910
                                        Fax: 202-747-2947
                                        athan@tsimpedeslaw.com
                                        *Attorney for Plaintiffs and the Classes*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   (i)     this brief contains [7509] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); and

   (ii)    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using *Microsoft Word 2010* in *14pt Times New Roman*

Dated: August 10, 2015           /s/ Athan T. Tsimpedes
                                 *Counsel for Appellants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 10th day of August, 2015, I caused this Brief of

Appellants to be filed electronically with the Clerk of the Court using the CM/ECF

System, which will send notice of such filing to the following registered CM/ECF

users:

David S. Saltzman                     Edward Brian MacAllister
Saltzman & Evinch, PC                 Perles Law Firm, PC
1050 K Street, NW, Suite 1150         1050 Connecticut Avenue, NW, 10th Floor
Washington, DC 20001                  Washington, DC 20036
(202) 637-9877                        (202) 955-9055
dsaltzman@saltzmanevinch.com          emacallister@perleslaw.com

*Counsel for Appellee Turkish Republic of Northern Cyprus*

Michael O. Ware                       Paul Whitfield Hughes
Mayer Brown LLP                       Andrew John Pincus
1221 Avenue of the Americas           Mayer Brown, LLP
New York, NY 10020                    1999 K Street, NW
(212) 506-2500                        Washington, DC 20006-1101
mware@mayerbrown.com                  (202) 263-3000
                                      phughes@mayerbrown.com
                                      apincus@mayerbrown.com

*Counsel for HSBC Holdings PLC, HSBC Bank USA, N.A.*

I further certify that I caused the required copies of the Page-Proof Brief of

Appellants to be hand filed with the Clerk of the Court.

/s/ Athan T. Tsimpedes
*Counsel for Appellants*