IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-03043-RM-STV

SHELLEY LEVINE, *et al.*,

                Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian
National Authority"),

                Defendants.

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated May 9, 2022 (DE 48) and the extension granted by the Court on November 28, 2022 (DE 79), Plaintiffs Shelley Levine, et al., and Defendants the Palestine Liberation Organization and the Palestinian Authority (collectively "Parties") submit the following status report advising the Court of their positions as to the timing of a scheduling conference:

    1.    This action was filed on November 11, 2021 (DE 1).

    2.    On November 15, 2021, Magistrate Judge Varholak entered an order setting a scheduling conference for January 19, 2022 (DE 10).

    3.    On December 30, 2021, the Parties moved to adjourn the scheduling conference until after March 21, 2022 (DE 21). The Parties made this request because on or before February

21, 2022, Defendants intended to move to dismiss the action for lack of personal jurisdiction, among other grounds, and in connection with the anticipated motion, the Parties had agreed that Defendants would provide Plaintiffs with certain documents potentially relevant to Defendants' challenge to personal jurisdiction (DE 21).

      4.      On January 3, 2022, the scheduling conference set for January 19, 2022, was vacated and reset for March 29, 2022 (DE 25).

      5.      On January 3, 2022, the Court also granted the Parties' motion for entry of a protective order (DE 26), entered the Protective Order (DE 27), and thereafter, Defendants produced agreed-upon jurisdictional discovery to Plaintiffs (DE 34).

      6.      On February 21, 2022, Defendants moved to dismiss the action for lack of personal jurisdiction and alternatively for failure to state a claim (DE 30).

      7.      On March 7, 2022, Plaintiffs sought an extension of time to respond to the motion to dismiss or to file an amended complaint, and the Parties also requested the Court to adjourn the March 29, 2022 scheduling conference and order the Parties to file a status report no later than May 11, 2022 to advise the Court of their respective positions as to the timing of a rescheduled conference (DE 34).  The Court granted these requests on March 8, 2022 (DE 36).

      8.      On May 9, 2022, the Parties informed the Court that Plaintiffs intended to file an amended complaint, Defendants intended to file a motion to dismiss the amended complaint, and the Parties proposed that they file a status report no later than seven days after the briefing on the anticipated motion to dismiss to advise the Court of their position(s) as to the timing of a rescheduled conference (DE 46).

9. On May 9, 2022, the Court granted the Parties' request and directed them to file a status report advising the Court of their positions as to the timing of a scheduling conference within seven days of the completion of briefing on Defendants' motion to dismiss the amended complaint (DE 48).

10. On May 13, 2022, Plaintiffs filed the Amended Complaint (DE 49/50).

11. On June 27, 2022, Defendants moved to dismiss the Amended Complaint for lack of personal jurisdiction and alternatively for failure to state a claim (the "Motion to Dismiss") (DE 58).

12. Briefing on Defendants' Motion to Dismiss was completed on November 14, 2022 (DE 76).

13. On November 28, 2022, the Court granted the Parties an extension of time, until December 7, 2022, to file a status report setting forth their positions on the setting of a scheduling conference (DE 79).

14. Having met and conferred on the issue, the Parties disagree regarding the setting of a scheduling conference and proceeding forward with merits discovery while Defendants' Motion to Dismiss under Rules 12(b)(2) and 12(b)(6) is pending. Their respective positions are set forth below.

**Defendants' Position**

15. For the sake of efficiency and in the interests of justice, the Court should defer setting a scheduling conference and should stay all proceedings in the case, including discovery, until it has ruled on Defendants' pending Motion to Dismiss, including the gating issue of whether

3

the Court has personal jurisdiction over Defendants as to Plaintiffs' claims in the Amended Complaint.

16. Plaintiffs' position that the Court should proceed forward with the scheduling conference and decide whether to stay discovery at some later date is without merit. It would be inefficient and a waste of the Court's and the parties' time and resources to conduct a Rule 26(f) conference, prepare and serve initial disclosures, prepare a scheduling report, and participate in a scheduling conference if the Court is going to stay merits discovery pending the outcome of Defendants' Motion to Dismiss. It would be unproductive for both the Court and the parties to devote time and resources to setting a discovery schedule, which could then be upended by a stay of discovery.

