IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-03043-RM-STV

SHELLEY LEVINE, *et al.*,

                  Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian National Authority"),

                  Defendants.

**DEFENDANTS' MOTION TO STAY DISCOVERY AND RELATED PROCEEDINGS
PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

Pursuant to this Court's Order dated December 7, 2022 (DE 81) and Fed. R. Civ. P. 26(c), Defendants the Palestine Liberation Organization and the Palestinian Authority (collectively, "Defendants") move this Court to stay merits discovery and related proceedings (including initial disclosures, a scheduling order, and a scheduling conference) pending resolution of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6) (DE 58). Defendants previously provided jurisdictional discovery to Plaintiffs in advance of their Motion to Dismiss.

**STATEMENT OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a) and Fed. R. Civ. P. 26(c)(1), in the context of drafting the December 7, 2022 Joint Status Report (DE 80), counsel for Defendants conferred in good faith

with counsel for Plaintiffs regarding the relief requested in this Motion. Plaintiffs oppose this Motion.

## **INTRODUCTION**

For the sake of efficiency and in the interests of justice, the Court should stay merits discovery and related proceedings in this case until it has ruled on Defendants' pending Motion to Dismiss, including the gating issue of whether the Court has personal jurisdiction over Defendants as to Plaintiffs' claims in the Amended Complaint. Applying the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), this Court has repeatedly stayed discovery pending resolution of a jurisdictional motion because "Defendant would likely be ***irreparably prejudiced*** by having engaged in expensive and burdensome discovery in a court that had no jurisdiction over it." *E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.*, No. 09-cv-02717-WDM-KMT, 2010 WL 1957306, at *2 (D. Colo. May 13, 2010) (emphasis added).

Here, the *String Cheese Incident* factors likewise strongly favor a stay of merits discovery until the Court has determined whether it can constitutionally exercise personal jurisdiction over Defendants, and the follow-on question (if necessary) of whether Plaintiffs' Amended Complaint states a claim against Defendants. A stay will not prejudice Plaintiffs, as they delayed over four years in bringing this action in the first place, and then even after filing this lawsuit, they agreed to stay merits discovery while they proceeded to amend their Complaint and the parties briefed Defendants' Motion to Dismiss. On the other hand, Defendants will be unduly burdened and the Court will have wasted judicial resources if merits discovery were allowed to proceed, only for the Court to later determine that the Amended Complaint must be dismissed for lack of personal

2

jurisdiction, or for legal insufficiency. For these reasons, the public interest factor also favors a temporary stay of discovery in this case until the Court has resolved the Motion to Dismiss.

As demonstrated by weighing the *String Cheese Incident* factors, for the sake of efficiency and to avoid unnecessarily wasting both party and judicial resources, the Court should exercise its discretion to stay merits discovery and related proceedings in this matter pending resolution of Defendants' Motion to Dismiss.

## PROCEDURAL BACKGROUND

This action was filed on November 11, 2021 (DE 1). Since this action was filed, Plaintiffs and Defendants have made three separate requests to this Court to defer the scheduling conference and related proceedings while Plaintiffs amended their Complaint and Defendants moved to dismiss both the original Complaint and Amended Complaint for lack of personal jurisdiction and failure to state a claim (DE 21, 34, 46). With respect to the first request to adjourn the scheduling conference, Defendants produced certain agreed-upon jurisdictional discovery to Plaintiffs (DE 34) in anticipation of moving to dismiss for lack of jurisdiction.

On February 20, 2022, after having provided jurisdictional discovery, Defendants moved to dismiss the original Complaint (DE 30). In response to that motion, on May 13, 2022, Plaintiffs filed their Amended Complaint (DE 49/50). On June 27, 2022, Defendants moved to dismiss the Amended Complaint for lack of personal jurisdiction and alternatively for failure to state a claim (the "Motion to Dismiss") (DE 58). Briefing on Defendants' Motion to Dismiss was completed on November 14, 2022 (DE 76).

# ARGUMENT

### I. The Court Has Discretion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss.

Federal Rule of Civil Procedure 26(c) permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (citation omitted).  Thus, the decision whether to stay discovery rests firmly within the sound discretion of this Court.  *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In evaluating a request for a stay of proceedings, including discovery, the Court considers the following factors:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident*, 2006 WL 894955, at *2 (applying these factors and ordering temporary stay of discovery because "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject [it] to undue burden or expense, particularly if the motion to dismiss is later granted").  Applying these factors here, this Court should stay discovery pending a ruling on Defendants' Motion to Dismiss.

