## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-03043-RM-STV

SHELLEY LEVINE, *et al.*,

                Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian National Authority"),

                Defendants.

---

### DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STAY DISCOVERY AND RELATED PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

---

Plaintiffs' Opposition confirms that the interests of justice and efficiency will be served by staying discovery and related proceedings in this case until the Court has determined whether it may exercise personal jurisdiction over Defendants and whether Plaintiffs' Amended Complaint states a claim. In stark contrast to the legion of authority cited by Defendants in their Motion to Stay (DE 82 at 5-7), Plaintiffs' Opposition (DE 85) fails to cite to a single case where this Court has applied the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), and declined to stay discovery when the defendant had filed a motion to dismiss for lack of personal jurisdiction. Rather, in addressing the first two *String Cheese Incident* factors (the burdens on Plaintiffs and Defendants), the Opposition focuses mainly on Plaintiffs' newly confected "concerns" over preservation and

spoliation, which as an initial matter are belied by the fact that Plaintiffs waited well over a year to raise such purported concerns. Regardless, these preservation and spoliation concerns lack merit and fail to outweigh the irreparable harm that Defendants would suffer if they are forced to litigate in a forum that lacks personal jurisdiction over them.  Moreover, Plaintiffs' alleged concerns about facts known to older witnesses—a concern not advanced by Plaintiffs during the eight years since the underlying incident—can easily be addressed without the two merits depositions that Plaintiffs have alternatively requested.

As to the remaining three *String Cheese Incident* factors, Plaintiffs' Opposition ignores two of them (the Court's convenience and that of third-party witnesses), thus conceding that they do not weigh against a stay of discovery in this case.  Finally, Plaintiffs' focus on the purpose of the ATA fails to address the final *Sting Cheese Incident* factor and the public's interest in the prompt and efficient handling of this case, which is better served by staying discovery until the jurisdictional motion is resolved.  As the *String Cheese Incident* factors strongly favor a stay of discovery in this matter until this Court determines whether it can exercise personal jurisdiction over Defendants and whether Plaintiffs' Amended Complaint states a claim, this Court should grant Defendants' Motion and stay discovery pending a ruling on Defendants' Motion to Dismiss.

## ARGUMENT

### I.   Defendants Will Be Unduly Burdened Without a Stay of Discovery.

Plaintiffs do not—and cannot—dispute that this Court has routinely stayed discovery pending resolution of a motion challenging jurisdiction, because "Defendant would likely be ***irreparably prejudiced*** by having engaged in expensive and burdensome discovery in a court that had no jurisdiction over it." *E.I. Du Pont De Nemours & Co. v. Teflon Blood Inc.*, No. 09-cv-

02717-WDM-KMT, 2010 WL 1957306, at *2 (D. Colo. May 13, 2010) (citation omitted) (emphasis added). *See* Mot. to Stay at 5-7 (collecting cases). In fact, Plaintiffs do not cite a single case in their Opposition where this Court, weighing the *String Cheese Incident* factors, has denied a request to stay discovery when a motion to dismiss for lack of personal jurisdiction has been filed. To the contrary, in each of the cases cited by Plaintiffs (Opp. at 6), this Court weighed the *String Cheese Incident* factors and stayed discovery pending a determination of the motion to dismiss for lack of personal jurisdiction. *See Vora v. Dionne,* No. 22-cv-00572-CNS-MDB, 2022 WL 14813723, at *3 (D. Colo. Oct. 26, 2022); *Otter Prods., LLC v. Flygrip, Inc.,* No. 21-cv-03298-DDD-KLM, 2022 WL 3099202, at *3 (D. Colo. Apr. 18, 2022); *E.I. Du Pont,* 2010 WL 1957306, at *3; *Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017).

Recognizing that Defendants' Motion to Dismiss sets forth far more than conclusory assertions as to why personal jurisdiction cannot constitutionally be asserted under the PSJVTA, including three recent decisions that have dismissed ATA cases against the PA and PLO for lack of personal jurisdiction[1], Plaintiffs argue that they have identified other bases pursuant to which this Court can exercise personal jurisdiction over Defendants. *See* Opp. at 6. However, in *Shatksy*—the only case cited by Plaintiffs to support their alternative theories of personal jurisdiction (Opp. at 6-7)—the court dismissed the case against Defendants for lack of personal jurisdiction. 2022 WL 826409, at *7. Moreover, as detailed in the Motion to Dismiss, the Second and D.C. Circuits have likewise rejected these alternative bases for personal jurisdiction. DE 58

