# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, )<br>)<br>)<br>Plaintiffs, )<br>v. )<br>)<br>THE SYRIAN ARAB REPUBLIC, *et al.*, )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 1:02cv02280 (RJL) |

## DEFENDANTS' OBJECTIONS AND ANSWERS TO
## PLAINTIFFS' SECOND SET OF INTERROGATORIES (NOS. 2-12)

Defendants The Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively "Defendants"), by their counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby respectfully submit their Objections and, where applicable, Supplemental Answers to Interrogatory Nos. 2-12 in "Plaintiffs' Second Set of Interrogatories (Nos. 2-12)," dated August 20, 2012 ("Interrogatory" or "Interrogatories") and state as follows:

### PRELIMINARY STATEMENT

1.      Any objections or answers provided are based on certain non-privileged information or documents presently available to Defendants or their counsel, as well as non-privileged information or documents that are publicly available. The objections or answers may not necessarily reflect information or documents that are currently within the possession, custody or control of other persons or entities. Defendants reserve the right to amend or supplement their objections or answers in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. The investigation and discovery of the facts and documents relating to this case are on-going. The objections or answers by Defendants to the Interrogatories, therefore, are based only upon such information and documents as are presently known to Defendants.

1282919.1

**EXHIBIT A**

2.      The exact wording of any objections or answers contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.      To the extent that any of the Interrogatories seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Interrogatories and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.      By providing information or referencing documents in an answer to an Interrogatory, Defendants do not concede that the information provided or documents referenced are relevant to this action or admissible at the trial of this action.  Additionally, Defendants do not concede that the Interrogatories for which they provide an Answer are reasonable.

5.      Defendants will amend or supplement their responses to these Interrogatories in the manner and to the extent required by Fed. R. Civ. P. 26(e).

## GENERAL OBJECTIONS

1.      Defendants object to the Interrogatories to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Interrogatories to the extent that Plaintiffs have failed to comply with their discovery and disclosure obligations under Rules 26(a)(1), 33, 34 and 45 of the Federal Rules of Civil Procedure, including with respect to many of the topics and persons set forth in Plaintiffs' Interrogatories and Requests for Production of Documents, who were not specifically referenced in Plaintiffs' Rule 26(a)(1) disclosure or identified in Plaintiffs'

1282919.1

**EXHIBIT A**

"objections" (and lack of responses to) Defendants' First Set of Interrogatories to Plaintiffs. Plaintiffs should not be permitted to withhold such information from Defendants while, at the same time, expect Defendants to speculate regarding the alleged relevance of such persons to Plaintiffs' claims and to produce extensive information and documents regarding such persons.

3.     Defendants object to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege. With respect to those Interrogatories to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5) and the Local Rules of this Court. Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

4.     Defendants object to the Interrogatories to the extent they seek information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

5.     Defendants object to the Interrogatories to the extent they seek information or documents from the Defendants' agents, officers, or employees, including to the extent that information or documents are unrelated to their employment or agency relationship with the Defendants.

6.     Defendants object to the Interrogatories to the extent they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to Interrogatories that seek "all" information or documents when fully

1282919.1

**EXHIBIT A**

responsive and/or relevant information may be supplied with less than "all" information or documents. *See* Plaintiffs' Interrogatory No. 2.

7.      Defendants object to the Interrogatories to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Interrogatories were intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce information or documents possessed by a separate, non-party entity.

8.      Defendants object to the Interrogatories to the extent they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful answer by Defendants.  Accordingly, Defendants make no representation that the answers to be provided necessarily include the information intended by the Plaintiffs.

9.      Defendants object to the Interrogatories to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources (including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

10.      Defendants object to the Interrogatories to the extent they seek the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

11.      By answering the Interrogatories, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding those

1282919.1

**EXHIBIT A**

Interrogatories.  Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Interrogatories, that such information or documents exist.

12.    Defendants object to the Interrogatories to the extent they are not appropriately limited in time.

13.    Defendants object to the Interrogatories to the extent they seek the production of any information or documents or things already provided to Plaintiffs and/or put into the record of this case.

14.    Defendants object to the Interrogatories to the extent they request Defendants to translate information or documents.

15.    Defendants object to Plaintiffs' Interrogatories on the grounds that, with sub-parts, Plaintiffs' total Interrogatories far exceed the twenty-five Interrogatory limit prescribed by Federal Rule of Civil Procedure 33(a)(1).  Even before taking into account the sub-parts contained within Plaintiffs' Interrogatory No. 2, the preamble to the sub-parts identifies at least nine discreet categories of information Plaintiffs seek from the PA and PLO with respect to each sub-part:  (1) "all transfers of funds" provided, (2) "material support or resources" provided, (3) whether the "material support or resources" was provided by the PA or PLO, (4) the "names and identities of the recipients of the funds or other material support and resources," (5) the "types of material support or resources" provided, (6) the "dates on which the funds or other material support or resources" were provided, (7) the "means by which the funds or other material support [or] resources" was provided, (8) the "full details" of "all bank accounts from which and to which the funds or other material support or resources" were provided, and (9) the "amount and/or value of the funds or other material support and resources" provided.  Given the nine

1282919.1

**EXHIBIT A**

categories of information sought by Plaintiffs for each of thirty-four sub-parts, Plaintiffs'

Interrogatory No. 2 alone constitutes at least three hundred and six (306) interrogatories under

the Federal Rules of Civil Procedure, which far exceeds Plaintiffs' twenty-five Interrogatory

limit prescribed by Federal Rule of Civil Procedure 33(a)(1).  Defendants object to answering

any more Interrogatories than required under the Federal Rules of Civil Procedure.

    16.    Defendants object to the date and time period for answers to the Interrogatories,

as described in the Interrogatories.  The date and time period are unreasonable under the

circumstances.

    17.    Defendants incorporate by reference every general objection set forth above into

the specific answers set forth below.  The failure to include any general objection in any specific

answer does not waive any general objection to the Interrogatory.

