UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

SHELLEY LEVINE, *et al.*,

    Plaintiffs,

- v -

THE PALESTINE LIBERATION
ORGANIZATION and
THE PALESTINIAN AUTHORITY,

    Defendants.

Case No. 21-cv-03043

# DEFENDANTS' RESPONSE TO
# PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this response to Plaintiffs' Notice Of New Supplemental Authority Relevant to Defendants' Pending Motion To Dismiss (DE 92) concerning the Second Circuit's decision in *Freeman v. HSBC Holdings PLC*, __ F.4th __, 2023 WL 105568 (2d Cir. Jan. 5, 2023), which affirmed dismissal of plaintiffs' JASTA conspiracy claim.  Contrary to Practice Standard IV.E.4 of the Practice Standards (Civil) of Judge Raymond P. Moore, Plaintiffs' submission purports to provide "analysis . . . of the asserted supplemental authority." Thus, Defendants submit this brief response to Plaintiffs' legal arguments therein, should the Court be inclined to consider them.

In *Freeman*, the Second Circuit affirmed dismissal of plaintiffs' JASTA conspiracy claim and reiterated "to assert a conspiracy claim under JASTA, a plaintiff must plead an *agreement* between two or more persons . . . to participate in an unlawful act." *Id.* at *7 (cleaned up).  As explained in Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, "Plaintiffs here have not alleged facts to plausibly plead that Defendants agreed with the Attackers *or the PFLP* to commit the Attack or any other act of international terrorism." DE 58 at 39 (emphasis added).

*See also* Defendants' Reply in Support of Their Motion To Dismiss Plaintiffs' First Amended Complaint (DE 76) at 29 (Plaintiffs "fail to show an agreement to commit the Attack between the Defendants on the one hand, and the Attackers *or the PFLP* on the other.") (emphasis added); *id.* at 30 ("Similarly, Plaintiffs do not plausibly plead that the Defendants had an agreement with the PFLP to carry out the Attack or any other act of international terrorism."). Plaintiffs contend that *Freeman* only requires a showing that "Defendants and the terrorist organization carrying out the terrorist attack—here the PFLP—are part of a common conspiracy, and does not require that the defendant conspire with the individual terrorist perpetrators[.]" DE 92 at 2. Plaintiffs' argument is beside the point, because *Freeman* confirms that, in the first instance, a JASTA conspiracy claim requires an agreement between Defendants and a co-conspirator to carry out an act of international terrorism. *Freeman*, 2023 WL 105568, at *7. And fatal to Plaintiffs' conspiracy claim is their failure to show *any agreement* between the Defendants and the PFLP (let alone the Attackers) to commit an act of international terrorism. DE 76 at 29-31.

Likewise, Plaintiffs' claim that "the FAC in this case alleges in detail . . . a common scheme between Defendants and the PFLP to use terrorism to advance their joint political goals" fares no better. DE 92 at 2. As discussed in Defendants' Reply, "at most, [Plaintiffs] allege that Defendants and the PFLP have certain overlapping political goals, not an agreement to commit an act of terrorism or use terrorism to advance those goals." DE 76 at 30.

Dated: January 23, 2023

Respectfully submitted,

**SQUIRE PATTON BOGGS (US) LLP**

By: /s/ Gassan A. Baloul
Gassan A. Baloul (DC Bar 1034245)
gassan.baloul@squirepb.com

- 3 -

                Mitchell R. Berger (DC Bar 385467)
                mitchell.berger@squirepb.com

                2550 M Street, NW
                Washington, DC 20037
                Telephone: (202) 457-6000
                Facsimile:  (202) 457-6315

                717 17th Street, Suite 1825
                Denver, CO 80202
                Telephone: (303) 830-1776
                Facsimile:  (303) 894-9239

                *Attorneys for Defendants*

- 4 -

## CERTIFICATE OF SERVICE

Gassan A. Baloul, an attorney duly admitted to practice before this Court, certifies that on January 23, 2023, I caused true and correct copies of the foregoing to be served on Plaintiffs' counsel of record via electronic filing on the Court's CM/ECF system.

Dated:  January 23, 2023

    *Gassan A. Baloul*