## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-03043-GPG-STV

SHELLEY LEVINE, *et al.*,

                        Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian National Authority"),

                        Defendants.

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER RULE 12(B)(2) AND RULE 12(B)(6) (ECF # 58)

Defendants the Palestine Liberation Organization and the Palestinian Authority (collectively, "Defendants") submit the attached supplemental authority, *Twitter, Inc. v. Taamneh*, No. 21-1496, 2023 WL 3511531 (U.S. May 18, 2023), in support of their Motion to Dismiss Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6) (ECF # 58) ("Motion to Dismiss"). Specifically, *Taamneh* confirms that the American Plaintiffs fail to state a claim for aiding and abetting liability under 18 U.S.C. § 2333(d)(2) of the Anti-Terrorism Act ("ATA"). *See*

Motion to Dismiss at 40-43; *see also* Defendants' Reply in Support of Their Motion to Dismiss Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6) ("Reply") at 31-36.[1]

*Taamneh* held that plaintiffs' allegations that defendant social media companies aided and abetted ISIS in the terror attack at the Reina nightclub in Turkey fail to state a claim under Section 2333(d)(2). *Taamneh,* 2023 WL 3511531, at *18. The Court's analysis focused on (1) what it means to "aid and abet" under Section 2333(d)(2); and (2) precisely what the defendant must have "aided and abetted." *Id.* at *7. As to the first issue, *Taamneh* held that the phrase "aids and abets" in Section 2333(d)(2) "refers to a conscious, voluntary, and culpable participation in another's wrongdoing." *Id.* at *11. This inquiry is "designed to capture the defendants' state of mind with respect to their actions and the tortious conduct." *Id.* at *17. The Court found that the "essence" of aiding and abetting under Section 2333(d)(2), as in common law, is "participation in another's wrongdoing that is both significant and culpable enough to justify attributing the principal wrongdoing to the aider and abettor." *Id.* "In other words, the defendant has to take some 'affirmative act' 'with the **intent of facilitating** the offense's commission.'" *Id.* at *10 (citations omitted) (emphasis added).

---

[1] The Court need not address this alternative argument in the Motion to Dismiss, however, because as an initial matter, it should dismiss the First Amended Complaint ("FAC") (ECF # 50) for lack of personal jurisdiction over Defendants. Plaintiffs primarily rely on the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), 18 U.S.C. § 2334(e), to support personal jurisdiction, yet every federal court to address the constitutionality of the PSJVTA has found it violates the Due Process Clause of the Fifth Amendment. Motion to Dismiss at 1-14. The constitutionality of the PSJVTA is now squarely in front of the United States Court of Appeals for the Second Circuit, which heard oral argument on the issue on May 3, 2023. *Sokolow v. PLO,* No. 15-3135 (2d Cir.) (ECF # 555); *Fuld v. PLO,* No. 22-496 (2d Cir.) (ECF # 160).

2

As to the second question, *Taamneh* held that the statute "requires that defendants have aided and abetted the act of international terrorism that injured the plaintiffs." *Id.* at *13. In other words, "it is not enough . . . that a defendant have given substantial assistance to a transcendent 'enterprise' separate from and floating above all the actionable wrongs that constitute it. Rather, a defendant must have aided and abetted (by knowingly providing substantial assistance) another person in the commission of the actionable wrong—here, an act of international terrorism." *Id.* at *12.

The Court unanimously concluded that the *Taamneh* plaintiffs failed to allege that defendants consciously, voluntarily or culpably participated in or supported the attack at issue in that case (the Reina attack) because "[p]laintiffs allege only that defendants supplied generally available virtual platforms that ISIS made use of, and that defendants failed to stop ISIS despite knowing it was using those platforms. Given the lack of nexus between that assistance and the Reina attack, the lack of any defendant intending to assist ISIS, and the lack of any sort of affirmative and culpable misconduct that would aid ISIS, plaintiffs' claims fall far short of plausibly alleging that defendants aided and abetted the Reina attack." *Id.* at *17.

*Taamneh* confirms that Plaintiffs' allegations in the FAC of generalized support by Defendants to the PFLP likewise fail to state a claim under Section 2333(d)(2). *See* Motion to Dismiss at 40-43; Reply at 31-36. As in *Taamneh*, Plaintiffs have failed to draw any nexus between the generalized funding and support allegedly provided by Defendants to all political factions, including the PFLP, and the attack at issue in the FAC. *Id.* Indeed, *Taamneh* expressly rejected Plaintiffs' position that general support of the PFLP is sufficient under Section 2333(d)(2). *Compare Taamneh,* 2023 WL 3511531, at *12 ([I]t is not enough . . . that a defendant have given

3

substantial assistance to a transcendent 'enterprise'") *with* Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF # 69) at 47 ("Defendants are liable under § 2333(d)(2) because they aided and abetted the PFLP."). Nor have Plaintiffs plausibly alleged that Defendants took their alleged actions with the "intent of facilitating" acts of international terrorism.

Moreover, as in *Taamneh,* the allegations of generalized support that Defendants give to all political factions, including monetary support as well as use of radio frequencies and website domains (FAC, ¶¶128-146), do not state a claim for culpable assistance or participation in the attack at issue in the FAC. "[P]laintiffs point to no act of encouraging, soliciting, or advising the commission of the [] attack that would normally support an aiding and abetting claim." *Taamneh,* 2023 WL 3511531, at *15. In fact, Plaintiffs fail to identify *any* nexus between Defendants and the attack at issue in this case. *Compare id.* at *16 ("[T]he question is whether defendants gave substantial assistance to ISIS **with respect to** the [] attack. **The focus thus must remain on the [] attack**[.]") (emphasis added) *with* Reply at 32 ("The FAC fails to draw any link whatsoever between the Attack (or the Attackers) and support allegedly provided by the Defendants.").

Plaintiffs have fallen well short of plausibly alleging that Defendants gave such knowing and substantial assistance to the PFLP that they culpably participated in the attack at issue in the FAC. *Taamneh* thus confirms that if the Court addresses Defendants' Rule 12(b)(6) arguments, it must dismiss Plaintiffs' aiding and abetting claim under Section 2333(d), the Third Cause of Action in the FAC.

Dated:  May 22, 2023                                    Respectfully submitted,


*s/ Gassan A. Baloul*
Gassan A. Baloul
Mitchell R. Berger
Squire Patton Boggs (US) LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315
gassan.baloul@squirepb.com
mitchell.berger@squirepb.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2023 a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER RULE 12(B)(2) AND RULE 12(B)(6) (ECF # 58)** was electronically served upon all counsel of record via *CM/ECF*.

*s/ Gassan A. Baloul*
Gassan A. Baloul

6