IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-03043-GPG-STV

SHELLEY LEVINE, *et al.*,

                Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian National Authority"),

                Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE
OF NEW SUPREME COURT AUTHORITY**

Defendants respectfully submit that supplemental briefing concerning *Mallory v. Norfolk Southern Ry.*, No. 21-1168, 2023 WL 4187749 (U.S. June 27, 2023) is not necessary because, contrary to Plaintiffs' assertion, *Mallory* is <u>not</u> "directly relevant to, and dispositive of, Defendants' argument in their pending motion to dismiss that the [PSJVTA] violates the due process clause." Pls. Notice (ECF No. 103) at 1.

The Court's decision in *Mallory* did not break any new ground, but rather upheld the principle—previously addressed by Defendants—that "business registration statutes [that] offer the right to do business in a state in exchange for consent to personal jurisdiction" do not violate the Due Process Clause. *See* Defs. Reply (ECF No. 76) at 6. Business registration statutes, like the one at issue in *Mallory*, are distinct from the PSJVTA because they offer an exchange of benefits—

conditioning the privilege of doing business in the state on consent to personal jurisdiction—and the business's acceptance of that benefit signals its agreement to submit to jurisdiction. By contrast, as Defendants have consistently argued, the PSJVTA fails to offer any benefit for Defendants to "accept" and signal any implied agreement to consent to jurisdiction. Defs. Mot. (ECF No. 58) at 10-13; Defs. Reply (ECF No. 76) at 6-8. Thus, *Mallory* did not "reject[] a due process challenge to a similar jurisdictional statute." Pls. Notice (ECF No. 103) at 1.

Moreover, the Supreme Court's holding in *Mallory* is quite narrow: a majority of the Justices agreed only on a statement of the case (Section I, Slip op. at 2-4) and a single holding (Section III.B., Slip op. at 10-12) that "*Pennsylvania Fire* [*Ins. Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917)] controls this case" and is still good law. *Mallory* does not change the law, and likewise does not warrant a change in the parties' arguments on Defendants' motion to dismiss.

For Plaintiffs to now contend that *Mallory* is dispositive is disingenuous when they failed to even address Defendants' arguments on business-registration and other reciprocal-benefits statutes in their briefing.

Nonetheless, should the Court desire supplemental briefing, then Defendants propose that Plaintiffs and the Government file simultaneous briefs of no more than three (3) pages, double-spaced, within 10 days of this Court's order on Plaintiffs' motion, and that Defendants file a single responsive brief of no more than six (6) pages, double-spaced, 10 days after Plaintiffs' and the Government's briefs are filed. This would be consistent with the Court's prior orders granting enlargements to allow Defendants to respond to multiple briefs in a consolidated fashion. *See, e.g.*, ECF No. 75. Finally, Defendants note that simultaneous briefs would be unlikely to assist

the Court, because they would likely result in the parties talking past one another and Defendants' proposal would permit them to respond to multiple briefs in a consolidated fashion.

Dated:  July 13, 2023 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*s/ Gassan A. Baloul*
　　　　　　　　　　　　　　　　　　　　Gassan A. Baloul
　　　　　　　　　　　　　　　　　　　　Mitchell R. Berger
　　　　　　　　　　　　　　　　　　　　Squire Patton Boggs (US) LLP
　　　　　　　　　　　　　　　　　　　　2550 M Street, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20037
　　　　　　　　　　　　　　　　　　　　Telephone: (202) 457-6000
　　　　　　　　　　　　　　　　　　　　Facsimile:  (202) 457-6315
　　　　　　　　　　　　　　　　　　　　gassan.baloul@squirepb.com
　　　　　　　　　　　　　　　　　　　　mitchell.berger@squirepb.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of July, 2023 a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF NEW SUPREME COURT AUTHORITY** was electronically served upon all counsel of record via *CM/ECF*.

      *s/ Gassan A. Baloul*
      Gassan A. Baloul

4