**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:21-cv-03043-GPG-STV

SHELLEY LEVINE, *et al.*,

                    Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian National Authority"),

                    Defendants.

**PLAINTIFFS' SUPPLEMENTAL BRIEFING CONCERNING
*MALLORY V. NORFOLK S. RY.*, No. 21-1168 (U.S. June 27, 2023)**

*Mallory v. Norfolk S. Ry.*, 143 S. Ct. 2028 (2023) affirmed the validity of *Pennsylvania Fire v. Gold Issue Mining & Milling*, 243 U.S. 93 (1917) and similar cases, and thus requires the denial of Defendants' pending motion to dismiss for lack of personal jurisdiction.[1]

### A.   The Impact of *Mallory* on the Pay-for-Slay Prong of the PSJVTA

*Mallory* negates Defendants' claim due process requires <u>subjective</u> consent to submit to jurisdiction—holding personal jurisdiction may be waived "expressly <u>or constructively</u>." *Id*. at 2045. (Jackson, J., concurring) (emphasis added). Thus, due process is met if defendant performed a "voluntary act" which the statute warned would constitute submission to jurisdiction, regardless of a defendant's subjective desire to submit to jurisdiction. *Penn. Fire*, 243 U.S. at 96.

*Mallory* also rebuts Defendants' claim due process demands a quid pro quo. "[A] <u>variety of actions</u> of the defendant that may seem like technicalities nonetheless can amount to a legal submission to the jurisdiction of a court." *Id*. at 2044 (cleaned up, emphasis added).[2] *Mallory* therefore disposes of Defendants' claim the "Pay-for-Slay" prong is facially unconstitutional.

Plaintiffs allege (based on Defendants' own documents) that since the statutory trigger date, Defendants "made over one thousand Pay-for-Slay payments, totaling millions of dollars, to over 100 terrorists involved (or to the family members of terrorists who were killed) in some 50 terrorist attacks in which American citizens were killed or injured," including the decedents and plaintiffs in <u>this</u> action. DE 50, ¶¶ 20-23. Defendants did <u>not</u> dispute these facts. Rather, they admit the Pay-for-Slay elements were met, and ask the Court to "move directly to the constitutional issues." DE 58, at n.4. These facts are thus established. "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (cleaned up).

---

[1] Plaintiffs maintain their threshold argument that these defendants lack due process rights.
[2] *Cf. Fuld v. PLO*, 578 F. Supp. 3d 577, n.10 (S.D.N.Y. 2022) (quid pro quo <u>not</u> required by due process).

1

Whether the Pay-for-Slay prong would meet due process in every other case is irrelevant. Here, given the volume of payments, the number of U.S. victims who were the subject of those payments, and the fact Defendants paid "Martyr" benefits for the specific terrorist murderers who executed the attack from which this action arises, it is clear due process is satisfied.

## B.   The Impact of *Mallory* on the U.S.-Activities Prong of the PSJVTA

*Mallory* and *Pennsylvania Fire* show the PSJVTA's U.S.-activities prong is a continuation in a long line of constitutionally sound statutes deeming various types of voluntary conduct to be a willing submission to personal jurisdiction in the forum.

Plaintiffs allege Defendants submitted to personal jurisdiction under the U.S.-activities prong because after the statutory trigger date they voluntarily used their U.S. offices "as a personal residence, and to conduct propaganda, social media, and other public relations activities that are unrelated to the official business of the United Nations" and "[D]efendants and their employees and agents conducted activities on [D]efendants' behalf while physically present in the United States, including extensive propaganda, public relations, lobbying, and social media activities that are unrelated to the official business of the United Nations." Plaintiffs also allege the PA lacks capacity to conduct foreign relations and has no status at the UN, and thus as a threshold matter none of its U.S.-based conduct can be official UN business. DE 50, ¶¶ 24-26.

