# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| **SHELLEY LEVINE**, et al.,<br><br>Plaintiffs,<br><br>    v.<br><br>**THE PALESTINE LIBERATION ORGANIZATION** and **THE PALESTINIAN AUTHORITY**,<br><br>Defendants. | Case No. 1:21-cv-03043-RM-STV |

## NOTICE OF APPEAL

Notice is hereby given that Intervenor United States of America appeals to the United States Court of Appeals for the Tenth Circuit from the Opinion and Order Granting Defendants' Motion to Dismiss, dated August 23, 2023 (ECF No. 111) and the Final Judgment entered dismissing the action (ECF No. 112), as well as from any and all other orders entered in this action that merged into the aforementioned Order and Final Judgment.

Dated: October 20, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

DIANE KELLEHER
Assistant Branch Director

*/s/ Alexander N. Ely*
ALEXANDER N. ELY (DC Bar No. 230008)
Trial Attorney
United States Department of Justice

1

Civil Division, Federal Programs Branch
1100 L Street NW, Washington, DC 20005
Tel: (202) 993-5177; Fax: (202) 616-8470
alexander.n.ely@usdoj.gov

*Counsel for Intervenor*
*United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Alexander N. Ely*

ALEXANDER N. ELY

*Counsel for Intervenor United States of America*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Gordon P. Gallagher

Civil Action No. **1:21-cv-03043-GPG-STV**

SHELLEY LEVINE, et al.,

      Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION;
THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian Interim Self-Government Authority" and/or "The Palestinian National Authority"); and
RIYAD MANSOUR, as the representative of The Palestine Liberation Organization and The Palestinian Authority,

      Defendants.

---

## FINAL JUDGMENT

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the order entered by Judge Gordon P. Gallagher on August 23, 2023, [D. 111] it is

      **ORDERED** that Defendants' Motion to Dismiss [D. 58] is **GRANTED**, It is

      **FURTHER ORDERED** that Plaintiffs' First Amended Complaint and all remaining claims are dismissed without prejudice, it is

      **FURTHER ORDERED:** that judgment is entered in favor of the Defendants, and against the Plaintiffs, it is

      **FURTHER ORDERED** that the Defendants are awarded their costs to be taxed by the Clerk of the Court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1

This case will be closed.

DATED at Grand Junction, Colorado this 23rd day of August 2023.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK

By:    s/ D. Clement
        D. Clement
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 21-cv-03043-GPG-STV

SHELLEY LEVINE, et al.,

      Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION;
THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian Interim Self-Government
Authority" and/or "The Palestinian National Authority"); and
RIYAD MANSOUR, as the representative of The Palestine Liberation Organization
and The Palestinian Authority,

      Defendants.

---

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint under Rule 12(b)(2) and Rule 12(b)(6) (D. 58).  The Court GRANTS the motion for the following reasons.

## I.  FACTS

This civil action arises from a terrorist attack in a synagogue in the Israeli Har Nof neighborhood of Jerusalem on November 18, 2014 (D. 50 at 38).[1]  Plaintiffs allege that two operatives of the Popular Front for the Liberation of Palestine (PFLP), Uday Abu Jamal and Ghassan Abu Jamal, carried out a terrorist attack and killed several worshippers at the synagogue (some of whom were also American citizens).  The victims included Rabbi Aryeh Kupinsky, Rabbi

---

[1] The Court draws the operative facts as set forth in Plaintiffs' First Amended Complaint (D. 50).

1

Moshe Twersky, Rabbi Abraham Goldberg, Rabbi Kalman (Cary) Levine, and Police Sergeant Zidan Saif.  The suspects also seriously injured Dr. Norman Heching and Rabbi Saul Goldstein (*id.* at 38-39).  This civil action is brought by the personal representatives of the estates of U.S. citizens Rabbi Kalman (Cary) Levine, Rabbi Aryeh Kupinsky, and Rabbi Moshe Twersky as well as of non-U.S. citizens Zidan Saif and Rabbi Abraham Goldberg (*id.* at 4).

