UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03043-GPG-STV

SHELLEY LEVINE, et al.,

                Plaintiffs,

v.

THE PALESTINE LIBERATION
ORGANIZATION and
THE PALESTINIAN AUTHORITY,

                Defendants.

**STIPULATION AND JOINT MOTION FOR CASE MANAGEMENT ORDER**

The Parties file this Stipulation and Joint Motion for Case Management Order to respectfully request that the Court grant the Parties supplemental briefing on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (DE 58) ("Motion to Dismiss") following the remand of this action to this Court, as set forth herein. The Parties respectfully submit that the proposed supplemental briefing will assist the Court in addressing developments in the law concerning the Rule 12(b)(6) arguments in Defendants' Motion to Dismiss Plaintiffs' Anti-Terrorism Act ("ATA") claims (Am. Compl. (DE 50), Causes of Action ##1-4), which the Court did not need to reach when it dismissed this case for lack of personal jurisdiction on August 23, 2023 (Order (DE 111)). Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Plaintiffs and Defendants have conferred regarding this Motion, and the Parties jointly seek the relief requested herein.

1. This case is back before this Court following the Supreme Court's June 20, 2025, decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025) and the Tenth Circuit's July 8, 2025 Order and Judgment (DE 130) vacating this Court's August 23, 2023 Order of dismissal (DE 111) and Judgment (DE 112), and remanding this matter to this Court.

2. In light of the Tenth Circuit's remand of the matter to this Court and in advance of the status conference scheduled by this Court for October 21, 2025, the Parties have met and conferred regarding the status of the case.

3. Because the Court's August 23, 2023 Order dismissed the case on jurisdictional grounds, the Court did not address Defendants' arguments in their Motion to Dismiss for dismissal under Rule 12(b)(6). The Parties accordingly understand that the previously unresolved portions of the Motion to Dismiss remain pending before the Court.

4. Since briefing on Defendants' Motion to Dismiss closed on November 14, 2022, there have been developments in ATA decisional law. For example, the Supreme Court decided *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023), and there have been a number of lower court cases applying that decision.

5. The Parties therefore wish to provide supplemental briefing on Plaintiffs' ATA claims (Causes of Action ##1-4) that the Parties believe will assist the Court in deciding the remainder of the pending Motion to Dismiss.

6. For the good cause described above, the Parties respectfully request that the Court enter the following schedule for supplemental briefing on the ATA claims (Causes of Action ##1-4):

   a. Defendants shall file their opening supplemental brief of no more than 25 pages, no later than October 17, 2025;

    b. Plaintiffs shall file their response supplemental brief of no more than 25 pages, no later than November 26, 2025; and

    c. Defendants shall file their reply supplemental brief of no more than 12 pages, no later than December 19, 2025.

7. Furthermore, in light of the aforementioned, and in the interest of efficiency and conserving judicial resources, the Parties stipulate the following:

    a. In light of the Supreme Court's decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025), Defendants Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") agree that they do not and will not challenge Plaintiffs' assertion that the PA and PLO are subject to personal jurisdiction pursuant to the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), 18 U.S.C. § 2334(e)(1) (in conjunction with the waiver of service of process in this action executed by the PA and PLO on November 21, 2021), with respect to the ATA claims in the First Amended Complaint in this action (Am. Compl. (DE 50), Causes of Action ##1-4).

    b. Plaintiffs agree to withdraw all other theories for personal jurisdiction over all Defendants in this action—including without limitation specific jurisdiction (except to the extent jurisdiction under the PSJVTA is considered a type of specific jurisdiction), general jurisdiction (over Riyad Mansour), jurisdiction pursuant to Federal Rules of Civil Procedure 4(k) and 23.2, and Plaintiffs' assertion that Defendants are not persons within the meaning of the due process clause. Defendants agree that they do not and will not assert that Plaintiffs' withdrawal of other theories for personal jurisdiction in this Section 7(b) precludes the exercise of personal jurisdiction over the PA and PLO pursuant to the PSJVTA as set forth in Section 7(a).

    c. Plaintiffs preserve their argument that the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the non-ATA claims in the First Amended Complaint (Am. Compl. (DE 50), Causes of Action ##5-6). Plaintiffs will not assert that the PSJVTA itself provides personal jurisdiction over Defendants for the non-ATA claims.

    d. Plaintiffs shall file contemporaneously herewith a notice of voluntary dismissal of their claims against Riyad Mansour, who was named as a defendant solely for purposes of Plaintiffs' theory of personal jurisdiction under Fed. R. Civ. P. 23.2.

    e. In the event Defendants prevail on their Motion to Dismiss the ATA claims (Causes of Action ##1-4), the Court will enter a briefing schedule for Defendants to move to dismiss Plaintiffs' non-ATA claims in the First Amended Complaint (Causes of Action ##5-6) for lack of supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

WHEREFORE, the Parties respectfully request, for good cause shown, that the Court approve the Parties' Stipulation as set forth herein and enter the proposed case management order.

Respectfully Submitted,

September 11, 2025

**SQUIRE PATTON BOGGS (US) LLP**

/s/ *Gassan A. Baloul*
Gassan A. Baloul
gassan.baloul@squirepb.com
Mitchell R. Berger
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Attorneys for Defendants*

/s/ *Daniel K. Calisher*
Daniel K. Calisher
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: 303-333-9810
Email: calisher@fostergraham.com

*Attorneys for Plaintiffs*

/s/ *Jordan Factor*
Jordan Factor
Allen Vellon Wolf Helfrich & Factor, P.C.
1600 Stout Street, Suite 1900
Denver, Colorado 80202
Telephone: 303-534-4499
Email: jfactor@allen-vellone.com

*Attorneys for Plaintiffs*

/s/ *Asher Perlin*
Asher Perlin
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: 786-233-7164
Email: asher@asherperlin.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Gassan A. Baloul, an attorney duly admitted to practice before this Court, certifies that on September 11, 2025, I caused true and correct copies of the foregoing Stipulation and Joint Motion for Case Management Order to be served on all counsel of record via electronic filing on the Court's CM/ECF system.

Dated: September 11, 2025

/s/ *Gassan A. Baloul*
Gassan A. Baloul (DC Bar 1034245)