IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-03043-GPG-STV

SHELLEY LEVINE, *et al.*,

                           Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian
National Authority"),

                           Defendants.

**PLAINTIFFS' UNOPPOSED MOTION FOR ISSUANCE OF A LETTER OF REQUEST
PURSUANT TO THE HAGUE EVIDENCE CONVENTION
AND FOR RELATED RELIEF**

**Introduction**

Plaintiffs hereby respectfully move the Court to issue a Letter of Request pursuant to the Hague Evidence Convention, addressed to the designated Central Authority in the State of Israel, requesting the deposition of Dr. Khouloud Daibes Abu-Dayyeh.

Attached hereto as Appendix 1 is a proposed Letter of Request, which generally tracks the format of similar letters of request to the State of Israel issued by other federal courts.

Plaintiffs also move, pursuant to Fed. R. Civ. P. 28(b)(1)(D), for an order appointing Ms. Brenda Matzov, a U.S.-qualified court reporter who resides in Israel, as a commissioner to administer the oath to Dr. Abu-Dayyeh and make a stenographic transcript of her deposition.

Defendants' counsel have informed Plaintiffs' counsel that: "While Defendants do not oppose the relief requested in this motion, as set forth below, Defendants do not believe Dr. Abu-Dayyeh possesses relevant or admissible evidence, and expressly reserve all their arguments and claims regarding the relevance, admissibility, and use of the testimony sought."

**DISCUSSION**

Plaintiffs allege in their First Amended Complaint (ECF 50) ("FAC") that the Popular Front for the Liberation of Palestine ("PFLP") carried out the terrorist attack in which Plaintiffs were injured and their decedents killed. Plaintiffs assert that Defendants are liable for the attack because, among other reasons: (a) during the 15 years leading up to the attack, Defendants provided the PFLP with extensive funding and other material support and resources that enabled it to carry out terrorist attacks such as the attack here. (ECF ¶¶ 127-146); (b) Defendants "fully supported and approved of the PFLP's terrorist activities" because the terrorism served Defendants' goal, shared by the PFLP, of forcing Israel to make territorial concessions. (*Id*. at ¶ 157); and (c) the attack here was carried out as part of a conspiracy between Defendants and the PFLP, pursuant to which the

1

PFLP "execut[ed] terrorist attacks against Israeli and Jewish targets … leaving to defendants the task of leveraging those attacks into political achievements." (*Id*. at ¶ 152. *Cf*. at ¶¶ 147-150).

In short, Plaintiffs allege that Defendants' policies and position toward the PFLP and its terrorism was positive, supportive, and approving.

Defendants dispute Plaintiffs' allegations about Defendants' positions vis-à-vis the PFLP. Defendants assert that the PFLP is their "political antagonist", and "oppose everything Defendants represent." (*See* Defendants' Statement, *infra*).

Accordingly, Plaintiffs believe that evidence reflecting Defendants' actual position and posture toward the PFLP is highly relevant to Plaintiffs' allegations in this action.

Between 2013 and 2021, Dr. Khouloud Daibes Abu-Dayyeh served as head of Defendants' legation in Germany, known as the "Palestinian Mission," and was thus Defendants' senior official representative in Germany during this time. According to Arabic-language reports,[1] in 2013-2014 Dr. Abu-Dayyeh took the following actions which, Plaintiffs assert, reflect Defendants' true position toward the PFLP around the time of the 2014 attack from this this action arises:

a) On December 14, 2013, Dr. Abu-Dayyeh attended a celebratory event marking the 46th anniversary of the PFLP's founding, and gave a speech praising the PFLP.

b) On August 29, 2014 (less than 3 months before the attack), Dr. Abu-Dayyeh attended an event marking the anniversary of the death of the PFLP's former Secretary-General, Abu Ali Mustafa, and gave a speech praising the PFLP and Mustafa.

c) On December 13, 2014 (just a few weeks after the attack), Dr. Abu-Dayyeh attended a celebratory event marking the 47th anniversary of the PFLP's founding, and once again gave a speech praising the PFLP.

---

[1] Plaintiffs' investigator found these reports during the last week of December 2025, and on December 30, 2025, Plaintiffs supplemented their disclosures pursuant to Rule 26(a) and 26(e), by informing Defendants that Dr. Abu-Dayyeh has discoverable information Plaintiffs may use to support their claims in this action, regarding Defendants' relationship with and policies towards the PFLP.