17. More importantly, proceeding forward as Plaintiffs propose risks irreparably prejudicing Defendants if it is ultimately determined that this Court has no personal jurisdiction over them. Thus, Defendants request that the Court first determine whether to temporarily stay discovery until the Court decides the Motion to Dismiss, including whether it may constitutionally exercise personal jurisdiction over Defendants, and only if discovery is not stayed, proceed forward with setting a scheduling conference. Defendants have set forth the bases for their request to stay discovery below; however, they are prepared to file a motion to stay discovery if further briefing on the issue would assist the Court.

18. Plaintiffs' statement below that Defendants have not conferred with them regarding the request to stay discovery pending resolution of the Motion to Dismiss is baseless. Defendants sought to avoid the current dispute over a stay in advance of this Joint Status Report by asking Plaintiffs' counsel on November 23, 2022 if they would agree to stay discovery pending resolution

of Defendants' Motion to Dismiss, particularly given Defendants' challenges to personal jurisdiction. In response, Plaintiffs' counsel stated that Plaintiffs wanted to proceed with disclosures and discovery while the Motion to Dismiss was pending. No further conference was necessary to crystallize the issue. Thus, Defendants have put their position in the Joint Status Report and offered to move to stay discovery.

19. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citation omitted).

20. In evaluating a request for a stay of proceedings, including discovery, the Court considers the following factors:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-2934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388 at *2 (D. Colo. Mar. 30, 2006) (applying these factors and ordering temporary stay of discovery because "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject [it] to undue burden or expense, particularly if the motion is later granted").

21. Applying the *String Cheese Incident* factors, this Court has routinely recognized the propriety of staying discovery pending the resolution of a motion that "raises a threshold jurisdictional challenge to the entire case." *Vora v. Dionne,* Case No. 22-cv-00572-CNS-MDB, 2022 U.S. Dist. LEXIS 195127, at *7 (D. Colo. Oct. 26, 2022) ("[G]iven the nature of the pending

5

motion to dismiss, requiring the parties to submit to full discovery at this time would potentially subject Defendants to undue burden and expense, especially if this case is ultimately dismissed and/or refiled in another forum with incongruent discovery obligations."); *Otter Prods., LLC v. Flygrip, Inc.,* Case No. 21-cv-03298-DDD-KLM, 2022 U.S. Dist. LEXIS 143998, at *7 (D. Colo. April 18, 2022) (finding that "burden on defendant is heightened where discovery proceeds while jurisdictional issues have yet to be resolved" and thus the "second *String Cheese Incident* factor weighs strongly in favor of staying discovery" in such circumstances); *Morrill v. Stefani*, Case No. 17-cv-00123-WJM-KMT, 2017 U.S. Dist. LEXIS 50161, at *3 (D. Colo. Mar. 13, 2017) (granting stay of discovery under *String Cheese Incident* factors and finding plaintiff's interest in proceeding forward with case "is overcome by the burden Defendants might face if they were forced to proceed with discovery only to have the case dismissed for lack of jurisdiction"); *Frederick v. Col-Terra Invs. XIV*, Case No. 17-cv-00410-MSK-STV, 2017 U.S. Dist. LEXIS 72125, at *2-4 (D. Colo. May 10, 2017) (staying discovery under *String Cheese Incident* factors pending ruling on motion to dismiss for lack of subject matter jurisdiction); *Sallie v. Spanish Basketball Fed'n,* Case No. 12-cv-1095-REB-KMT, 2013 U.S. Dist. LEXIS 132833, at *3-4 (D. Colo. Sept. 17, 2013) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved.").