II. **The *String Cheese Incident* Factors Strongly Weigh in Favor of a Stay Pending Resolution of Defendants' Motion to Dismiss.**

    A. **Because Defendants Challenge This Court's Jurisdiction Over Them, They Will Be Unduly Burdened and Potentially Irreparably Harmed Without a Stay of Discovery.**

Recognizing the undue burden on a defendant of proceeding forward with discovery while a jurisdictional motion is pending, this Court has routinely stayed discovery pending the resolution of a motion that "raises a threshold jurisdictional challenge to the entire case." *Vora v. Dionne,* Case No. 22-cv-00572-CNS-MDB, 2022 WL 14813723, at *3 (D. Colo. Oct. 26, 2022) ("[G]iven the nature of the pending motion to dismiss, requiring the parties to submit to full discovery at this time would potentially subject Defendants to undue burden and expense, especially if this case is ultimately dismissed and/or refiled in another forum with incongruent discovery obligations."); *Otter Prods., LLC v. Flygrip, Inc.,* Case No. 21-cv-03298-DDD-KLM, 2022 WL 3099202, at *3 (D. Colo. Apr. 18, 2022) (finding that "burden on a defendant is heightened where discovery proceeds while jurisdictional issues have yet to be resolved" and thus "second *String Cheese Incident* factor weighs strongly in favor of staying discovery" in such circumstances); *Nw. Bldg. Components, Inc. v. Adams,* Case No. 22-cv-00790-CMA-KLM, 2022 WL 1165775, at *2 (D. Colo. Apr. 20, 2022) (granting stay under *String Cheese Incident* factors, noting that "the Motion to Dismiss raises threshold questions of law regarding jurisdiction and venue, which must be resolved at this early stage of the proceedings"); *Thompson v. Ford Motor Co.,* Case No. 18-cv-03324-WJM-KMT, 2019 WL 10270156, at *1-2 (D. Colo. Mar. 25, 2019 ) (weighing *String Cheese Incident* factors and granting stay of discovery where defendant filed a motion to dismiss for lack of personal jurisdiction); *Frederick v. Col-Terra Invs. XIV,* Case No. 17-cv-00410-MSK-STV, 2017 WL 1908121, at *1-2 (D. Colo. May 10, 2017) (staying discovery under *String Cheese*

*Incident* factors pending ruling on motion to dismiss for lack of subject matter jurisdiction); *Sallie v. Spanish Basketball Fed'n,* Case No. 12-cv-1095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved.").

This Court has previously found that a motion to stay discovery pending a ruling on a motion to dismiss for lack of personal jurisdiction also "implicates the issue of whether requiring Defendant to litigate this case *in this jurisdiction*--including engaging in discovery--would offend 'traditional notions of fair play and substantial justice' and constitutional due process." *E.I. Du Pont De Nemours & Co.*, 2010 WL 1957306, at *2 (emphasis in original) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Considering this additional issue under the *String Cheese Incident* factors, the Court found it to be "clear" that a temporary stay was warranted: "[I]f the district court were to conclude that this court has no personal jurisdiction over Defendant after this court required the parties to conduct discovery, then Defendant would likely be irreparably prejudiced by having engaged in expensive and burdensome discovery in a court that had no jurisdiction over it." *Id.* at *2 (citing *String Cheese Incident,* 2006 WL 894955, at *2).

In light of the irreparable harm that a defendant would suffer if ordered to engage in merits discovery when the court lacks personal jurisdiction over it, this Court has repeatedly found that any interest that a plaintiff has in proceeding expeditiously with their claims is "outweighed by the burden Defendants [] would face if discovery were to proceed despite the outstanding issue of whether the court even has jurisdiction over them." *Powers v. Emcon Assocs., Inc.,* Case No. 14-cv-03006-KMT, 2015 WL 3961079, at *2 (D. Colo. June 29, 2015). *See also Thompson,* 2019 WL 10270156, at *1 ("Defendant has done more than offer conclusory assertions that jurisdiction

is lacking—it has filed a motion to dismiss supported by legal analysis.  In such a circumstance, the court determines that the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have her case proceed expeditiously.") (footnote omitted); *Morrill v. Stefani*, Case No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (granting stay of discovery under *String Cheese Incident* factors and finding plaintiff's interest in proceeding forward with case "is overcome by the burden Defendants might face if they were forced to proceed with discovery only to have the case dismissed for lack of jurisdiction").

In the Joint Status Report, Plaintiffs mistakenly derided Defendants for failing to identify any "specific prejudice" they would suffer if merits discovery proceeds (DE 80 at ¶¶ 35, 36). To the contrary, as the case law above shows, Plaintiffs ignore the well-recognized specific and irreparable harm that Defendants would suffer if they are forced to engage in merits discovery in a court that lacks personal jurisdiction over them.  Plaintiffs' argument also ignores this Court's previous findings that where a defendant has offered more than conclusory assertions that jurisdiction is lacking, the burden on defendant of going forward with discovery outweighs the desire of plaintiff to have the case proceed on the merits expeditiously.  *See, e.g., Aurora Bank FSB v. Network Mortg. Servs., Inc.,* Case No. 13-cv-00047-PAB-KLM, 2013 WL 3146972, at *2 (D. Colo. June 19, 2013) (finding that a stay of merits discovery is warranted where "Defendant sets forth more than conclusory assertions as to why jurisdiction is lacking; [it] has made detailed factual allegations, supported by legal analysis that it is not subject to personal jurisdiction"). *See also Thompson,* 2019 WL 10270156, at *1 (staying discovery pending determination of motion to dismiss for lack of personal jurisdiction where "Defendant has done more than offer conclusory assertions that jurisdiction is lacking").