---

[1] *Fuld v. PLO*, 578 F. Supp. 3d 577, 590 (S.D.N.Y. 2022); *Sokolow v. PLO*, 590 F. Supp. 3d 589, 591 (S.D.N.Y. 2022), *recon. denied*, 2022 WL 2159351 (S.D.N.Y. June 15, 2022); *Shatsky v. PLO*, No. 18-cv-12355 (MKV), 2022 WL 826409 (S.D.N.Y. Mar. 18, 2022).

at 15-19 (citing *Waldman v. PLO*, 835 F.3d 317, 344 (2d Cir. 2016); *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56-58 (D.C. Cir. 2017)).

Here, Defendants have "done more than offer conclusory assertions that jurisdiction is lacking" under both the PSJVTA and Plaintiffs' alternative theories. *Thompson v. Ford Motor Co.*, No. 18-cv-03324-WJM-KMT, 2019 WL 10270156, at *1 (D. Colo. Mar. 25, 2019). Thus, the burden of irreparable injury on Defendants from allowing Plaintiffs to take merits discovery when the Court's jurisdiction over Defendants has not been established outweighs Plaintiffs' desire to have the case proceed expeditiously. *Id. See also Aurora Bank FSB v. Network Mortg. Servs., Inc.,* Case No. 13-cv-00047-PAB-KLM, 2013 WL 3146972, at *2 (D. Colo. June 19, 2013) (finding that a stay of merits discovery is warranted where "Defendant sets forth more than conclusory assertions as to why jurisdiction is lacking; [it] has made detailed factual allegations, supported by legal analysis that it is not subject to personal jurisdiction." (alteration in original)).

While the filing of the jurisdictional motion alone provides a basis for this Court to stay discovery, Defendants have also moved to dismiss the Amended Complaint in its entirety for failure to state a claim. DE 58 at 27-37. This Court has further recognized the "efficiency and fairness of delaying the proceedings . . . pending resolution of a motion to dismiss that could resolve matters as to each Defendant in their entirety." *Carroll v. Jefferson Cnty. Sheriff's Off.*, No. 19-cv-02132-RM-MEH, 2019 WL 13045022, at *1 (D. Colo. Oct. 8, 2019). There is no merit to Plaintiffs' argument (Opp. at 7-9) that Defendants should have deferred the Rule 12(b)(6) prong of their Motion to Dismiss and instead—and inefficiently—reserved their challenge to the legal sufficiency of Plaintiffs' claims for a 12(c) motion for judgment on the pleadings, which would be adjudicated under the same legal standards. If anything, Defendants' Rule 12(b)(6) arguments

reinforce the wisdom of staying discovery pending resolution of Defendants' Motion to Dismiss, which demonstrated that, even apart from Defendants' weighty jurisdictional challenges, Plaintiffs' claims, as alleged, are so legally scanty that merits discovery is unwarranted.

## II.    Plaintiffs' Manufactured Claims of Prejudice Are Untimely and Without Merit.

### A.    Plaintiffs Delayed in Filing the Lawsuit and Inexplicably Waited Over a Year to Raise Their Preservation "Concerns."

As discussed in the Motion to Stay (DE 82 at 9), Plaintiffs' delay in filing this lawsuit until seven years after the attack at issue and four years after filing similar lawsuits against other defendants related to the same attack raises serious questions about their newly alleged preservation and spoliation concerns. Plaintiffs' only purported justification for this delay is that "[i]n early 2015, federal courts began dismissing actions against Defendants for lack of personal jurisdiction," and that Congress did not enact the PSJVTA until 2019. Opp. at 4-5. Thus, Plaintiffs claim to have waited to file this lawsuit until they could assert personal jurisdiction under the PSJVTA. *Id.* This position strains credulity, however, because it contradicts Plaintiffs' argument (discussed *supra* at 3) that they have multiple alternative theories of personal jurisdiction. In other words, Plaintiffs argue the Court should excuse their delay in commencing this suit because they had to wait for the PSJVTA, while simultaneously arguing that personal jurisdiction can be established on legal bases that long pre-existed the PSJVTA. It does not matter, however, which of Plaintiffs' inconsistent explanations is accurate, because both demonstrate that Defendants have raised substantial jurisdictional challenges to the Court's exercise of jurisdiction over them, and discovery should be stayed until this Court resolves such challenges.