**SPECIFIC OBJECTIONS AND ANSWERS**

**INTERROGATORY NO. 2.a.:**

Detail in full all transfers of funds and/or other provision of material support or resources by the PA and the PLO to and/or to the control of the entities, individuals and bank accounts listed below, between January 1, 1994 and today, specifying whether the funds or other material support or resources was provided by the PA and/or PLO, the names and identities of the recipients of the funds or other material support and resources, the types of material support or resources provided (e.g., funds, safehouses, facilities, weapons, etc.), the dates on which the funds or other material support or resources were provided, the means by which the funds or other material support or resources was provided (e.g., wire transfer, cash, check, delivery in kind, etc.), the full details (i.e. the account names, the bank and branch names, and the account numbers) of all bank accounts from which and to which the funds or other material support or resources were provided, and the amount and/or value of the funds or other material support and resources provided:

a. The Popular Front for the Liberation of Palestine ("PFLP");

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections, including, without limitation, General Objection No. 2.  Defendants also

1282919.1

**EXHIBIT A**

hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and Responses to any related Requests in Plaintiffs' First and Second Requests for Production of Documents to Defendants.

In addition, Defendants specifically object to Interrogatory No. 2(a) on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome, particularly with respect to its time frame (i.e., an eighteen-year period prior to the date of the incident at issue in the case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all transfers of funds and/or other provision of material support or resources" and "full details" of "all bank accounts from which and to which the funds or other material support or resources were provided"); (b) the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "types of material support or resources," "means," "full details," "material support or resources" and "amount and/or value" are vague and ambiguous and fail to describe the information sought with sufficient particularity to allow for a meaningful answer by Defendants; (d) the use of the phrase "provision of material support or resources" and incorporation of its legal meaning in 18 U.S.C. § 2339A improperly requires a legal conclusion and attempts to convert these Interrogatories into Requests for Admission concerning a contested legal issue; and (e) as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**<u>ANSWER</u>:**

Subject to and without waiving the foregoing General and Specific Objections, including, Defendants state as follows:

1282919.1

**EXHIBIT A**

**As to the PA**:

The PA incorporates herein by reference, as if fully set forth herein, its Answer to Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to Defendants.

As of this time, and based on a reasonable search of its records, the PA has not identified any transfer of money from the Ministry of Finance of the PA to the PFLP within the time period set forth in the Request. In this regard, the PA also references any applicable testimony of its designee, Mr. Nadime Barahme, in this action on September 11, 2012.

**As to the PLO**:

The PLO incorporates herein by reference, as if fully set forth herein, its Answer to Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to Defendants.

As of this time, and based on a reasonable search of the records of the PNF, the PLO has not identified any transfer of money from the PNF to the PFLP from 1994 through and including December 31, 2006. In this regard, the PLO also references any applicable testimony of its designee, Mr. Yaser Shaqbu'a, in this matter on September 12, 2012.

Defendants' investigation of this case is continuing, and, to the extent Defendants discover additional, non-privileged information or documents that are responsive to this Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and to the extent required by Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 2.b.**:

Detail in full all transfers of funds and/or other provision of material support or resources by the PA and the PLO to and/or to the control of the entities, individuals and bank accounts listed below, between January 1, 1994 and today, specifying whether the funds or other material support or resources was provided by the PA and/or PLO, the names and identities of the recipients of the funds or other material support and resources, the types of material support or resources provided (e.g., funds, safehouses, facilities, weapons, etc.), the dates on which the funds or other material support or resources were provided, the means by which the funds or other material support or resources was provided (e.g., wire transfer, cash, check, delivery in

1282919.1

**EXHIBIT A**

kind, etc.), the full details (i.e. the account names, the bank and branch names, and the account numbers) of all bank accounts from which and to which the funds or other material support or resources were provided, and the amount and/or value of the funds or other material support and resources provided:

b.  Al Hadaf;

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 2.  Defendants also hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and Responses to any related Requests in Plaintiffs' First and Second Requests for Production of Documents to Defendants.

In addition, Defendants specifically object to Interrogatory No. 2(b) on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome, particularly with respect to its time frame (i.e., an eighteen-year period prior to the date of the incident at issue in the case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all transfers of funds and/or other provision of material support or resources" and "full details" of "all bank accounts from which and to which the funds or other material support or resources were provided"); (b) the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "types of material support or resources," "means," "full details," "material support or resources" and "amount and/or value" are vague and ambiguous and fail to describe the information sought with sufficient particularity to allow for a meaningful answer by Defendants; (d) the use of the phrase "provision of material support or resources" and incorporation of its legal meaning in 18 U.S.C. § 2339A improperly requires a legal conclusion and attempts to convert these Interrogatories into

1282919 1

**EXHIBIT A**

Requests for Admission concerning a contested legal issue; and (e) as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

ANSWER:

Subject to and without waiving the foregoing General and Specific Objections, including, Defendants state as follows:

**As to the PA:**

The PA incorporates herein by reference, as if fully set forth herein, its Answer to Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to Defendants.

As of this time, and based on a reasonable search of its records, the PA has not identified any transfer of money from the Ministry of Finance of the PA to the PFLP within the time period set forth in the Request. In this regard, the PA also references any applicable testimony of its designee, Mr. Nadime Barahme, in this action on September 11, 2012.

**As to the PLO:**

The PLO incorporates herein by reference, as if fully set forth herein, its Answer to Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to Defendants.

As of this time, and based on a reasonable search of the records of the PNF, the PLO has not identified any transfer of money from the PNF to the PFLP from 1994 through and including December 31, 2006. In this regard, the PLO also references any applicable testimony of its designee, Mr. Yaser Shaqbu'a, in this matter on September 12, 2012.