Defendants' sole reply to these facts is a footnote claiming all their U.S. activities were official UN business or "exempt meetings," and claim the PLO's non-UN activities since the PSJVTA trigger date were all activities barred by the 1987 Anti-Terrorism Act (which applies to the PLO, not the PA).³ DE 58 at 12, n.7. But these factual claims are unsupported by affidavits and

---

³ "[T]he Anti-Terrorism Act of 1987 […] prohibits the expenditure of funds from the Palestine Liberation Organization in the United States to further the PLO's interests" and "the PA and the PLO are legally distinct entities." *Application of the Anti-Terrorism Act of 1987 to Diplomatic Visit of Palestinian Delegation*, 2022 WL 16859386, at 1, n.1 (O.L.C. Oct. 28, 2022) (emphasis added).

2

so must be disregarded. *Wenz*, 55 F.3d at 1505. Moreover, "[a]rguments made in a perfunctory manner, such as in a footnote, are waived." *Titan Feeding v. Corey Cattle*, 2022 WL 4182458, at *8 (D. Colo. Sept. 13, 2022) (cleaned up). Further, *Mallory* eliminates the (factually unsupported) claim that none of the PLO's non-UN activities are cognizable under the PSJVTA since they were all illegal under the 1987 ATA. *Mallory* confirmed *Pennsylvania Fire*, which endorsed the rule a defendant cannot dodge jurisdiction by arguing the illegality of its activities, since a defendant is "estopped to set up its own wrong as a defense." *Id*., 243 U.S. at 96. Finally, Defendants <u>do not contest the allegation the PA lacks any UN status</u>.

On this record and under *Wenz*'s burden-shifting rule, the Court should find Plaintiffs have made a "prima facie showing" (*id*. at 1505) that the U.S.-activities prong is satisfied. Alternatively, the Court should order briefing on Defendants U.S.-activities. Plaintiffs' opposition explained that Defendants produced extensive discovery from the *Shatsky* case concerning the PSJVTA's factual predicates, but given Defendants' decision to challenge the PSJVTA solely on facial (not factual) constitutional grounds, Plaintiffs saw "no reason to burden the Court with the massive volume of underlying records from the *Shatsky* production, which are not now and likely never will be […] necessary to determining jurisdiction." DE 69 at 15. Plaintiffs volunteered to submit the materials as needed or the Court orders (*id*.), and remain ready to do so.

Because the PSJVTA's look-back period is "5 consecutive calendar years" § 2334(2)(e), the relevant period for considering Defendants' U.S.-activities runs from early 2020 <u>until today</u>. But the time period covered by the *Shatsky* discovery <u>ended in mid-2021</u>. Thus there has not been any discovery, in any case, regarding Defendants' U.S. activities <u>during the past two years</u>. Thus, if Defendants' motion is not denied on this record, Plaintiffs should be permitted jurisdictional discovery on Defendants' U.S.-activities not covered by *Shatsky*, prior to factual briefing.

DATED this 24th day of July, 2023.

                                  Respectfully Submitted,

*s/ Daniel K. Calisher*
Daniel K. Calisher
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: 303-333-9810
Email: calisher@fostergraham.com
*Attorneys for Plaintiffs*

*s/ Jordan Factor*
Jordan Factor
Allen Vellon Wolf Helfrich & Factor, P.C.
1600 Stout Street, Suite 1900
Denver, Colorado 80202
Telephone: 303-534-4499
Email: jfactor@allen-vellone.com
*Attorneys for Plaintiffs*

*s/ Asher Perlin*
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: 786-233-7164
Email: asher@asherperlin.com
*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2023, a true and correct copy of the foregoing **PLAINTIFFS' SUPPLEMENTAL BRIEFING CONCERNING *MALLORY V. NORFOLK S. RY.*, No. 21-1168 (U.S. June 27, 2023)**, was electronically served upon all counsel of record via *ECF*.

*s/ Daniel K. Calisher*

5