Rather than bringing this civil action against the estate of Uday Abu Jamal and Ghassan Abu Jamal or the PFLP, Plaintiffs are suing the Palestine Liberation Organization (PLO) (claiming that it is a front for the PFLP), the Palestinian Authority (PA), and Riyad Mansour (as representative of the PLO and PA) pursuant to the Promoting Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA), under 18 U.S.C. §§ 2333, 2334, and the Antiterrorism Act (ATA), under 18 U.S.C. § 2331.  Plaintiffs assert that this Court has original subject matter jurisdiction over Plaintiffs' ATA claims under 18 U.S.C. §§ 2331, 2333, 2334, and 2338 along with 28 U.S.C. § 1331, as well as supplemental subject matter jurisdiction over their Israeli-law claims under 28 U.S.C. § 1367.

Plaintiffs raise six claims:  (1) direct liability for international terrorism under 18 U.S.C. § 2333(a); (2) respondeat superior liability for international terrorism under 18 U.S.C. § 2333(a); (3) aiding and abetting under 18 U.S.C. § 2333(d); (4) conspiracy under 18 U.S.C. § 2333(d); (5) negligence under Israeli law, Civil Wrongs Ordinance (CWO) § 35; and (6) vicarious liability under CWO § 12 (*id.* at 42-54).  Defendants argue, inter alia, that exercising jurisdiction over them would violate due process and that the PSJVTA does not establish valid personal jurisdiction via the Due Process Clause of the Fifth Amendment (D. 58).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), if a court is without personal jurisdiction over a party, the court cannot render a valid judgment.  Fed. R. Civ. P. 12; *see J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1058 (D. Colo. 2021).  The plaintiff bears the burden of establishing that the federal court has jurisdiction over the defendant.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  To avoid dismissal, the plaintiff must make a prima facie showing of personal jurisdiction and must point to well-pleaded factual allegations, both in the complaint and in any supporting affidavits, that would support jurisdiction over each defendant.  *Gould v. Wyse*, No. 22-2075, 2023 WL 4994511, at *2 (10th Cir. Aug. 4, 2023).  When deciding personal jurisdiction without an evidentiary hearing the court does not need to accept inferences drawn by plaintiffs if such inferences are unsupported by the facts.  *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 459 (10th Cir. 1996); *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017).

Plaintiffs allege that the Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(1)(C) and 4(k)(2).[2]  In a civil action based on a federal question, the

---

[2] Plaintiffs also argue that the Court has specific personal jurisdiction over the PLO and PA and general personal jurisdiction over Defendant Mansour (D. 69 at 19-34).  These claims typically arise under the Fourteenth Amendment and the state's long-arm statute, however, these claims may be analyzed under the Fifth Amendment as the standard is the same in civil cases (this issue will be addressed infra).  Ultimately, this Court finds that the PSJVTA's consent provision does not comport with due process.  Thus, to the extent that Plaintiffs would attempt to assert personal jurisdiction under Colorado's long-arm statute, this argument would fail too.  The plaintiff must show (1) the laws of the forum state potentially confer jurisdiction by authorizing service upon the defendant, and (2) the exercise of such jurisdiction comports with the principles of due process.  *Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (citation omitted).  Because Colorado's Long-Arm Statute "confers the maximum jurisdiction permissible, consistent with the Due Process clause," the statutory and constitutional analysis is the same.  *Id.*  Thus, the court merely needs to examine whether the exercise of personal jurisdiction comports with due process.  The due process analysis examines whether:  (1) the defendant has such minimum contacts with the forum state that he should reasonably anticipate being haled into court (either by showing general or specific personal jurisdiction) and (2) the exercise of personal jurisdiction in the circumstances presented offends traditional notions of fair play and substantial justice.  *Id.* (quotations and citations omitted).  This Court finds that Defendants do not have any minimum contacts with the state

3

court must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Under Rule 4(k)(1)(C), "[s]erving a summons or filing of a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute." *Archangel Diamond Corp. Liquidating Tr. v. OAO Lukoil*, 75 F. Supp. 3d 1343, 1360 (D. Colo. 2014) (internal quotations and citation omitted). "While service of process and personal jurisdiction both must be satisfied before a suit can proceed, they are [nonetheless] distinct concepts that require separate inquiries." *Id.* "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction . . . provided that due process is satisfied." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000).