2

Plaintiffs are understandably very interested in deposing Dr. Abu-Dayyeh about these activities, in order to obtain testimony regarding Defendants' true position regarding the PFLP. Plaintiffs assert that, given her position as Defendants' official representative, Dr. Abu-Dayyeh's statements and actions relating to the PFLP are attributable to Defendants, and that those statements and actions, as reported, strongly support Plaintiffs' allegations.

As noted, Dr. Abu-Dayyeh left Germany in 2021. Today she heads a nonprofit organization located in Bethlehem, and is registered with the Israeli Interior Ministry as a resident of Jerusalem.

Israel is signatory to the Hague Convention on the Taking of Evidence Abroad in Civil Commercial Matters (the "Hague Evidence Convention"). The Hague Evidence Convention:

> [P]rovides the mechanism by which evidence is obtained abroad through the issuance of a letter of request. *See* 23 U.S.T. 255; 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner" and reprinting the Hague Convention). When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained.

*Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 2019 WL 13201156, at *2 (D. Colo. Sept. 12, 2019) (cleaned up).

Accordingly, Plaintiffs respectfully request that the Court issue the proposed Letter of Request attached hereto as Appendix 1, requesting that Israel cause Dr. Abu-Dayyeh to appear to be deposed by counsel in this action. The proposed Letter of Request follows the form of letters of request directed to Israel issued by other federal courts under the Hague Evidence Convention.

Rule 28(b)(1)(D) of the Federal Rules of Civil Procedure provides that "[a] deposition may be taken in a foreign country … before a person commissioned by the court to administer any necessary oath and take testimony." Plaintiffs therefore move for an order appointing Ms. Brenda Matzov, a U.S.-qualified court reporter who is a resident of Israel, as a commissioner authorized to administer an oath to Dr. Abu-Dayyeh and make a stenographic transcript of her deposition.

Finally, Plaintiffs note that because this motion is unopposed (and, indeed, to enable its filing as an unopposed motion), the Parties have minimized their adversarial arguments. However, to the extent that the Court believes that further information, explanation or supplementation is necessary to enable it to rule on this motion, the Parties would be glad to provide such.

### Defendants' Statement

Though Defendants do not oppose the relief requested in this motion, they state as follows:

Defendants deny Plaintiffs' allegations in their entirety and have moved to dismiss the FAC for failure to state a claim. Defendants note that Plaintiffs have not sued the individuals responsible for the attack (or their estates) or the PFLP, which they claim is the organization that committed the attack at issue in this case. Plaintiffs also do not allege that members of the Palestinian Authority or Palestine Liberation Organization ("PLO") planned or carried out the attack. Instead, they have brought a lawsuit against the Defendants alleging that they provided the PFLP—which, as Defendants' political antagonists, oppose everything Defendants represent (ECF 170 at 2, 12)—with the same types of non-violent support provided to all political factions comprising the PLO, and that members of the PFLP allegedly committed the attack.

Defendants vigorously dispute that Dr. Abu-Dayyeh's "statements and actions, as reported, strongly support Plaintiffs' allegations." The Arab language reports of remarks attributed to Dr. Abu-Dayyeh referenced above self-evidently do not support any violent activity by the PFLP that

4

fits within the definition of "international terrorism" (18 U.S.C. § 2331(1)) as necessary to make them relevant to Plaintiffs' liability theories in this action, and do not relate to or reference the attack at issue in this case. Defendants accordingly do not believe Dr. Abu-Dayyeh possesses relevant or admissible evidence, as confirmed by the fact that Dr. Abu-Dayyeh is neither referenced by name nor referred to whatsoever in either the original Complaint or the First Amended Complaint. While the Hague process may be used only to seek information that is relevant to the allegations and proportional to the needs of the case, *see, e.g., Lelchook v. Lebanese Canadian Bank, SAL*, 670 F. Supp. 3d 51, 57 (S.D.N.Y. 2023), if Plaintiffs opt to use one of their allotted 10 depositions to seek testimony from Dr. Abu-Dayyeh, then Defendants will not oppose the issuance of the Hague letter of request.

**WHEREFORE**, this motion should be granted.

DATED this 28th day of January, 2026

Respectfully Submitted,

*s/ Daniel K. Calisher*
Daniel K. Calisher
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: 303-333-9810
Email: calisher@fostergraham.com
*Attorneys for Plaintiffs*


*s/ Asher Perlin*
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: 786-687-0404
Email: asher@asherperlin.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2026, a true and correct copy of the foregoing PLAINTIFFS' UNOPPOSED MOTION FOR ISSUANCE OF A LETTER OF REQUEST PURSUANT TO THE HAGUE EVIDENCE CONVENTION AND FOR RELATED RELIEF was electronically served upon all counsel of record via *ECF*.

*s/ Asher Perlin*