22.   Further, this Court has previously found that a motion to stay discovery pending a ruling on a motion to dismiss for lack of personal jurisdiction also "implicates the issue of whether requiring Defendant to litigate this case *in this jurisdiction*--including engaging in discovery--would offend 'traditional notions of fair play and substantial justice' and constitutional due process." *E.I. Du Pont De Nemours & Co. v. Teflon Blood, Inc.,* Case No. 09-cv-02717-WDM-

6

KMT, 2010 U.S. Dist. LEXIS 56508, at *4 (D. Colo. May 13, 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Considering this additional issue under the *String Cheese Incident* factors, the Court found it to be "clear" that a temporary stay was warranted: "[I]f the district court were to conclude that this court has no personal jurisdiction over Defendant after this court required the parties to conduct discovery, then Defendant would likely be irreparably prejudiced by having engaged in expensive and burdensome discovery in a court that had no jurisdiction over it." *Id.* at *5 (citing *String Cheese Incident,* 2006 U.S. Dist. LEXIS 97388, at *2).

23. The Court in each of the above cases also found that the "third 'court convenience' factor weighs in favor of stay" when a jurisdictional motion is pending, as "judicial economy and resources would plainly be wasted if the Court allowed discovery to proceed, only to later determine that this case must be dismissed for lack of personal jurisdiction." *Vora,* 2022 U.S. Dist. LEXIS 195127, at *9. *See also Otter Prods.,* 2022 U.S. Dist. LEXIS 143998, at *8-9 (same); *Morrill,* 2017 U.S. Dist. LEXIS 50161, at *4 (same); *Frederick*, 2017 U.S. Dist. LEXIS 72125, at *4 (same); *Sallie,* 2013 U.S. Dist. LEXIS 132833, at *4 (same). Neither the Court's nor the parties' time is well-served "by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion implicating the court's jurisdiction is pending." *E.I. Du Pont De Nemours & Co.,* 2010 U.S. Dist. LEXIS 56508, at *6 (quoting *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC,* 508 F.3d 1062, 1064 (D.C. Cir. 2007)).

24. Here, a temporary stay of discovery pending the outcome of Defendants' Motion to Dismiss is warranted. First, as to the burden on Defendants, Plaintiffs ignore that because Defendants have challenged this Court's personal jurisdiction over them as to Plaintiffs' claims in

the Amended Complaint, "the question is not whether Defendant[s] will be burdened by submitting to discovery generally," but rather, whether requiring Defendants to litigate the case in this Court, including engaging in discovery, offends constitutional due process. *E.I. Du Pont De Nemours & Co.*, 2010 U.S. Dist. LEXIS 56508, at *4. As in *Du Pont*, Defendants are likely to be "irreparably prejudiced" and burdened if they are required to engage in any merits discovery in a court that does not have jurisdiction over them. *Id.* at *5. In other words, if this Court lacks personal jurisdiction over Defendants, having to participate in the discovery process at all (whether it be the Rule 26(f) conference, the submission of a scheduling report, or the participation in a scheduling conference) risks irreparably harming Defendants, regardless of the "scope, extent and types of discovery" being pursued by Plaintiffs. Thus, Plaintiffs' proposal, which essentially requires this Court to exercise jurisdiction over Defendants before there is a determination of whether it has personal jurisdiction over Defendants, will unduly and unfairly burden Defendants. *Powers v. Emcon Assocs.*, Case No. 14-cv-03006-KMT, 2015 U.S. Dist. LEXIS 84033, at *4 (D. Colo. June 29, 2015) (any interest that a plaintiff has in proceeding expeditiously with their claims is "outweighed by the burden Defendants [] would face if discovery were to proceed despite the outstanding issue of whether the court even has jurisdiction over them").

25.    Nor can Plaintiffs dismiss this irreparable harm as unlikely, as three separate courts have all concluded that they lack personal jurisdiction over Defendants based on similar allegations and theories to those asserted in the Amended Complaint. *See, e.g., Fuld v. PLO*, 578 F. Supp. 3d 577, 590 (S.D.N.Y. 2022); *Sokolow v. PLO*, 2022 U.S. Dist. LEXIS 43096 (S.D.N.Y. Mar. 10, 2022), *recon. denied*, 2022 U.S. Dist. LEXIS 107122 (June 15, 2022); *Shatsky v. PLO,* 2022 U.S. Dist. LEXIS 48721 (S.D.N.Y. Mar. 18, 2022).