Here, Defendants' Motion to Dismiss sets forth detailed legal arguments why this Court lacks personal jurisdiction over Defendants (DE 58, 76). Indeed, as explained in the Motion to Dismiss, multiple appellate and trial courts have concluded that they lack personal jurisdiction over Defendants based on similar allegations and theories to those asserted in the Amended Complaint (DE 58, at 4-19: DE 76, at 2-28), including three recent decisions rejecting jurisdiction under the latest statutory attempt (the PSJVTA) to overcome earlier jurisdictional dismissals. *See, e.g., Fuld v. PLO*, 578 F. Supp. 3d 577, 590 (S.D.N.Y. 2022); *Sokolow v. PLO*, 590 F. Supp. 3d 589, 591 (S.D.N.Y. 2022), *recon. denied*, 2022 WL 2159351 (S.D.N.Y. June 15, 2022); *Shatsky v. PLO*, No. 18-cv-12355 (MKV), 2022 WL 826409 (S.D.N.Y. Mar. 18, 2022).[1]

In short, given the irreparable harm that Defendants will suffer if they are forced to engage in merits discovery and the Court later determines it lacks personal jurisdiction over them, this *String Cheese Incident* factor—the burden on defendant without a stay—strongly favors a stay of merits discovery.[2]

---

[1] Further, the obvious cost and complexity of the merits discovery Plaintiffs have previewed in the Joint Status Report (DE 80, ¶ 38), including documents and testimony from witnesses outside of the United States, further highlights the undue burden Defendants face if merits discovery is not stayed pending resolution of the Motion to Dismiss. *See, e.g., Adamson v. Volkswagen Grp. of Am., Inc.*, Case No. 22-cv-00740-CMA-MDB, 2022 WL 4767573, at *3 (D. Colo. Oct. 3, 2022) (finding "this factor weigh[ed] strongly in favor of a stay" when "discovery in this case will likely be complex, as well as costly."); *Otter Prods.*, 2022 WL 3099202, at *3 (same).

[2] In addition and alternatively to Defendants' challenge to this Court's personal jurisdiction over them for the claims in the Amended Complaint, Defendants have separately moved to dismiss all causes of action in the Amended Complaint for failure to state a claim, which if granted would dispose entirely of this matter (DE 58). This Court has further recognized the "efficiency and fairness of delaying the proceedings . . . pending resolution of a motion to dismiss that could resolve matters as to each of the Defendants in their entirety." *Carroll v. Jefferson Cty. Sheriff's Office*, Case No. 19-cv-02132-RM-MEH, 2019 WL 13045022, at *1 (D. Colo. Oct. 8, 2019). "A stay of discovery pending the determination of a dispositive motion is an eminently logical means

### B. Plaintiffs Will Not Be Burdened by a Stay of Discovery Pending Resolution of the Motion to Dismiss.

While Plaintiffs argued for the first time in the Joint Status Report that they will be burdened by a temporary stay of merits discovery, their delay in filing this case after the underlying incident, and their conduct since filing it, belie such assertion. As an initial matter, Defendants have already voluntarily provided Plaintiffs with jurisdictional discovery (DE 21, 34), so Plaintiffs have not been prejudiced in their ability to respond to Defendants' Motion to Dismiss. As to merits discovery, until now, Plaintiffs have shown no urgency or concern for obtaining discovery from Defendants. To the contrary, they filed two lawsuits against other defendants in 2017 related to the same attack at issue in the Amended Complaint, but then waited over four years to file this lawsuit. *See Heching v. Syrian Arab Republic*, No. 17-cv-01192 (D.D.C.) ("*Heching I*"); *Heching v. Islamic Republic of Iran*, No. 17-cv-01659 (D.D.C.) ("*Heching II*").