As to this lawsuit, Plaintiffs offer no justification for their delay in waiting over a year before first raising their purported preservation and spoliation concerns. Opp. at 5-6. They offer

no rationale for their failure to raise these spoliation and preservations earlier if they were truly concerned.[2]  Instead, they bizarrely criticize Defendants for reaching agreements with Plaintiffs that resulted in jointly made motions, granted by the Court, to postpone the scheduling conference and related proceedings.  *Id.*  If anything, those jointly agreed postponements confirm the validity of Defendants' position that discovery should be stayed pending resolution of their Motion to Dismiss.  Further, given those agreements to defer merits discovery, there was no prior reason for Defendants to file a motion to stay discovery.  Oddly, however, Plaintiffs reversed course and refused to extend that stay of discovery after Defendants' Motion to Dismiss was fully briefed and submitted for adjudication. At such time, the factors favoring a stay of discovery are at their zenith, so Defendants immediately filed the present Motion to Stay when Plaintiffs refused to await the outcome of Defendants' ripe Motion to Dismiss.

**B.    Plaintiffs' Belated Preservation "Concerns" Lack Merit.**

Plaintiffs have failed to demonstrate that their alleged "concerns" for the preservation of documents and fading memories of witnesses will cause them undue burden.

**1.    Defendants Are Complying with Their Document Preservation Obligations.**

As to the preservation of documents, Plaintiffs did not raise ***any*** concern over the preservation of documents in this case until the preparation of the Joint Status Report, which was filed on December 7, 2022.  *See* DE 80.  In that Joint Status Report, Defendants represented that they "are aware of and complying with their document preservation obligations."  *Id.* at ¶ 29.  As this Court has previously found, such a representation is sufficient to address Plaintiffs'

---

[2] Nor did Plaintiffs ever try to invoke Federal Rule of Civil Procedure 27 to preserve testimony before filing this action, if they were uncertain about their jurisdictional theory.

generalized concerns of document preservation. *See PacifiCorp v. United States Env't Prot. Agency*, No. 13-cv-02187-RM-CBS, 2013 WL 5799953, at *5 (D. Colo. Oct. 28, 2013) (denying motion for an order compelling preservation, explaining that the movant had "presented no evidence that Defendant has or will destroy any records related to the requests" and that "Defendant has represented to the Court that it is aware of its obligations"); *Mohammed ex rel. Chipotle Mexican Grill, Inc. v. Ells*, No. 12-cv-01831-WJM-MEH, 2013 WL 1942216, at *3 (D. Colo. May 10, 2013) (granting motion to stay discovery and noting that "[t]hough Plaintiffs expressed general concerns regarding fading memories and destruction of documents, the Court confirmed with Defendants' counsel that such evidence is subject to a preservation order").

Plaintiffs' reliance on a filing from *Shatsky v. PLO, et al.,* 02-cv-2280 (D.D.C.), to suggest that there is some danger that Defendants will destroy documents is disingenuous. Opp. at 3 and Ex. A (DE 85-1). As noted in that filing, "at the time of the incident" in that case, which was 2002 (over 20 years ago), Israeli Defense Forces—not Defendants—had removed and/or destroyed certain records that Defendants otherwise were maintaining in the ordinary course in the Palestinian territories. DE 85-1 at 3. However, no specific records related to the *Shatsky* case were identified as being removed or destroyed by the Israeli Defense Forces. *See* Resp. to Interrog. No. 7, attached hereto as Exhibit A. Thus, not surprisingly, no document availability issues prevented a full merits adjudication in favor of Defendants by the district court in that case. *Shatsky v. PLO*, No. 1:02cv02280 (RJL), 2017 WL 2666111, at *1 (D.D.C. June 20, 2017), *vacated and remanded on other grounds*, 955 F.3d 1016 (D.C. Cir. 2020).