Defendants' investigation of this case is continuing, and, to the extent Defendants discover additional, non-privileged information or documents that are responsive to this

1282919.1

**EXHIBIT A**

Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and to the extent required by Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 2.c-hh.:**

Detail in full all transfers of funds and/or other provision of material support or resources by the PA and the PLO to and/or to the control of the entities, individuals and bank accounts listed below, between January 1, 1994 and today, specifying whether the funds or other material support or resources was provided by the PA and/or PLO, the names and identities of the recipients of the funds or other material support and resources, the types of material support or resources provided (e.g., funds, safehouses, facilities, weapons, etc.), the dates on which the funds or other material support or resources were provided, the means by which the funds or other material support or resources was provided (e.g., wire transfer, cash, check, delivery in kind, etc.), the full details (i.e. the account names, the bank and branch names, and the account numbers) of all bank accounts from which and to which the funds or other material support or resources were provided, and the amount and/or value of the funds or other material support and resources provided: c. Democratic Palestine; d. Maher al-Taher; e. Jamil Mizhar; f. Rabah Muhanna; g. Omar Shehadeh; h. Marwan Abdel-Al; i. Emad Abu Rahma; j. Abu Ahmad Fuad; k. Mahmoud Gharbawi; l. Leila Khaled; m. George Habash; n. Ahmed Hussein "Abu Maher" Al-Yamani; o. Abu Ali Mustafa; p. Khalida Jarrar (including without limitation any payments and/or benefits that the defendants claim were provided to Jarrar by virtue of her position in the PA legislature); q. Jamil Majdalawi (including without limitation any payments and/or benefits that the defendants contend were provided to Majdalawi by virtue of his position in the PA legislature); r. Abdel Rahim Malouh (including without limitation any payments and/or benefits that the defendants contend were provided to Majdalawi by virtue of his position in the PLO Executive Committee); s. Ahmed Saadat; t. Abu Ali Hassan Al-Mukhtar; u. Abu Ahmed Fuad Maraghah; v. Shaher Ali Al-Rai; w. Tayseer Qaba; x. Mohammed Mahmoud Mohammed Zeyd; y. Ali Zeyd; z. Thaer Daoud; aa. Raed Nazal; bb. Fatma Dana Nazal; cc. Mohammed Nazal; dd. Yousef Rai; ee. Maher Rai; ff. Ahmed Rai; gg. Mohammed Jaber; hh. Account no. 220094 and/or account no. 0013-373179-001 at the Bank of Beirut and the Arab Countries.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 2. Defendants also hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and Responses to any related Requests in Plaintiffs' First and Second Requests for Production of Documents to Defendants.

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 13
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 13 of 39

In addition, Defendants specifically object to Interrogatory No. 2(c)-(hh) on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome, particularly with respect to its time frame (i.e., an eighteen-year period prior to the date of the incident at issue in the case) and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all transfers of funds and/or other provision of material support or resources" and "full details" of "all bank accounts from which and to which the funds or other material support or resources were provided"); (b) the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "types of material support or resources," "means," "full details," "material support or resources" and "amount and/or value" are vague and ambiguous and fail to describe the information sought with sufficient particularity to allow for a meaningful answer by Defendants; (d) the use of the phrase "provision of material support or resources" and incorporation of its legal meaning in 18 U.S.C. § 2339A improperly requires a legal conclusion and attempts to convert these Interrogatories into Requests for Admission concerning a contested legal issue; and (e) as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

ANSWER:

On the basis of the foregoing General and Specific Objections, Defendants do not intend to respond to Interrogatory No. 2 (c)-(hh) unless and until the Plaintiffs (a) withdraw, modify, amend or limit Interrogatory No. 2 (c)-(hh) in order to address and cure Defendants' pending objections and (b) comply with Plaintiffs' disclosure and discovery obligations regarding the subject matter of Interrogatory No. 2 (c)-(hh).  Defendants are available at a mutually agreeable

1282919.1

**EXHIBIT A**

date and time to conduct a meet and confer concerning Defendants' Objections to Interrogatory No. 2(c)-(hh).

In addition, Defendants state as follows:

**As to the PA:**

The PA incorporates herein by reference, as if fully set forth herein, its Answer to Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to Defendants.

As of this time, and based on a reasonable search of its records, the PA has not identified any transfer of money from the Ministry of Finance of the PA to the persons or accounts listed in Interrogatory No. (m), (o), (r), (s) and (hh) within the time period set forth in the Request. In this regard, the PA also references any applicable testimony of its designee, Mr. Nadime Barahme, in this action on September 11, 2012.

**As to the PLO:**

The PLO incorporates herein by reference, as if fully set forth herein, its Answer to Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to Defendants.

As of this time, and based on a reasonable search of the records of the PNF, the PLO has not identified any transfer of money from the PNF to Interrogatory No. (m), (o), (r), (s) and (hh) from 1994 through and including December 31, 2006. In this regard, the PLO also references any applicable testimony of its designee, Mr. Yaser Shaqbu'a, in this matter on September 12, 2012.

Defendants' investigation of this case is continuing, and, to the extent Defendants discover additional, non-privileged information or documents that are responsive to this Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and to the extent required by Fed. R. Civ. P. 26(e).

1282919.1

**EXHIBIT A**

**INTERROGATORY NO. 3**:

Provide all information concerning Raed Nazal, including without limitation: (a) the full details of Raed Nazal's role in the bombing from which this action arises and (b) the full details of all positions and jobs held by Raed Nazal in the PA and/or PLO at any time, and/or all work and employment performed by Raed Nazal for the PA and/or PLO at any time, including without limitation: (i) the names, titles, nature, purposes, responsibilities and duties of all such positions, jobs, work and employment; (ii); the rank or ranks held by Raed Nazal in all such positions, jobs, work and employment; (iii) the time periods during which Raed Nazal held and provided such positions, jobs, work and employment; and (iv) the salary or other remuneration provided to Raed Nazal for all such positions, jobs, work and employment.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 2. Defendants also hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and Responses to any related Requests in Plaintiffs' First and Second Requests for Production of Documents to Defendants.