Rule 4(k)(2) provides for federal long-arm jurisdiction if the plaintiff can show: (1) the defendant is not subject to the jurisdiction of any state's court of general jurisdiction, and (2) that the exercise of jurisdiction comports with due process, the United States Constitution, and laws. *Zvelo, Inc. v. Check Point Software Techs., Ltd.*, 418 F. Supp. 3d 664, 671 (D. Colo. 2019); *see also Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd.*, 842 F. Supp. 2d 1303, 1310 (D. Colo. 2012). "This Rule serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." *Archangel Diamond Corp. Liquidating Tr.*, 75 F. Supp. 3d

---

of Colorado and would not expect to be haled into court here, thus the exercise of personal jurisdiction over Defendants would not comport with the Due Process Clause of the Fourteenth Amendment.

at 1360 (internal quotations and citation omitted). In order to preclude the use of Rule 4(k)(2) under the first prong of the test, courts require the defendant

> to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there . . . If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible, then the federal court is entitled to use Rule 4(k)(2). This procedure makes it unnecessary to traipse through the 50 states, asking whether each could entertain the suit.

*Pandaw Am., Inc.*, 842 F. Supp. 2d at 1311.

### III. ANALYSIS

In the instant motion to dismiss, Defendants argue that: (1) they have not consented to personal jurisdiction under the PSJVTA; (2) the PA and PLO are persons under the Due Process Clause of the Fifth Amendment, and (3) Federal Rule of Civil Procedure 23.2 does not convey personal jurisdiction over them (D. 58, D. 76). Plaintiffs contend that (1) Defendants have submitted to jurisdiction under the PSJVTA by making payments to terrorists or family members after the enactment of the PSJVTA; (2) the PLO and PA are not persons under the due process clause; (3) this Court has specific jurisdiction over the PLO and PA; and (4) this Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 23.2 (D. 69). The parties also submitted briefing on the U.S. Supreme Court's decision, *Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028 (2023), which held that Pennsylvania's consent statute requiring an out-of-state corporation to consent to personal jurisdiction in order to register to do business within the state did not violate the Due Process Clause of the Fourteenth Amendment. There is no dispute Defendants PLO and PA waived service of process in this action (D. 15) and Defendant Mansour was served at his home address in Florida (D. 55). The question before the Court is whether the PSJVTA consent

5

provision for personal jurisdiction in federal courts comports with due process.  The Court finds

that it does not.

### A.  PSJVTA

The scope of personal jurisdiction "flows not from Art. III, but from the Due Process

Clause."  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)

("The personal jurisdiction requirement recognizes and protects an individual liberty interest. It

represents a restriction on judicial power not as a matter of sovereignty, but as a matter of

individual liberty.").  The Court conveys its condolences to the victims and their families.  While

the events described in Plaintiffs' First Amended Complaint are undoubtedly tragic, the Court is

mandated to examine whether it can exercise jurisdiction and to ensure that it is within the limits

prescribed by the Due Process Clause.[3]

To understand this case, it is necessary to understand the catalyst for the PSJVTA.  In 2016,

the Second Circuit vacated a jury verdict against the PLO and PA due to a lack of jurisdiction.