8

26. Plaintiffs, on the other hand, will not be prejudiced. Defendants have already voluntarily provided them with jurisdictional discovery (DE 21), so Plaintiffs have not been prejudiced in their ability to respond to Defendants' Motion to Dismiss. And having waited over four years after filing other lawsuits related to the same attack at issue in the Amended Complaint, Plaintiffs cannot seriously argue that there is some urgency to obtaining merits discovery. *Heching v. Syrian Arab Republic*, No. 17-cv-01192 (D.D.C.) ("*Heching I*"); *Heching v. Islamic Republic of Iran*, No. 17-cv-01659 (D.D.C.) ("*Heching II*"). Plaintiffs do not even address the *Heching* cases. Notably, in *Heching I*, a default was entered by the Clerk on May 14, 2018, yet Plaintiffs did not take any further action until the D.C. district court issued a show cause order on November 8, 2021, over two years after the default was entered. *Heching I,* DE 17, 18. Likewise, in *Heching II,* a default was entered in the spring of 2018, but Plaintiffs failed to pursue their default judgment until the D.C. district court entered a show cause order on November 8, 2021. DE 14, 19. Plaintiffs then submitted declarations of each plaintiff in support of their default judgment motions, thereby presumably preserving any relevant testimony vis a vis this case. *Heching I,* DE 20; *Heching II,* DE 21.[1]

27. Moreover, even in this case, Plaintiffs have shown no hurry to move forward, taking six months to file their Amended Complaint and seeking to defer the scheduling conference until the Amended Complaint was filed and briefing on the Motion to Dismiss was concluded. Indeed, Plaintiffs failed to raise their alleged "concerns" discussed below over the testimony of

---

[1] Plaintiffs' excuse for their delay in filing (note 2 *infra*) is unpersuasive given how many other cases have been brought against the PA and PLO under multiple jurisdictional theories and given that Plaintiffs have opposed the Motion to Dismiss with jurisdictional arguments that were long ago rejected by other Circuits.

9

Defendants' officials or the preservation of documents until now – over a year after filing the lawsuit.

28. Finally, in addition and alternatively to Defendants' challenge to this Court's personal jurisdiction over them for the claims in the Amended Complaint, Defendants have separately moved to dismiss the causes of action in the Amended Complaint for failure to state a claim, which if granted would dispose entirely of this matter. This Court has further recognized the "efficiency and fairness of delaying the proceedings . . . pending resolution of a motion to dismiss that could resolve matters as to each Defendant in their entirety." *Carroll v. Jefferson Cty. Sheriff's Office*, Case No. 19-02132-RM-MEH, 2019 U.S. Dist. LEXIS 239925, at *4 (D. Colo. Oct. 8, 2019). "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* At *5 (cleaned up). *See also Nat'l Fed'n of the Blind v. PetSmart, Inc.*, Case No. 15-cv-00839-REB-KMT, 2015 U.S. Dist. LEXIS 143714, at *5 (D. Colo. Oct. 22, 2015) (granting defendant's motion to stay discovery and vacating the scheduling conference pending a ruling on an anticipated motion to dismiss, given that such a motion could potentially dispose of the matter).

29. There is no merit to Plaintiffs' suggestion below that Defendants should have deferred the Rule 12(b)(6) prong of their Motion to Dismiss and instead—and inefficiently—reserved their challenge to the legal sufficiency of Plaintiffs' claims for a 12(c) motion for judgment on the pleadings, which would be adjudicated under the same legal standards. If anything, Defendants' Rule 12(b)(6) arguments reinforce the wisdom of staying discovery pending resolution of Defendants' Motion to Dismiss, which demonstrated that, even apart from

Defendants' weighty jurisdictional challenges, Plaintiffs' claims are so legally scanty even as alleged that merits discovery is unwarranted. Equally, Plaintiffs' claims on their face show that the alleged connection between the attack at issue and Defendants' alleged conduct is so attenuated that there is no reason to expect that Defendants have documents that are responsive to the merits of Plaintiffs' claims. Defendants in any event are aware of and complying with their document preservation obligations.