And once they filed this lawsuit in November 2021, they did not press for merits discovery or raise any preservation or spoliation concerns (which are baseless in any event). Rather, at three separate times over the last year, Plaintiffs requested the Court defer the scheduling conference and related proceedings so that they could amend their Complaint and brief Defendants' Motion to Dismiss. Thus, any new purported concern of preservation or spoliation rings hollow. Moreover, if discovery were stayed pending a decision on the Motion to Dismiss, Plaintiffs will

---

to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* at *1 (cleaned up). *See also Nat'l Fed'n of the Blind v. PetSmart, Inc.*, Case No. 15-cv-00839-REB-KMT, 2015 U.S. Dist. LEXIS 143714, at *5 (D. Colo. Oct. 22, 2015) (granting defendant's motion to stay discovery and vacating the scheduling conference pending a ruling on an anticipated motion to dismiss, given that such a motion could potentially dispose of the matter).

not be unduly burdened, as any delay is likely to be minimal given that the briefing on Defendants' Motion to Dismiss is now complete (DE 76).  *Cf. Nw. Bldg. Components, Inc.*, 2022 WL 1165775, at *2 (prejudice to plaintiff is mitigated by expedited briefing on motion to dismiss).

In light of the above, Plaintiffs have not established, and cannot establish, that this *String Cheese Factor* weighs against a stay of discovery in this matter, and even if it did, it would be outweighed by the burden on Defendants.  *Powers*, 2015 WL 3961079, at *2; *Morrill*, 2017 WL 1134767, at *2.

**C.  Judicial Economy Favors a Stay of Discovery Pending Resolution of the Motion to Dismiss.**

This Court has also repeatedly found that the "third 'court convenience' factor weighs in favor of stay" when a jurisdictional motion is pending, as "judicial economy and resources would plainly be wasted if the Court allowed discovery to proceed, only to later determine that this case must be dismissed for a lack of personal jurisdiction."  *Vora,* 2022 WL 14813723, at *4.  *See also Otter Prods.,* 2022 WL 3099202, at *3 (same); *Morrill,* 2017 WL 1134767, at *2 (same); *Frederick*, 2017 WL 1908121, at *2 (same); *Sallie,* 2013 WL 5253028, at *2 (same).  Neither the Court's nor the parties' time is well-served "by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion implicating the court's jurisdiction is pending."  *E.I. Du Pont De Nemours & Co.*, 2010 WL 1957306, at *2 (quoting *Dem. Rep. Congo v. FG Hemisphere Assocs., LLC,* 508 F.3d 1062, 1064 (D.C. Cir. 2007)).

**D.  There Are No Non-Party Interests That Would Be Impacted by a Stay of Discovery.**

There are no non-party interests that would be impacted by a stay of discovery in this case, and therefore, this factor is neutral.  Even if Plaintiffs try to identify non-parties from whom they

intend to seek discovery, the interests of those parties would actually support imposition of a stay of discovery, given the additional complexities of subpoenaing third parties and litigating their objections. *See Vora,* 2022 WL 14813723, at *4 ("The fourth factor also supports the imposition of a stay, given that Plaintiff's briefing identifies numerous anticipated third party deponents.").

### E. The Public Interest Will Be Served by Staying Discovery.

The final *String Cheese Incident* factor also favors a stay. "[T]he public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest." *Aurora Bank,* 2013 WL 3146972, at *3. Because any discovery-related efforts by the Court will be "for naught" if the Motion to Dismiss is granted, this final factor also favors a stay discovery. *Id. See also Vora,* 2022 WL 14813723, at *4 ("As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose."). "Finally, although there is a general public interest in the speedy resolution of legal disputes, there is also a strong public policy in avoiding unnecessary expenditures of public and private resources on litigation. Given the possibility of dismissal of the case as well as the need to resolve jurisdictional questions at the earliest possible stage of the proceedings, the fifth factor weighs in favor of a stay." *Gallan v. Bloom Bus. Jets, LLC*, Case No. 19-cv-03050-WJM-SKC, 2020 WL 9424245, at *3 (D. Colo. July 6, 2020) (citations and quotation omitted).

## **CONCLUSION**

For the aforementioned reasons, the Court should stay discovery and all related proceedings (including initial disclosures, a scheduling order, and a scheduling conference) pending resolution of Defendants' Motion to Dismiss.

Dated:  December 14, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*s/ Gassan A. Baloul*
　　　　　　　　　　　　　　　　　　　　Gassan A. Baloul
　　　　　　　　　　　　　　　　　　　　Mitchell R. Berger
　　　　　　　　　　　　　　　　　　　　Squire Patton Boggs (US) LLP
　　　　　　　　　　　　　　　　　　　　2550 M Street, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20037
　　　　　　　　　　　　　　　　　　　　Telephone:  (202) 457-6000
　　　　　　　　　　　　　　　　　　　　Facsimile:  (202) 457-6315
　　　　　　　　　　　　　　　　　　　　gassan.baloul@squirepb.com
　　　　　　　　　　　　　　　　　　　　mitchell.berger@squirepb.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 14th day of December, 2022, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO STAY DISCOVERY AND RELATED PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS** was electronically served upon all counsel of record via *CM/ECF*.

                                          *s/ Gassan A. Baloul*
                                          Gassan A. Baloul