> **2.    Plaintiffs' Generalized "Concerns" Over Witnesses' Fading Memories Do Not Weigh Against a Stay of Discovery.**

As to Plaintiffs' alleged concerns over witnesses' fading memories, the prospect of fading memories "is a generalized concern that applies in every case in which a stay is sought." *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015). Thus, this Court has consistently rejected the argument that a stay of discovery is inappropriate because witnesses' memories will fade during the temporary stay. *Id.  See also Nardo v. Homeadvisor, Inc.*, No. 21-cv-01709-RM-KLM, 2022 WL 1198995, at *3 (D. Colo. Jan. 4, 2022); *Wells v. Smith*, No. 12-cv-00447-WJM-KLM, 2014 WL 6886719, at *3 (D. Colo. Dec. 8, 2014); *Mohammed ex rel. Chipotle Mexican Grill, Inc. v. Ells*, No. 12-cv-01831-WJM-MEH, 2013 WL 1942216, at *3 (D. Colo. May 10, 2013). "Speculation that evidence will be lost, without more, is insufficient to demonstrate undue prejudice." *Tuck v. United States*, No. 21-cv-02889-NYW, 2022 WL 596277, at *5 (D. Colo. Feb. 28, 2022)

As discussed below, this sensible rule applies with particular force when, as here, the information Plaintiffs want to pursue consists of or is readily derived from documentary evidence, or consists of testimony related to documentary evidence. *Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, No. 19-cv-6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) ("Because Plaintiff's discovery requests appear to be primarily for documentary evidence and for testimony of corporate witnesses who will rely heavily on documents in preparing for their depositions, there is little risk of that 'fading memories with the passage of time' will result in 'unfair prejudice to Plaintiff if discovery were stayed.'" (citation omitted)).

Plaintiffs rely on *Estate of Reat v. Rodriguez*, No. 12-cv-02531-REB-MEH, 2013 WL 424784, at *4 (D. Colo. Feb. 4, 2013), to argue that witnesses to traumatic events should be

promptly deposed before their memories fade. Opp. at 2. Their reliance on this case is unpersuasive for three reasons. First, as Plaintiffs' witnesses—not Defendants'—are the witnesses to the traumatic events, there is nothing precluding Plaintiffs from taking steps to preserve their own testimony. Second, the defendants in *Reat* had not moved to dismiss the case on a jurisdictional basis, thus the balancing of the *String Cheese Incident* factors was necessarily different. In fact, the Court found two *String* Cheese *Incident* factors supported a stay and two against, and therefore, opted to take "a middle position" and allow only limited discovery. *Id.* at *5. Third, and more importantly, the "particularly prompt filing of th[e] lawsuit" supported the plaintiffs' argument that the witnesses' testimonies urgently needed to be preserved. *Id.* at *4. In this case, as mentioned *supra*, Plaintiffs have unnecessarily delayed bringing this action, thereby undermining any concerns that the traumatic nature of the events they witnessed will fade.

### 3.    Plaintiffs' Request to Take the Deposition of Ramzi Khoury Should Be Denied.

Importantly, Plaintiffs never sought to meet and confer with Defendants regarding their request to take the deposition of Ramzi Khoury, instead raising that request for the first time in their Opposition to Defendants' Motion to Stay. Apart from Plaintiffs' procedural failing, the information Plaintiffs say they want from Mr. Khoury does not justify denying a stay of merits discovery and would more efficiently be obtained by less intrusive means, even if the Court were inclined to make a limited exception to a stay of merits discovery. This is clear from the timing of the request, as well as the nature of the information allegedly sought from Mr. Khoury.

As to the timing, Plaintiffs cite to Fed. R. Civ. P. 27 as support for their request to depose Mr. Khoury. Opp. at 12. However, Rule 27 governs ***pre-suit*** petitions to preserve testimony. Here, Plaintiffs made no such pre-suit request, and in fact, for over a year since filing the lawsuit

and while Plaintiffs were seeking to postpone discovery, they never once raised any need to depose Mr. Khoury to preserve his testimony.  Their failure to do so reveals that their recent request is nothing more than a make-weight argument to avoid a stay of discovery.

Moreover, the nature of the information that Plaintiffs seek from Mr. Khoury further confirms that his deposition is unnecessary and inappropriate.  Plaintiffs' Opposition makes clear that Plaintiffs seek to depose Mr. Khoury regarding the "PLO's funding of the PFLP."  Opp. at 16. More specifically, according to Plaintiffs, they want to depose Mr. Khoury because "the PLO's funding of the PFLP is conducted through the PLO's 'treasury,' known as the Palestine National Fund ('PNF')," and Mr. Khoury is the Director-General of the PNF.  *Id*.  Such information (i.e., any funding from the PNF to the PFLP), however, would be found in Defendants' (including the PNF's) records, and is not information that is uniquely in Mr. Khoury's personal knowledge. Indeed, to testify on this subject, Mr. Khoury inevitably would have to review the PNF's records and would simply be reciting whatever is reflected in the PNF's records.  Accordingly, the information Plaintiffs want to pursue by way of deposition of Mr. Khoury would more efficiently be developed through interrogatories that Defendants would answer based on review of such documents. For example, in the *Shatsky* matter discussed *supra*, the PLO searched the PNF's records for any transfers made from the PNF to the PFLP.  *See, e.g.,* Response to Interrogatory No. 9 (attached as Exhibit A).  Because the information Plaintiffs want can be found in Defendants' records, not in Mr. Khoury's memory, there is no reason to permit merits discovery on this point before the Court decides Defendants' Motion to Dismiss.