In addition, Defendants specifically object to Interrogatory No. 3 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome, particularly with respect to its lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b), as potentially construed, the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; and (c) as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**ANSWER**:

On the basis of the foregoing General and Specific Objections, Defendants do not intend to respond to Interrogatory No. 3 unless and until the Plaintiffs (a) withdraw, modify, amend or

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 16
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 16 of 39

limit Interrogatory No. 3 in order to address and cure Defendants' pending objections and (b)
comply with Plaintiffs' disclosure and discovery obligations regarding the subject matter of
Interrogatory No. 3.  Defendants are available at a mutually agreeable date and time to conduct a
meet and confer concerning Defendants' Objections to Interrogatory No. 3.

   In addition, Defendants state as follows:

**As to the PA**:

   Based on an investigation conducted to date of information and files reasonably available
to Defendants, the PA has identified documents that provide some of the information sought by
this Interrogatory related to Raed Nazal.  Pursuant to Federal Rule of Civil Procedure 33(d),
Defendants have produced those documents to Plaintiffs in accordance with Plaintiffs'
agreement that the documents will be governed by the Protective Order that has been granted and
that will be entered by the Court in this case.

   The PA further states that, from 1999 through approximately April 27, 2002, Raed Nazal
was listed an employee of the National Security Forces in Qalqilya.  He came into the
employment of the NSF after he was released from an Israeli prison in 1999 pursuant to a
process by which he could be rehabilitated.  Accordingly, Mr. Nazal was given an entry level
officer position.  After his date of hire, Mr. Nazal never reported to work, never received a
uniform and never was available to receive any assignment.  The goal of the process was to
control anti-Israeli violence by bringing suspected and/or convicted militants inside the security
or police forces where there would be a better chance of reforming their behavior.  Though not
always successful, this process was seen at the time as the most productive way to diffuse a
highly inflammatory situation, worsened by the repeated refusal of the Israeli government to
honor the Oslo framework and recognize a permanent and vibrant Palestinian state while

1282919.1

**EXHIBIT A**

enabling the Palestinian security and intelligence full authority and jurisdiction to enforce the laws, maintain order and prevent acts of violence.

As to the PLO:

The PLO is not aware of any allegation by Plaintiffs, let alone information or documents, indicating that Raed Nazal was an employee of the PLO at any time reasonably prior to the bombing incident at issue in this case.

Defendants' investigation of this case is continuing, and, to the extent Defendants discover additional, non-privileged information or documents that are responsive to this Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and to the extent required by Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 4:**

Detail in full all facts supporting the affirmative defenses set forth in defendants' answer to the complaint in this action.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 2.

In addition, Defendants specifically object to Interrogatory No. 4 on the grounds that, as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**ANSWER:**

Subject to and without waiving the foregoing General and Specific Objections, Defendants state as follows:

Defendants incorporate the facts, information and names of persons contained in the following: (a) their Motion to Vacate Default (including all related filings by Defendants relating

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 18
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 18 of 39

thereto); (b) their Answer to the Complaint (including denials of factual allegations contained therein); their Rule 26(a)(1) Disclosure (including all persons, information and documents referenced therein); (c) their Answers to Plaintiffs' First and Second Sets of Interrogatories; (d) any applicable documents that Defendants produce pursuant to Plaintiffs' First and Second Requests for Production of Documents in this case; and (e) any deposition testimony that was given, or would have been given, by their Rule 30(b)(6) designees in this case, including, without limitation, Jawad Amawi (on behalf of the PA) and Dr. Abdel Majid Swailem (on behalf of the PA and PLO). Defendants also refer to factual allegations made against the Syrian Defendants (as that term are defined in Defendants' First Set of Interrogatories to Plaintiffs) and various "John Doe Defendants" in this case and two other pending cases regarding the bombing incident at issue in this case that are inconsistent with or contradict Plaintiffs' claims and allegations against Defendants in this case.

   Persons with knowledge and information relating to Defendants' affirmative and factual defenses:  Persons who have knowledge and information relating to Defendants' affirmative and factual defenses include, without limitation, the following:

   1.    Jawad Amawi (Legal Advisor in the PA Ministry of Detainees' Affairs, Mr. Amawi possesses knowledge concerning Shaher Ali al-Rai, the legal status of the Palestinian Authority and various issues relating to Palestinian prisoners who have been held in prison by the State of Israel).

   2.    Raed Taha Mahmud Amayra (Legal Advisor in the PA Preventative Security Services for the West Bank, Mr. Taha possesses knowledge concerning the PA's efforts and ability to control militant activities in the West Bank during the period in which the bombing at issue in the case occurred; the October 2001 Presidential decree regarding the alleged "military

1282919.1

**EXHIBIT A**

wing" of the PFLP; and the nature of the PA's intelligence services and the laws and statutes that govern the dissemination of information gained through intelligence activities).

     3.      Nadime Aref al-Barahme (Director of the Palestinian Land Authority and former Legal Advisor in the PA Ministry of Finance, Mr. al-Barahme possesses knowledge concerning certain aspects of the PA's finances during the period in which the bombing at issue in the case occurred).

     4.      Ibrahim Abdullah Hamed Dahbour (Head of the Interrogation Department of the Qalqilya office of the PA General Intelligence Service, Mr. Dahbour possesses knowledge concerning the PA's efforts and ability to control militant activities in Qalqilya during the period in which the bombing at issue in the case occurred, as well as knowledge of certain information relating to Sadek Abdel Hafez).

     5.      Yaser Shaqbu'a (Employee of the Palestine National Fund, Mr. Shaqbu'a possesses knowledge concerning aspects of the PLO's finances through the PNF during the relevant time period, including the lack of any payments by the PLO through the PNF to the PFLP during certain periods of time).

     6.      Dr. Abdel Majid Swailem (Professor of Political Science at Al-Quds University, Dr. Swailem possesses knowledge concerning the relationship between the PA and/or PLO and the PFLP, as well as the structure and historical organization of the PA and PLO).