*Waldman v. Palestine Liberation Org.*, 835 F.3d 317 (2d Cir. 2016).   The Second Circuit

determined that the PLO and PA were not recognized as sovereign states by the United States and

were not corporations; rather, the PA was designated a non-sovereign government and the PLO as

a foreign agent (both of which the Second Circuit defined as unincorporated associations)*. Id.* at

332.  Ultimately, the Second Circuit held that the defendants' activities in the United States (e.g.,

maintaining an office in Washington, D.C., promoting the Palestinian cause in speeches and media

---

[3] It is irrelevant for this Court to distinguish between the Fifth Amendment and Fourteenth Amendment in its analysis
in this case because the minimum contacts and fairness analyses are the same under the Fifth Amendment and the
Fourteenth Amendment in civil cases.  *See Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016)
(citing *Chew v. Dietrich*, 143 F.3d 24, 28 n.4 (2d Cir. 1998)); *see also Archangel Diamond Corp. Liquidating Tr. v.
OAO Lukoil*, 75 F. Supp. 3d 1343, 1359 (D. Colo. 2014).

appearances, and retaining a lobbying firm) did not render the defendants essentially at home in the United States to such an extent that a federal court would have personal jurisdiction over civil claims regarding terrorist attacks in Israel. *Id.* at 333; *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.") (internal quotations and citation omitted). The Second Circuit ultimately ruled that there was no general personal jurisdiction, specific personal jurisdiction, or waiver of personal jurisdiction because the attacks occurred outside of the United States, the attacks in Israel were not expressly aimed at the United States (although Americans did die or suffer injuries), and lobbying activities by the defendants to change American policy were insufficiently related conduct under the ATA. *Waldman*, 835 F.3d at 343–44.

In light of this case and other rulings[4] that victims of terrorist attacks in Israel or family members of said victims could not bring a civil action against the PLO or PA under the ATA in federal courts, Congress enacted the PSJVTA. 18 U.S.C. § 2333; *see also* Further Consolidated Appropriations Act of 2020, Pub. L. No. 116-94, 133 Stat. 2534; *Fuld v. Palestine Liberation Org.*, 578 F. Supp. 3d 577, 578 (S.D.N.Y. 2022). The PSJVTA provides that any national of the United States who is injured "in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs," may sue the PLO or PA "to recover threefold

---

[4] *See, e.g., Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016 (D.C. Cir. 2020); *Livnat v. Palestinian Auth.*, 851 F.3d 45, 54 (D.C. Cir. 2017).

the damages he or she sustains and the cost of the suit, including attorney's fees."  18 U.S.C. § 2333(a).

Specifically, the PSJVTA declares that the PLO and PA "shall be deemed to have consented to personal jurisdiction in such civil action if, regardless of the date of the occurrence of the act of international terrorism upon which such civil action was filed" if either (1) after 120 days post-enactment of the PSJVTA, the defendant makes a direct or indirect payment to a party who has committed an act of terrorism or to any family member of an individual who died committing an act of terrorism that killed or injured a United States national; or (2) after 15 days post-enactment of the PSJVTA, the defendant continues to maintain or establishes an office, headquarters, premises, or other facilities or establishments in the United States or "conducts any activity while physically present in the United States on behalf of the Palestine Liberation Organization or the Palestinian Authority."  18 U.S.C. § 2334(e)(1)(A)-(B).  The PSJVTA notes that "no court may consider," inter alia, that any premise or activity undertaken was exclusively for the purpose of conducting official business of the United Nations (UN) when determining consent to personal jurisdiction.  18 U.S.C. § 2334(e)(3).  Like the U.S. District Court for the Southern District of New York, this Court finds that Congress cannot simply legislate that "any conduct, without regard for its connections to the United States generally or to litigation in the United States specifically, signals a party's intent to submit to the jurisdiction of a United States court."  *Fuld*, 578 F. Supp. 3d at 580.  Ultimately, the Court finds that it cannot exercise jurisdiction in this case because the consent provision of the PSJVTA does not comport with due process.

### 1.  Persons under the Due Process Clause

First, Plaintiffs argue that the PLO and PA are not persons under the Due Process Clause and that the Due Process Clause only applies to natural persons and private corporations but not a political body or a sovereign (D. 69 at 6-7).  This argument is unavailing.  Plaintiffs clearly allege in the Amended Complaint that Defendants PLO and PA are each "a person as defined in 18 U.S.C. § 2331."  Per 18 U.S.C. § 2331(3), "the term 'person' means any individual or entity capable of holding a legal or beneficial interest in property."