30. Because Defendants' Motion to Dismiss presents multiple grounds for dismissal that would dispose of this action in its entirety, including because this Court lacks personal jurisdiction over Defendants, it would waste both party and judicial resources now to move forward with a scheduling order or discovery until the Motion to Dismiss is resolved. Aside from the potential waste of time and resources by the both the parties and the Court, Plaintiffs' proposal below, to address any stay of discovery after the parties discuss and prepare a discovery plan and scheduling report and after the Court holds a scheduling conference does not make sense because a discovery plan and case schedule that the parties and Court can adhere to cannot realistically be set if discovery is ultimately going to be stayed in the case. For this reason, courts routinely stay discovery pending resolution of a jurisdictional motion and defer the scheduling conference, if necessary, until after a decision on the pending dispositive motion. *See, e.g., Vora,* 2022 U.S. Dist. LEXIS 195127, at *11; *Sallie,* 2013 U.S. Dist. LEXIS 132833, at *5. Defendants ask the Court to do the same thing here.

31. Moreover, unlike the cases cited by Plaintiffs below, this is not a situation where it makes sense for the parties to elaborate on their positions regarding discovery in a proposed scheduling order. Rather, in light of their jurisdictional motion, Defendants object to <u>any</u> merits

11

discovery. Thus, in light of Defendants' jurictional motion, a scheduling order is unnecessary to determine that merits discovery is inappropriate, and Defendants have already provided jurictional discovery. Accordingly, Defendants request the Court to defer the scheduling conference and either stay discovery or order further briefing on the issue.

**Plaintiffs' Position**

32. The Court should set a scheduling conference for any convenient date in the latter half of January 2023, and defer any decision regarding the propriety and scope (*i.e.*, partial or complete) of any stay of discovery, until after the Parties have conferred and made their initial disclosures as required by Fed. R. Civ. P. 26(f), submitted their Proposed Scheduling Order to the Court pursuant to D.C.Colo.LCivR 26.1, and been heard by the Court at the conference. The Parties' arguments regarding a stay should be presented either in the context of briefing on a motion for a stay to be filed by Defendants, or in the Parties' Proposed Scheduling Order, as the Court finds most appropriate.

33. The fact that Defendants have moved to dismiss this action for lack of personal jurisdiction does not automatically entitle them to a discovery stay; rather, as the cases cited above by Defendants themselves make clear, this Court considers all five *String Cheese* factors, even when the defendant has moved to dismiss for lack of personal jurisdiction. *Cf. Vora v. Dionne*, No. 22-CV-00572-CNS-MDB, 2022 WL 14813723 (D. Colo. Oct. 26, 2022) (weighing all *String Cheese* factors even though defendant had moved to dismiss for lack of personal jurisdiction); *Otter Prod., LLC v. Flygrip, Inc.*, No. 21-CV-03298-DDD-KLM, 2022 WL 3099202 (D. Colo. Apr. 18, 2022) (same); *E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.*, No.

12

CIVA09CV02717WDMKMT, 2010 WL 1957306 (D. Colo. May 13, 2010) (same); *Morrill v. Stefani*, No. 17-CV-00123-WJM-KMT, 2017 WL 1134767 (D. Colo. Mar. 13, 2017) (same).

34. Consideration of any stay is premature, and should await the Parties' completion of the Rule 26(f) process, because the results of that process (which will be reflected in the Parties' Proposed Scheduling Order) will impact the two main *String Cheese* factors to be considered by the Court.