Nor is it appropriate for Plaintiffs to take the deposition of the Director-General of the PNF and a member of the PLO Executive Committee regarding information that is contained in

documentary evidence.  Under what has become known as the "apex doctrine," courts frequently limit deposition discovery from senior government officials and corporate officers.  *See, e.g.,* *Tierra Blanca Ranch High Country Youth Program v. Gonzales*, 329 F.R.D. 694, 696 (D.N.M. 2019), *objections overruled*, No. 2:15-cv-00850-KRS-GBW, 2019 WL 1487241 (D.N.M. Apr. 4, 2019) (recognizing that the apex doctrine applies to government officials as well as corporate officers); *Raymond v. Spirit AeroSystems Holdings, Inc.*, No. 16-1282-JWB-GEB, 2021 WL 1238269, at *4 (D. Kan. Apr. 2, 2021) (same).  "The Tenth Circuit has not addressed the apex doctrine, but district courts within the Tenth Circuit have adopted different versions of the doctrine."  *Lawson v. Spirit AeroSystems, Inc*., No. 18-1100-EFM-ADM, 2020 WL 1889016, at *4 (D. Kan. Apr. 16, 2020).

In this Court, government officials are protected "from the burdens of a deposition when <u>any</u> of the following circumstances exist: (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an <u>alternative discovery method</u>; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company."  *Naylor Farms, Inc. v. Anadarko OGC Co*., No. 11-cv-01528-REB-KLM, 2011 WL 2535067, at *1 (D. Colo. June 27, 2011) (emphasis added).

Here, Mr. Khoury has no unique personal knowledge of the information Plaintiffs seek, which can be obtained through alternative discovery methods.  "An executive has 'unique personal knowledge' only if he has information that cannot be had <u>through interrogatories</u>, deposition of a designated corporate spokesperson, or deposition testimony of other persons."  *Id*. at *3 (cleaned up) (emphasis added).  Plaintiffs have not identified any information that is uniquely personal to

Khoury that could not be more precisely and efficiently derived from Defendants' document review and presentation in an interrogatory answer, if appropriate following disposition of Defendants' Motion to Dismiss.[3]  Moreover, the fact that Mr. Khoury is in his seventies is no basis for subjecting foreign government officials to burdensome depositions when the information sought would be available through other means at an appropriate time.

### 4.  Plaintiffs' Request to Take the Deposition of Sultan Abu al-Einein Should Be Denied.

The requested deposition of Sultan Abu al-Einein is likewise unnecessary and wildly over-broad, given that Plaintiffs seek an answer to a single question: are the Facebook posts ones that Mr. al-Einein made?  *See* Opp. at 14 (Plaintiffs request "Abu al-Einein's video deposition in order to confirm the fact that the Facebook page on which the[] posts were published does in fact belong to him.").  Given that Mr. al-Einein is a senior official, it would be far more efficient to seek that information through a single interrogatory to Defendants at an appropriate time, and thus, there is no reason to subject Mr. Abu al-Einein, as a senior official, to a deposition before the Court decides Defendants' Motion to Dismiss.  *See supra* at 11.

For the reasons explained above, the opinions set forth in the Declaration of Dr. Ronni Shaked regarding Messrs. Khoury and al-Einein are irrelevant to the stay question before the Court, and there accordingly is no need for his appearance or examination.  Defendants' counsel

---

[3] In the interview cited in footnote 13 of the Shaked Declaration (DE 85-9), Mr. Khoury did not assert that he "personally has a unique, bird's-eye understanding of the PNF's payment flows," as claimed by Shaked.  *Id.* at ¶ 37.  Rather, Mr. Khoury's reference to his "unique wealth of knowledge" in that interview referred to the understanding of the Palestinian situation within both a domestic and international context that he gained as President Arafat's chief-of-staff.  *See* www.plo.ps/article/52072/.

so advised Plaintiffs' counsel in advance of the Court's January 3, 2023, Order on their premature motion concerning video testimony, but Plaintiffs' counsel failed to advise the Court.