     7.      Major General Majed Faraj (Head of the PA General Intelligence Service, Major General Faraj possesses knowledge concerning the PA's efforts and abilities to control militant activities in the West Bank during the period in which the bombing at issue in the case occurred).

1282919.1

**EXHIBIT A**

8.      Hisham Jarrar (Legal Advisor in the PA General Intelligence Service, Mr. Jarrar possesses knowledge concerning the nature of the PA's intelligence services and the laws and statutes that govern the dissemination of information gained through intelligence activities).

9.      Mahmoud Noful (General Director for Property Taxes and Business Permits at the PA Ministry of Finance, Mr. Noful possesses knowledge concerning certain properties used by the PFLP in the West Bank at certain periods of time).

10.     Iyad al-Aqra (Employee in the PA Preventative Security Service in Qalqilya who was also an employee during the period in which the bombing at issue in the case occurred, Mr. al-Aqra possesses knowledge concerning certain persons in Qalqilya, including Raed Nazal and Shaher Ali al-Rai, as well as the PA's efforts and ability to control militant activities in Qalqilya during the period in which the bombing at issue in the case occurred).

11.     Brigadier General Azzam Zakarneh (Director of PA General Intelligence Service Headquarters in Ramallah and Former head of the PA General Intelligence Service in Qalqilya during the period in which the bombing at issue in the case occurred, Brigadier General Zakarneh possesses knowledge concerning the PA's efforts and ability to control militant activities in Qalqilya during the period in which the bombing at issue in the case occurred).

Additional factual information relating to Defendants' affirmative and factual defenses: Several of the persons referenced or described above, including, without limitation, Dr. Abdel Majid Swailem, have knowledge of additional facts relating to Defendants' affirmative and factual defenses, including, without limitation, the following:

The PLO was established in 1964 under the influence of Abdel Gamal al Nasser, who calculated that, in order to be able to control and influence disparate trends spread across the Palestinian diaspora, Palestinians needed a larger organization to satisfy their national aspiration.

1282919.1

**EXHIBIT A**

The PLO's inclusiveness was one of its hallmarks – critical to the first meeting of the Palestine National Council ("PNC") was the agreement of all Palestinian political groups, movements and factions to participate. These included Fatah, the Popular Front for the Liberation of Palestine ("PFLP"), and many others.

Once launched, the PLO established the Palestinian Liberation Army and drafted a document which was first referred to as the Palestinian Patriotic Charter, and later became the Palestinian National Charter. Following the 1967 war, many of the Arab regimes collapsed, but Fatah and the other factions reformulated the PNC, and for the first time, a voting quota was established. The PLO became a model of representative "government" in that the PNC hosted representatives of all factions, the grassroots organizations, independent groups, and members of the diaspora. However, the PLO had no homogeneous structure, no structural rules, and no regulation controlling its internal operations. Rather, the PLO was formed as a voluntary alliance with no well-defined internal relationships. The only thing that connected the entity was its general political platform.

Following the October 1973 war, the Palestinian people began searching for a political settlement. The Palestinians had a representative body – the PLO – which had, until then, never been recognized on the international stage. The PLO saw an opportunity to assert itself and it sought to gain acceptance and credibility in the international community. Thus, in 1974, at the PNC convention, the PLO announced its ten-point plan, which clearly signaled that the Palestinians wanted to establish political authority over liberated land, no matter how limited the territorial concession. Soon thereafter, at the 1976 Arab League Summit in Rabat, the Arab League officially recognized the PLO as the sole legitimate representative of the Palestinian people.

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 22
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 22 of 39

In 1988, the PLO recognized UN resolution 242, which sought the withdrawal of Israelis from Palestinian territory in return for peace based on international diplomacy. At that time the PLO outlined its vision to establish a Palestinian state on land occupied in 1967 on the basis of a two-state solution for two people. The PLO also agreed to address the right of return in accordance with UN resolution 194, which called for the return of refugees to their homes. The PLO sealed the path to a political settlement when it responded to a request by then-Secretary of State, George Schultz, to renounce terrorism and violence. Soon thereafter, the United States opened a political dialogue with the PLO, as did nearly every other country in the world.

The political shift in the PLO over time was the result of a responsive process, not only because of external pressures, but also because of an internal dialogue within the PLO about the importance of engaging the international community in the interest of the Palestinian people. Because the international community as a whole participated in the creation of Israel, PLO leaders argued, Palestinians should then involve the international community to do the same. The Oslo Accords followed from communications between Israel and the PLO, wherein the Palestinians recognized Israel as a people and a state, and Israel recognized the PLO as the sole legitimate representative of the Palestinian people, thus recognizing the political right and aspirations of the Palestinian people. Embedded within Oslo was the idea that peace could result only when there were negotiations and mutual recognition. It was in that light, and with that background, that the PA was established.

The PA exists to govern the Palestinian people within the Palestinian territories. The PA's jurisdiction is limited to the Occupied Territories, while all things abroad having to do with the diaspora or Palestinian relations beyond the Occupied Territories fall under the PLO's mandate. The PA functions as an administrative entity which sets up economic and social

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 23
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 23 of 39

programs, plans for long-term development, and maintains law and order. Accordingly, the PA has drafted legislation that is in in line with the culture of peace set up through the Oslo Accords while at the same time preventing military activity independent of its authority. The PA, however, has very limited powers. Under the terms of its creation, the PA has no control over areas within the West Bank designated as Area C, despite the fact that Area C makes up nearly 60% of the West Bank. After Israel's 2002 incursions into Palestinian territory, even Area A, which is ostensibly under PA control, came under siege and fell into disarray, reflecting the reality that the PA possessed very limited control in the Occupied Territories.