The Tenth Circuit has clarified that courts may consider context when determining the meaning of a word in a statute.  Context means "the text of the Act of Congress surrounding the word at issue, or the text of other related congressional Acts."  *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1130 (10th Cir. 2013); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 199 (1993) ("The relevant portion of the Dictionary Act, 1 U.S.C. § 1, provides (as it did in 1959) that [i]n determining the meaning of any Act of Congress, unless the context indicates otherwise . . . the wor[d] 'person' . . . include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.") (internal quotations omitted).[5]

The PLO and the PA are not foreign sovereigns because they are not recognized by the United States as a sovereign state and such determination by the Executive is binding.  *Waldman*,

---

[5] The U.S. Court of Appeals for the District of Columbia Circuit seemed to suggest that the PLO and PA were foreign corporations that were not subject to personal jurisdiction under *Daimler AG v. Bauman*, 571 U.S. 117 (2014) (holding that Plaintiffs could not invoke retroactive consent to personal jurisdiction because Defendants had not yet made a payment to trigger the PSJVTA).  The U.S. Court of Appeals for the Second Circuit also invoked *Daimler* but held that the PA is a non-sovereign government and the PLO is a foreign agent, both of which are unincorporated associations.  *Waldman*, 835 F.3d at 332.  Either decision, in the eyes of this Court, renders the PLO and PA to be persons that are entitled to due process protection.

9

835 F.3d at 329 (citing *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 18 (2015)); *see also Knox v. Palestine Liberation Org.*, 306 F. Supp. 2d 424, 431 (S.D.N.Y. 2004) (detailing the history of the PLO and PA).  While Plaintiffs rely on the dicta in *Shatsky v. Palestine Liberation Org.*, No. 18-CV-12355 (MKV), 2022 WL 826409, at \*5 (S.D.N.Y. Mar. 18, 2022), for the proposition that the PLO and PA are not persons for purposes of constitutional due process, this Court respectfully disagrees.  The definition of personhood within the PSJVTA includes the PLO and PA because they are entities capable of holding a legal or beneficial interest in property, and Plaintiffs relied upon such a definition when pleading that the PLO and PA were persons in the Amended Complaint.  Accordingly, this Court finds that the PLO and PA are persons under the PSJVTA and, therefore, entitled to due process protection.  *See Waldman*, 835 F.3d at 330 ("Indeed, this Court has already applied Fourteenth Amendment principles to Fifth Amendment civil terrorism cases."); *see also* U.S. Amicus Br., *Sokolow v. Palestine Liberation Organization*, 138 S.Ct. 1438 (2018), 2018 WL 1251857 at \*8 ("This Court has not recognized any other class of entities - whether natural or artificial - as outside the category of 'persons' for purposes of due process. It has treated as 'persons' domestic and foreign entities of various types, such as corporations.").

### 2.  *Mallory and Consent to the PSJVTA*

The next issue before this Court is to determine whether the PSJVTA's consent provision comports with due process.   The United States intervened in this case to defend the constitutionality of the consent provision of the PSJVTA, arguing that the U.S. Supreme Court affirmed in *Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028 (2023) that deemed consent was consistent with due process (D. 107).  The holding in *Mallory*, however, is not as broad-sweeping as Plaintiffs and the United States purport it to be.  The *Mallory* Court did not break new ground

in its holding but rather reaffirmed that *Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Min. & Mill. Co.*, 243 U.S. 93 (1917) controlled the analysis. Accordingly, the U.S. Supreme Court held that Pennsylvania's consent statute, which required out-of-state corporations to consent to personal jurisdiction in Pennsylvania courts as a condition of registering to do business within the state, did not violate the Fourteenth Amendment's Due Process Clause. *Mallory*, 143 S. Ct. at 2037-38.