35. <u>First</u>, in respect to the "burden" factor, it is well established that Defendants must "offer specific prejudice they would suffer absent a stay apart from bearing the costs of litigation. … a party seeking a stay based on undue burden or expense must explain in detail the nature and extent of the claimed burden or expense. Conclusory statements will not satisfy Defendants' burden." *Gallan v. Bloom Bus. Jets, LLC*, No. 119CV03050WJMSKC, 2020 WL 9424245, at *2 (D. Colo. July 6, 2020) (citations omitted). *Cf. Boulter v. Noble Energy, Inc*, No. 20-CV-00861-WJM-KLM, 2020 WL 13568320, at *1 (D. Colo. Nov. 16, 2020) ("The party who seeks a stay of discovery has the burden of demonstrating good cause, and cannot sustain that burden by offering simply conclusory statements. Generally, the Court requires a particular and specific demonstration of fact in support of a request for a stay.") (cleaned up).

36. Defendants have failed to make—indeed, they have not tried to make—any specific or detailed showing of burden, because the Parties have never discussed merits discovery, much less described the discovery they will seek in this case. In order to create the necessary record for the Court to properly consider whether a whole or partial stay of discovery is appropriate to avoid a potentially undue burden on Defendants, the Parties should confer and make initial disclosures pursuant to Rule 26(f), and submit their Proposed Scheduling Order to the Court. Engaging in the

13

Rule 26(f) process and submitting their Proposed Scheduling Order will allow the Parties to determine and present to the Court the scope, extent and types of discovery that will be necessary in this action. The Court will then have an empirical basis (which it currently lacks) on which to determine whether a stay, or a partial stay, is proper under the "burden" prong of *String Cheese*.

37. Notably, in determining whether a stay is appropriate under the *String Cheese* factors, this Court often looks to the parties' proposed Scheduling Order. *Cf. Braddock Fin. Corp. ex rel. Galena St. Fund, L.P. v. Washington Mut. Bank*, No. CIVA 08CV00265 WYDME, 2008 WL 2302657, at *2 (D. Colo. May 30, 2008) ("The Court sees a burden to Defendant in requiring substantial discovery (Plaintiff lists 30 depositions in the Scheduling Order) prior to a ruling on the issue of standing."); *W. Acceptance, LLC v. Gen. Agric. Inc.*, No. 20-CV-00052-CMA-KMT, 2020 WL 3839849, at *5 (D. Colo. July 8, 2020) (agreeing with defendant's assertion that "the discovery burdens, as delineated in the Scheduling Order, will be 'substantial.'").

38. <u>Second</u>, *String Cheese* requires a court to consider "the potential prejudice to plaintiff of a delay." 2006 WL 894955, at *2. Prejudice to a plaintiff includes "witnesses' fading memories, aging or loss of evidence, etc." *Burba v. United States*, No. 119CV00155CMASKC, 2020 WL 4207518, at *2 (D. Colo. July 22, 2020). Plaintiffs have well-founded concerns that a stay of discovery would cause them serious and irreparable prejudice due to loss of testimony and evidence. Several of Defendants' officials who have personal knowledge of facts and/or have made statements that are highly relevant to the merits issues in this case are elderly and will unavoidably retire in the not-distant future (which might relieve Defendants of the duty to produce them for deposition and thereby render them unavailable as witnesses), or very possibly pass away. In the context of the Rule 26(f) meet and confer process, the Parties can seek to resolve or minimize this

14

issue, through stipulations or otherwise. The extent to which the Parties can succeed in doing so will impact the potential for prejudice to Plaintiffs from a stay (or the proper scope of any stay).[2]

39. Additionally, unless Defendants are able to demonstrate that all relevant categories of documents and information are being properly preserved, there is a serious risk of spoliation in this case. In several previous civil actions against them under the Antiterrorism Act, these Defendants have asserted an inability to locate responsive documents or information. As part of the Rule 26(f) process, the Parties can and should discuss the location and preservation of documents and information. The degree to which Defendants can demonstrate that no documents or information will be lost during any stay, will necessarily inform the Court's consideration of the "potential prejudice to plaintiff" element of the *String Cheese* test.[3]