### III.   The Public Interest Factor Favors a Stay of Discovery.

Plaintiffs misconstrue the public interest *String Cheese Incident* factor. When addressing this factor, the Court considers whether staying discovery serves the "strong interest held by the public in general regarding the prompt and efficient handling of all litigation." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *2 (D. Colo. June 22, 2011). Although filing a motion to dismiss for lack of jurisdiction does not automatically stay discovery, "courts are more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues." *Murphy v. Schaible, Russo, & Co.*, No. 19-cv-02808-WJM-NYW, 2020 WL 12698696, at *3 (D. Colo. Feb. 26, 2020) (collecting cases).  Plaintiffs do not respond to the cases cited by Defendants, which hold that when a 12(b)(2) motion contains more than conclusory assertions that jurisdiction is lacking, the public interest favors a stay.  *See Aurora Bank FSB*, 2013 WL 3146972, at *1; *Vora*, 2022 WL 14813723, at *1.  Surely, the public's interest in a prompt and efficient handling of this case is better served by staying discovery until the jurisdictional motion is resolved—and certainly not by proceeding to the merits when jurisdiction is not established, and when other courts have held that PSJVTA jurisdiction is unconstitutional.

In their attempt to reframe the public interest factor, Plaintiffs argue that when public officials allegedly are implicated in wrongdoing, the public interest weighs against staying discovery. *See* Opp. at 10.  These cases are inapplicable because none involves a situation in which the public officials moved to dismiss for lack of personal jurisdiction.  And worse still, Plaintiffs rely on *A.A. ex rel. Archuletta v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 2872045 (D. Colo. July

12, 2012), to make this argument.  However, Plaintiffs fail to mention that the defendant's objections to that opinion subsequently were sustained, and the Court ordered that all further proceeding be stayed pending resolution of the motion to dismiss.  *A.A. ex rel. Archuletta v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 5974170, at *2 (D. Colo. Oct. 9, 2012).  Further, as the Court has noted, the public interest in these cases is the concern that public officials are "operating within the bounds of the law."  *McGinn v. El Paso Cnty., Colo.*, No. 22-cv-01387-WJM-MDB, 2022 WL 16924058, at *4 (D. Colo. Nov. 14, 2022) (citation omitted).  In this case, however, the issue presently before the Court is not whether any official's conduct was lawful, but rather whether the suit itself is within the bounds of the law.  *Cf. Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 344 (2d Cir. 2016) ("the federal courts cannot exercise jurisdiction in a civil case beyond the limits prescribed by the due process clause of the Constitution").[4]  Thus, for these reasons, the public interest supports staying discovery.

---

[4] Plaintiffs also argue that the ATA constitutes a special cause of action in which the public has a particular interest in seeing discovery proceed.  The D.C. Circuit swiftly rejected a similar argument noting that "there is no indication that Congress thought ordinary due-process requirements would not apply [to the ATA]. And regardless, Congress cannot wish away a constitutional provision."  *Livnat*, 851 F.3d at 53.

## <u>CONCLUSION</u>

For the aforementioned reasons and those set forth in the Motion to Stay, the Court should stay discovery and all related proceedings (including initial disclosures, a scheduling order, and a scheduling conference) pending resolution of Defendants' Motion to Dismiss.


Dated:  January 4, 2023                    Respectfully submitted,


                                           *s/ Gassan A. Baloul*
                                           Gassan A. Baloul
                                           Mitchell R. Berger
                                           Squire Patton Boggs (US) LLP
                                           2550 M Street, N.W.
                                           Washington, D.C. 20037
                                           Telephone: (202) 457-6000
                                           Facsimile:  (202) 457-6315
                                           gassan.baloul@squirepb.com
                                           mitchell.berger@squirepb.com

                                           *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2023 a true and correct copy of the foregoing **DEFENDANTS' REPLY IN FURHTER SUPPORT OF THEIR MOTION TO STAY DISCOVERY AND RELATED PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS** was electronically served upon all counsel of record via *CM/ECF*.

*s/ Gassan A. Baloul*
Gassan A. Baloul