There have always been militant Palestinians who seek, individually or together, to fight against Israel and its occupying force. Some of these Palestinians identify themselves with political factions. However, the PLO does not exercise control over its constituent political organizations because its own structure does not allow it to do so. Indeed, the PLO and the PA have very little control over the so-called military wings of the political organizations that fall under their umbrella because these military wings are largely clandestine. In addition, because political organizations that have self-identifying military wings are totally separated one from the other, it is difficult for the PLO or the PA to trace their activity. The political organizations themselves have not demonstrated control over Palestinian militants who claim to support or be members of a particular political organization. Some of these militant groups are created in reaction to Israeli actions, such as the group of militants who called themselves the "Abu Ali Mustafa Martyrs Brigades," created in reaction to the assassination of PFLP Secretary-General Abu Ali Mustafa in August 2001. Regardless, neither the political organizations nor the umbrella above them have the ability to exert control over small groups of Palestinian militants. The general chaos of the situation may be demonstrated by the fact that certain military

1282919 1

**EXHIBIT A**

operations have been claimed to have been carried out by as many as three different militant groups, with the distinct possibility that none of the three actually had a hand in the operation.

Moreover, the actions of small groups of Palestinian militants violate Palestinian law, causing them to be pursued by the PA security services, and hundreds of such militants have been incarcerated or held in Palestinian prisons since the Oslo Accords took effect. This includes Palestinian militants who claim to be members of the PFLP.

The PFLP has had a contentious relationship with both the PLO and the PA. Early in the Oslo process, the PFLP asked it members not to recognize the PA or serve in its security services. Nonetheless, many members of the PFLP did serve in the security services, and the security leadership would often say that soldiers affiliated with the PFLP are the best soldiers, even though their membership in the ranks of the security forces made them PFLP outcasts. Eventually, the PFLP changed its position. And so it has been that the PFLP has disputed PLO decisions, but never left membership in the PLO. Indeed, the PFLP would often freeze its participation in the Executive Committee but it would remain in the PNC because the PFLP has a representational role in the PNC.

On the whole, it is not uncommon for the PLO factions to fight with the PLO while they have members on the PLO Executive Committee. Indeed, one off-shoot of the PFLP – the PFLP-General Command (based in Syria), fought alongside Syria in the the1982 siege of Yasser Arafat and the Fatah movement in Tripoli, even though the PFLP proper was represented in the PLO. The contentious relationship between the PFLP and the PLO, both historically and currently, is symptomatic of the general nature of the PLO as a voluntary association lacking a unitary purpose save for its inclusiveness of all aspects of the Palestinian diaspora.

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 25
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 25 of 39

Defendants' investigation of this case is continuing, and, to the extent Defendants discover additional, non-privileged information or documents that are responsive to this Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and to the extent required by Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 5:**

Provide the full details and substance of all communications between the PA and/PLO (including any employee, agent, or attorney of the PA and/or PLO) and the PFLP (including any employee, agent, or attorney of the PFLP) concerning the instant case.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 2. Defendants also hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and Responses to any related Requests in Plaintiffs' First and Second Requests for Production of Documents to Defendants.

In addition, Defendants specifically object to Interrogatory No. 5 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome, particularly with respect to its lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b), as potentially construed, the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; and (c) as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 26
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 26 of 39

**ANSWER:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to respond to Interrogatory No. 5 unless and until the Plaintiffs (a) withdraw, modify, amend or limit Interrogatory No. 5 in order to address and cure Defendants' pending objections and (b) comply with Plaintiffs' disclosure and discovery obligations regarding the subject matter of Interrogatory No. 5.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Interrogatory No. 5.

In addition, Defendants state as follows:

**As to the PA:**

As of this time, the PA is not aware of any communication that one of its employees has had with a person known to be a member of the PFLP, in that capacity, concerning this lawsuit.

**As to the PLO:**

As of this time, the PLO is not aware of any communication that one of its employees has had with a person known to be a member of the PFLP, in that capacity, concerning this lawsuit.

Defendants' investigation of this case is continuing, and, to the extent Defendants discover additional, non-privileged information or documents that are responsive to this Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and to the extent required by Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 6:**

Provide the full details and substance of all communications between the PA and/PLO (including any employee, agent, or attorney of the PA and/or PLO) and any witness in this case and/or any person served with a subpoena in this case (including any employee, agent, or attorney of such witness or person) concerning the instant case.

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 27
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 27 of 39

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 2.  Defendants also hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and Responses to any related Requests in Plaintiffs' First and Second Requests for Production of Documents to Defendants.

In addition, Defendants specifically object to Interrogatory No. 6 on the grounds that:  (a) the Interrogatory is overly broad and unduly burdensome, particularly with respect to its lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b), as potentially construed, the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; and (c) as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**ANSWER:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to respond to Interrogatory No. 6 unless and until the Plaintiffs (a) withdraw, modify, amend or limit Interrogatory No. 6 in order to address and cure Defendants' pending objections and (b) comply with Plaintiffs' disclosure and discovery obligations regarding the subject matter of Interrogatory No. 6.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Interrogatory No. 6.

1282919 1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV    Document 90-1    filed 01/04/23    USDC Colorado    pg 28
of 38
Case 1:02-cv-02280-RJL    Document 173-15    Filed 11/05/12    Page 28 of 39

In addition, Defendants state as follows:

**As to the PA**:

As of this time, the PA is not aware of any communication that one of its employees has

had with a non-party witness who was served with a subpoena in this case, in that capacity,

concerning this lawsuit.

**As to the PLO**:

As of this time, the PLO is not aware of any communication that one of its employees has

had with a non-party witness who was served with a subpoena in this case, in that capacity,

concerning this lawsuit.

Defendants' investigation of this case is continuing, and, to the extent Defendants

discover additional, non-privileged information or documents that are responsive to this

Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and

to the extent required by Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 7:**

Provide the full details and substance of any and all documents or information responsive
to any discovery request served by plaintiffs in this action that defendants contend have been
lost, destroyed, or removed from the defendants' possession, custody, or control since the date of
the filing of this action, including the full details of when and how such documents or
information were lost, destroyed, or removed from defendants' possession, custody, or control.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections, including, without limitation, General Objection No. 2.  Defendants also

hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and

Responses to any related Requests in Plaintiffs' First and Second Requests for Production of

Documents to Defendants.