The PSJVTA is substantially different from the Pennsylvania statute. *Compare* 18 U.S.C. § 2334 with 42 Pa. Stat. and Cons. Stat. § 5301(a)(2)(i), (b). In both *Pennsylvania Fire* and *Mallory*, the out-of-state corporation had registered with the respective department of state in order to conduct business and maintained an office within that jurisdiction. That is not the case here. Rather, the trigger for establishing personal jurisdiction over the PLO and PA is if one of the entities (1) makes an international payment, directly or indirectly, to an individual convicted of terrorism that injured or killed a national of the United States or to *any family member* of the convicted person; (2) maintains a premise within the United States; or (3) conducts *any activity* while physically present in the United States on behalf of the PLO or PA, regardless of whether that activity is UN-related. 18 U.S.C. § 2334(e)(1)(A)-(B) (emphasis added).[6] With the PSJVTA, "Congress simply took conduct in which the PLO and PA had previously engaged—conduct that the Second and D.C. Circuits had held was insufficient to support personal jurisdiction . . . and declared that such conduct 'shall be deemed' to be consent." *Fuld*, 578 F. Supp. 3d at 587. As the U.S. Supreme Court noted in 1945:

---

[6] Because the Court finds that the PSJVTA violates the Due Process Clause, it will refrain from delving into an analysis regarding whether it is also vague and ambiguous or facially unconstitutional.

> Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945).

As previously discussed, and as Plaintiffs have alleged, Defendants are persons and not out-of-state corporations that have registered to do business within Colorado. Defendants' work at the UN and in Washington, D.C., or payments made in Palestine also do not trigger jurisdiction in the U.S. District Court for the District of Colorado. *See Sokolow*, 607 F. Supp. 3d at 326 ("Even accepting Plaintiffs' argument that Defendants' United States activities fall within the ambit of the PSJVTA's U.S. activities prong . . . these types of conduct do not infer any intention on the part of Defendants to legally submit to suit in the United States."); *Fuld*, 578 F. Supp. at 587 ("Put simply, for waiver of personal jurisdiction through consent to satisfy the requirements of due process, it must be willful, thoughtful, and fair. Extorted actual consent and equally unwilling implied consent are not the stuff of due process." (internal quotations and citation omitted)). Plaintiffs' allegations neither support the conclusion that Defendants have consented to the jurisdiction of every federal court in the United States nor can be extrapolated to establish jurisdiction in the U.S. District Court for the District of Colorado. Ultimately, this Court finds that the holding in *Mallory* is not applicable to the PSJVTA, the consent provision of the PSJVTA does not comport with due process, and Defendants have not consented to jurisdiction in this Court.

### 3.   General and Specific Personal Jurisdiction

Under the Due Process Clauses of the Fifth and Fourteenth Amendments, which are analyzed similarly in civil cases, the Court examines two parts to the due process test for personal jurisdiction as established by *International Shoe* and its progeny: (1) "the minimum contacts inquiry" (i.e., "whether a defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant"); and (2) "the reasonableness inquiry" (i.e., "whether the assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice under the circumstances of the particular case"). *Waldman*, 835 F.3d at 331 (internal quotations and citations omitted).   A court can exercise personal jurisdiction in two ways: general jurisdiction and specific jurisdiction. *See Int'l Shoe Co*., 326 U.S. at 316.

Plaintiffs do not allege that there is general personal jurisdiction over the PLO and PA but do allege that the Court has general personal jurisdiction over Riyad Mansour, who is the named representative for the PLO and PA, as he is a domiciliary of the United States and service was effected at Mansour's home address in Florida (D. 69 at 27).   Plaintiffs fail to identify activities sufficient to establish general personal jurisdiction, which "requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Medinfo, Inc. v. MedTool LLC*, No. 15-CV-00260-MEH, 2015 WL 3542712, at *2 (D. Colo. June 5, 2015) (internal quotations and citation omitted).