40. Defendants assert that engaging in the Rule 26(f) process would cause them "irreparable harm" and a denial of due process. This argument is baseless. In the first place, the

---

[2] Plaintiffs do not address the merits of a stay in this Status Report, but they are constrained to note that Defendants' claim above that Plaintiffs have been dilatory are highly misleading. Defendants assert that "Plaintiffs waited over four years after filing other lawsuits related to the same attack," but as discussed in the Parties' briefing on Defendants' Rule 12(b) motion, the question of whether personal jurisdiction could be exercised over these Defendants was consistently in flux following the Supreme Court's 2014 decision in *Daimler*, until after the Promoting Security and Justice for Victims of Terrorism Act (PSJVTA) entered into force in 2020, and the Defendants triggered the provisions of the PSJVTA, and until the decision in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021). Defendants' claim about Plaintiffs' litigating pace in this case is likewise frivolous, and their arguments regarding Plaintiffs' actions against Iran and Syria are both totally irrelevant to the issues here, and misstate the travel of those cases.

[3] Defendants argue above that Plaintiffs have preserved <u>their own</u> testimony, because they have submitted declarations in support of their motions for default judgment against Iran and Syria. This argument is meritless because (a) the testimony in danger of being lost is not that of Plaintiffs, but of Defendants' officials; (b) those declarations are not admissible in this case; (c) the declarations were provided by only a handful of plaintiffs, and related only to certain limited facts relevant to entry of default judgment on liability against Iran and Syria (*e.g.* the Plaintiffs' American citizenship).

15

decision in *Du Pont v. Teflon Blood*, which is cited by Defendants in purported support of their claim that participating in the Rule 26(f) process (or conducting any merits discovery whatsoever) will cause them "irreparable harm" and a denial of due process, actually says no such thing. Rather, it found that requiring the defendant in that case to engage in potentially unnecessary "expensive and burdensome discovery" would likely prejudice the defendant there. 2010 WL 1957306, at *2. It did not find that conducting discovery of any type would be prejudicial.

41. Moreover, the notion that requiring Defendants to participate in the Rule 26(f) process prior to a ruling on their jurisdictional defense would violate their Due Process rights simply makes no sense: it is indisputable that this Court can require any defendant who has a pending motion to dismiss for lack of personal jurisdiction to engage in jurisdictional discovery. Likewise, this Court can require such a defendant, after examining and applying the five *String Cheese* factors, to engage in merits discovery. As discussed above, the filing of a motion to dismiss for lack of personal jurisdiction does not automatically relieve a defendant from its discovery obligations; rather, the defendant must move for a stay, and has the burden to persuade the court—on the basis of all five *String Cheese* factors—that a stay is proper.

42. Defendants do not and cannot dispute that it is their burden to seek a stay of discovery. Before seeking a stay, Defendants' counsel are required to "confer or make reasonable, good faith efforts to confer with" Plaintiffs' counsel "to resolve any disputed matter." D.C.Colo.LCivR 7.1. "[C]ompliance with D.C.COLO.LCivR 7.1(a) is mandatory" and, failure to comply "alone, is a sufficient basis to deny" a motion. *Rocky Vista Univ., LLC v. Andrew*, No. 13-CV-02784-MSK-BNB, 2013 WL 12192574, at *1, n.1 (D. Colo. Dec. 6, 2013). Yet, Defendants have never attempted to confer with Plaintiffs about a stay, much less made an attempt to resolve

or at least narrow their disagreements as required by Local Civil Rule 7.1. Rather, they are trying to short-circuit and evade both Local Civil Rule 7.1 and the five-part *String Cheese* framework, by improperly seeking to convert a simple status report into a motion for a stay. Proceeding with the Rule 26(f) process will both satisfy the meet and confer requirements of D.C.Colo.LCivR 7.1, and provide the Court with the record it needs to apply the *String Cheese* factors.