1282919.1

**EXHIBIT A**

In addition, Defendants specifically object to Interrogatory No. 7 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome, particularly with respect to its lack of time frame and lack of any reasonable restrictions as to the scope of information it requests; (b), as potentially construed, the Interrogatory requires Defendants to speculate regarding whether documents existed at some point earlier in time that might have been responsive and properly discoverable pursuant to written discovery requests served by Plaintiffs in 2012; (c) as potentially construed, the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; and (d) as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**ANSWER:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to respond to Interrogatory No. 7 unless and until the Plaintiffs (a) withdraw, modify, amend or limit Interrogatory No. 7 in order to address and cure Defendants' pending objections and (b) comply with Plaintiffs' disclosure and discovery obligations regarding the subject matter of Interrogatory No. 7. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Interrogatory No. 7.

In addition, Defendants state that the State of Israel has destroyed many documents and facilities in the Occupied Palestinian Territory over the course of many years. In this regard, Defendants refer to applicable portions of the deposition testimony of several of their Rule 30(b)(6) designees in this action.

1282919.1

**EXHIBIT A**

Defendants' investigation of this case is continuing, and, to the extent Defendants

discover additional, non-privileged information or documents that are responsive to this

Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and

to the extent required by Fed. R. Civ. P. 26(e).

## INTERROGATORY NO. 8:

In respect to each document produced or disclosed by defendants in this action state:  (i)
when and how the document produced or disclosed came into defendants' possession, custody
or control, the locations in which the document was kept and/or located since it came into
defendants' possession, custody or control, and the identities, titles and positions of all
custodians of the document since it came into defendants' possession, custody or control;
(ii) whether the document produced or disclosed is an authentic copy of an original document;
(iii) when and how such original document came into defendants' possession, custody or
control; (iv) the date and place that such original document was created and/or generated; (v)
the circumstances in which and reasons that such original document was created and/or
generated; (vi) the identities, titles and positions of all persons who took part in creating and/or
generating such original document, and the role or part of each such person in creating and/or
generating such original document; (vii) the locations in which such original document was kept
and/or located since its creation and/or generation; (viii) the identities, titles and positions of all
custodians of such original document since its creation and/or generation; and (ix) in the case of
any documents produced by defendants in purported reliance on Fed.R.Civ.P. 33(d) – all facts
supporting any assertion by the defendants that the requirements of Rule 33(d) are met in
respect to that document.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections, including, without limitation, General Objection No. 2.  Defendants also

hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and

Responses to any related Requests in Plaintiffs' First and Second Requests for Production of

Documents to Defendants.

In addition, Defendants specifically object to Interrogatory No. 8 on the grounds that:  (a)

the Interrogatory is overly broad and unduly burdensome, particularly with respect to its lack of

time frame and lack of any reasonable restrictions as to the scope of information it requests; (b)

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 31
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 31 of 39

as potentially construed, the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; and (c) as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**ANSWER:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to respond to Interrogatory No. 8 unless and until the Plaintiffs (a) withdraw, modify, amend or limit Interrogatory No. 8 in order to address and cure Defendants' pending objections and (b) comply with Plaintiffs' disclosure and discovery obligations regarding the subject matter of Interrogatory No. 8. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Provide the full details of all searches conducted by defendants for documents and information responsive to the discovery requests served by plaintiffs in this action, including the full details (including the location) of all archives, files, document storage locations and electronic databases searched, and the identities, titles and positions of every person asked by defendants or their counsel to identify and/or provide responsive information or documents.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 2. Defendants also hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and Responses to any related Requests in Plaintiffs' First and Second Requests for Production of Documents to Defendants.

1282919.1

**EXHIBIT A**

In addition, Defendants specifically object to Interrogatory No. 9 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome; (b) as potentially construed, the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; and (c) as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

ANSWER:

On the basis of the foregoing General and Specific Objections, Defendants do not intend to respond to Interrogatory No. 9 unless and until the Plaintiffs (a) withdraw, modify, amend or limit Interrogatory No. 9 in order to address and cure Defendants' pending objections and (b) comply with Plaintiffs' disclosure and discovery obligations regarding the subject matter of Interrogatory No. 9. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Interrogatory No. 9.

In addition, Defendants state as follows:

**As to the PA:**

As of this time, the PA has conducted extensive factual and documentary searches at the direction and/or request of counsel to identify information and documents that might be responsive to Plaintiffs' discovery requests. Those searches have included searches for potentially responsive records, if any, in the PA Ministry of Finance, the PA Central Financial Directorate, the Presidential Archives, the PA Ministry of Detainees and Ex-Detainees Affairs, the PA Office of Military Justice, the PA General Intelligence Service, the PA Preventive Security Service, the PA National Security Forces and WAFA.

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 33
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 33 of 39

**As to the PLO**:

As of this time, the PLO has conducted extensive factual and documentary searches at the direction and/or request of counsel to identify information and documents that might be responsive to Plaintiffs' discovery requests. Those searches have included searches for potentially responsive records, if any, in the Palestine National Fund.

Defendants' investigation of this case is continuing, and, to the extent Defendants discover additional, non-privileged information or documents that are responsive to this Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and to the extent required by Fed. R. Civ. P. 26(e).

## INTERROGATORY NO. 10:

Provide the full details of all real properties located in Ramallah-Al Bireh, Qalqilya, Jenin, Tulkarem, Nablus, Hebron, Jericho, Bethlehem and the Gaza Strip that were used by the PFLP for any purpose between January 1, 1994 and February 16, 2002, including without limitation the description, location, ownership, sources of funds used to purchase and/or or rent such properties, and the uses to which such properties were put by the PFLP.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 2. Defendants also hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and Responses to any related Requests in Plaintiffs' First and Second Requests for Production of Documents to Defendants.