Plaintiffs also argue that the Court has specific personal jurisdiction over the PLO and PA (D. 69 at 19-27).   "Specific jurisdiction, on the other hand, depends on an affiliatio[n] between the

forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). "Because a state's sovereignty is territorial in nature, a defendant's contacts with the forum state must be sufficient such that, notwithstanding its lack of physical presence in the state, the state's exercise of sovereignty over it can be described as fair and just." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Here, the only tie this case has to the U.S. District Court for the District of Colorado is the fact that Plaintiff Shelley Levine is domiciled and resides in Boulder, Colorado (D. 50 at 5). The actions by Defendants (especially actions taken in Israel) are not sufficiently connected to the United States or even the state of Colorado. Thus, there is no basis to conclude that Defendants may haled into a federal court in the United States, let alone this Court. "The overwhelming evidence shows that the defendants are 'at home' in [the Palestinian Territories]."[7] *Waldman*, 835 F.3d at 332. Accordingly, the Court finds that Plaintiffs have failed to establish that this Court has either specific or general personal jurisdiction over any of the Defendants due to lack of activity in the forum.

---

[7] See *Palestinian Territories*, U.S. Dep't of State, https://www.state.gov/countries-areas/palestinian-territories/ (last visited Aug. 22, 2023).

### 4. Federal Rule of Civil Procedure 23.2

Finally, Plaintiffs argue that Rule 23.2 permits class actions against unincorporated associations.[8]  Rule 23.2 states:

> This rule applies to an action brought by or against the members of an unincorporated association as a class by naming certain members as representative parties. *The action may be maintained only if it appears that those parties will fairly and adequately protect the interests of the association and its members.* In conducting the action, the court may issue any appropriate orders corresponding with those in Rule 23(d), and the procedure for settlement, voluntary dismissal, or compromise must correspond with the procedure in Rule 23(e).

Fed. R. Civ. P. 23.2 (emphasis added).  This rule does not create personal jurisdiction over Defendants when there is a lack of consent, general personal jurisdiction, or specific personal jurisdiction.  Furthermore, Plaintiffs are not suing Defendants as a class action under Rule 23.  Accordingly, this argument is unavailing, and the Court will not spend further time analyzing it.

### B. Remaining Claims

The Court has disposed of all of Plaintiffs' federal law claims.  All the remaining claims are brought under Israeli law, which Plaintiffs argue implicates this Court's supplemental subject-matter jurisdiction under 28 U.S.C. § 1367.  Under 28 U.S.C. § 1367(c)(3), when all the federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining claims not brought under federal law.  *See Smith v. City of Enid*, 149 F.3d 1151,

---

[8] The Tenth Circuit has previously held that unincorporated associations may not be sued under certain federal laws. *See Colorado Montana Wyoming State Area Conf. of NAACP v. United States Election Integrity Plan*, No. 1:22-CV-00581-CNS, 2023 WL 1338676, at *6 (D. Colo. Jan. 31, 2023) (holding that an unincorporated association could not be sued under  42 U.S.C. § 1985(3)) (collecting cases); *see also Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 868 F.3d 1199, 1206 n.5 (10th Cir. 2017); *Lippoldt v. Cole*, 468 F.3d 1204, 1211 (10th Cir. 2006) (holding that an unincorporated association was not a person under 42 U.S.C. § 1983).  However, because this Court has agreed with the Second Circuit that, the PA is a non-sovereign government and the PLO is a foreign agent, which makes them persons under the Due Process Clause, the Court does not need to reach the issue of whether Defendants are unincorporated associations and whether they can even be sued in the Tenth Circuit. *See Waldman*, 835 F.3d at 332.

1156 (10th Cir. 1998).  Accordingly, the Court dismisses the remaining claims without prejudice for lack of subject-matter jurisdiction.

## IV.  CONCLUSION

Accordingly, Defendants' motion to dismiss is GRANTED (D. 58).  It is FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED August 23, 2023.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge

16