43. Furthermore, Defendants' claim that merely conducting the Rule 26(f) process will cause them "irreparable harm" rings hollow, given that Defendants <u>elected</u> to unnecessarily invoke the Court's authority, and burden themselves, the Court and Plaintiffs, by moving to dismiss this action on <u>non-jurisdictional</u> grounds, *i.e.*, for failure to state a claim under Rule 12(b)(6). (DE 58 at 27-44). If avoiding non-jurisdictional litigation burdens was really so important to Defendants, they would have waited to asserted their Rule 12(b)(6) arguments in a Rule 12(c) motion, if and after the Court rejects their jurisdictional defense. "[A]lthough Rule 12(g)(2) precludes successive motions under Rule 12, it is expressly subject to Rule 12(h)(2), which allows parties to raise certain defenses, including the failure to state a claim upon which relief may be granted by a motion for judgment on the pleadings under Rule 12(c)." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1101-02 (10th Cir. 2017) (cleaned up). It is well established that Rule 12(b)(6) and Rule 12(c) are substantively identical, and differ only as to timing. "A motion for judgment on the pleadings pursuant to Rule 12(c) is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss." *Rodriguez v. Payler*, No. 19-CV-01388-CMA-KMT, 2020 WL 5026932, at *3 (D. Colo. Aug. 10, 2020). *Cf. Slagel v. Golden Bell Retreat*, No. 19-CV-01371-REB-NYW, 2019 WL 9089596, at *2 (D. Colo. Dec. 18, 2019) ("courts employ the same standard when evaluating Rule 12(b)(6) and Rule 12(c) motions.").

44. Thus, Defendants could have easily spared themselves (and the Court and Plaintiffs) the motion practice and other burdens of litigating their non-jurisdictional Rule 12(b)(6) arguments—burdens which far exceed those of the Rule 26(f) process—pending a ruling on their jurisdictional challenge, with no prejudice whatsoever to their Rule 12(b)(6) arguments (which could have been presented in a later Rule 12(c) motion, if and as necessary). Instead, Defendants elected to affirmatively invoke the power of this Court for their own benefit (dismissal under Rule 12(b)(6) is on the merits), and to voluntarily assume those litigation burdens. Defendants should not now be heard to argue that requiring them to engage in the Rule 26(f) process prior to the resolution of their jurisdictional defense is improper and will cause them "irreparable harm," when they choose—wholly unnecessarily—to expend extensive resources to seek affirmative relief (*i.e.*, a merits dismissal under Rule 12(b)(6)) prior to any ruling on personal jurisdiction.

45. In sum, Defendants' request for a stay is unripe and cannot be adjudicated on the current record. The Court should set a scheduling conference for the second half of January 2023, the Parties should conduct the Rule 26(f) process, and the Court should take up this issue at the conference, after receiving the joint Parties' Proposed Scheduling Order. The Court should direct either that Defendants file a motion to stay contemporaneously with the filing of the Proposed Scheduling Order, or that the Parties' arguments regarding a stay be presented in the Proposed Scheduling Order.

46. Plaintiffs' counsel has consulted with counsel for the United States, who has indicated that it takes no position as to scheduling or the defendant's proposed stay.

Dated: December 7, 2022.

            *s/ Daniel K. Calisher*
            Daniel K. Calisher
            Foster Graham Milstein & Calisher, LLP
            360 South Garfield Street, 6th Floor
            Denver, Colorado 80209
            Telephone: 303-333-9810
            Email: calisher@fostergraham.com
            *Attorneys for Plaintiffs*


            *s/ Gassan A. Baloul*
            Gassan A. Baloul
            Mitchell R. Berger
            Squire Patton Boggs (US) LLP
            2550 M Street, N.W.
            Washington, D.C. 20037
            Telephone: (202) 457-6000
            Facsimile: (202) 457-6315
            gassan.baloul@squirepb.com
            mitchell.berger@squirepb.com
            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2022, a true and correct copy of the foregoing **JOINT STATUS REPORT** was electronically served upon all counsel of record via *ECF*.

*s/ Gassan A. Baloul*