In addition, Defendants specifically object to Interrogatory No. 10 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome; (b) as potentially construed, the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; and (c)

1282919.1

**EXHIBIT A**

as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

ANSWER:

On the basis of the foregoing General and Specific Objections, Defendants do not intend to respond to Interrogatory No. 10 unless and until the Plaintiffs (a) withdraw, modify, amend or limit Interrogatory No. 10 in order to address and cure Defendants' pending objections and (b) comply with Plaintiffs' disclosure and discovery obligations regarding the subject matter of Interrogatory No. 10. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Interrogatory No. 10.

In addition, Defendants state as follows:

**As to the PA:**

As of this time, the PA has produced to Plaintiffs in this action certain documents that relate to real property in Qalqilya that may or may not have been leased to the PFLP during a time period shortly before and including the incident at issue in this case. In this regard, defendant PA also refers to the deposition testimony of its designee, Mr. Nadime Barahme, taken in this action on September 11, 2012.

**As to the PLO:**

As of this time, the PLO has not identified any documents in the possession of the PNF relating to any real property in Qalqilya that may or may not have been leased to the PFLP.

1282919.1

**EXHIBIT A**

Defendants' investigation of this case is continuing, and, to the extent Defendants discover additional, non-privileged information or documents that are responsive to this Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and to the extent required by Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 11:**

In respect to any discovery request served by plaintiffs in this action in response to which defendants have both objected and produced documents and/or information notwithstanding and/or subject to their objections, provide the full details of the criteria (if any) applied and/or used by defendants in deciding which documents and/or information to produce and which documents and/or information not to produce.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 2. Defendants also hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and Responses to any related Requests in Plaintiffs' First and Second Requests for Production of Documents to Defendants.

In addition, Defendants specifically object to Interrogatory No. 11 on the grounds that: (a) the Interrogatory is overly broad and unduly burdensome; (b) as potentially construed, the Interrogatory seeks information that is irrelevant to any party's claims or defenses, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; and (c) as potentially construed, the Interrogatory seeks information protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**ANSWER:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to respond to Interrogatory No. 11 unless and until the Plaintiffs (a) withdraw, modify, amend or

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 36
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 36 of 39

limit Interrogatory No. 11 in order to address and cure Defendants' pending objections and (b)

comply with Plaintiffs' disclosure and discovery obligations regarding the subject matter of

Interrogatory No. 11.  Defendants are available at a mutually agreeable date and time to conduct

a meet and confer concerning Defendants' Objections to Interrogatory No. 11.

**INTERROGATORY NO. 12:**

Provide the full details of the terrorist attack from which this case arises, including
without limitation the full details regarding the identities of all persons and/or entities involved in
planning, organizing and/or carrying out the attack.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections, including, without limitation, General Objection No. 2.  Defendants also

hereby incorporate by reference, as if fully set forth herein, Defendants' Objections and

Responses to any related Requests in Plaintiffs' First and Second Requests for Production of

Documents to Defendants.

In addition, Defendants specifically object to Interrogatory No. 9 on the grounds that:  (a)

the Interrogatory is overly broad and unduly burdensome; (b) as potentially construed, the

Interrogatory requires Defendants to speculate regarding circumstances that were beyond the

jurisdiction of Defendants to investigate; and (c) as potentially construed, the Interrogatory seeks

information protected by the attorney-client privilege, the work-product doctrine and other

applicable privileges or protections.

**ANSWER:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend

to respond to Interrogatory No. 12 unless and until the Plaintiffs (a) withdraw, modify, amend or

limit Interrogatory No. 12 in order to address and cure Defendants' pending objections and (b)

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 37
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 37 of 39

comply with Plaintiffs' disclosure and discovery obligations regarding the subject matter of

Interrogatory No. 12. Defendants are available at a mutually agreeable date and time to conduct

a meet and confer concerning Defendants' Objections to Interrogatory No. 12.

**As to the PA:**

On information and belief, the bombing incident at issue in this case occurred in an area

from which the State of Israel precluded the PA, including PA security and intelligence forces,

from operating or having any jurisdiction. Additionally, in the period leading up to and

including the bombing incident at issue in the case, the military and security forces of the State

of Israel had placed additional restrictions and limitations on the movement of the PA, including

PA security and intelligence forces, in Qalqilya. Accordingly, the PA, including PA security and

intelligence forces, had neither the jurisdiction nor the ability to conduct a proper, independent

investigation of the scene of the bombing incident or various aspects of the bombing incident.

On information and belief, the person who committed the bombing was named Sadek Abdel

Hafez, and some person or persons claiming to be members of the "military wing" of the PFLP

issued a public announcement claiming responsibility or credit for the bombing.

**As to the PLO:**

Prior to, at the time of and subsequent to the bombing incident at issue in this case, the

PLO had no power, jurisdiction or ability to investigate such incidents and did not do so.

Defendants' investigation of this case is continuing, and, to the extent Defendants

discover additional, non-privileged information or documents that are responsive to this

Interrogatory, Defendants will further supplement their answer to this Interrogatory when, as and

to the extent required by Fed. R. Civ. P. 26(e).

1282919.1

**EXHIBIT A**

Case No. 1:21-cv-03043-GPG-STV   Document 90-1   filed 01/04/23   USDC Colorado   pg 38
of 38
Case 1:02-cv-02280-RJL   Document 173-15   Filed 11/05/12   Page 38 of 39

Dated:  September 19, 2012                    Respectfully submitted,

Richard A. Hibey (No. 74823)
Mark J. Rochon (No. 376042)
Charles F. B. McAleer, Jr. (No. 388681)
Timothy P. O'Toole (No. 469800)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W., Suite 900
Washington D.C.  20005-6701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)

*Attorneys for Defendants The Palestinian Authority
and The Palestine Liberation Organization*

1282919 1

**EXHIBIT A**