**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:21-cv-03043-GPG-STV

SHELLEY LEVINE, *et al.*,

                     Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION
and THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian Interim Self-Government Authority" and/or
"The Palestinian National Authority"),

                     Defendants.

---

**DEFENDANTS' REPONSE TO PLAINTIFFS'
NEW ASSERTIONS REGARDING *SOKOLOW***

---

Defendants submit this brief response to the erroneous claims in Plaintiffs' April 10, 2026 submission (ECF No. 188) on *Waldman v. Palestine Liberation Org.*, 2026 WL 860256 (2d Cir. Mar. 30, 2026).

*Waldman*, having predicated respondeat superior liability on the role of PA <u>employees</u>, and having rejected respondeat superior liability for the PLO (because no PLO <u>employees</u> were alleged to have been involved in the attacks at issue), makes no legal holdings or factual findings that support Plaintiffs' <u>non-employee</u> agent-based theory of respondeat superior here. *See* ECF No. 170 at 11-12. To the contrary, the district court in *Sokolow*/*Waldman* rejected respondeat superior and vicarious liability theories that—as here—were based on the alleged "interconnectedness between" the PLO and its constituent political factions (there, the PLO's dominant political faction, Fatah). *Id.*, citing *Sokolow v. Palestine Liberation Org.*, 60 F. Supp. 3d 509, 520 n.12

(S.D.N.Y. 2014) (rejecting respondeat superior liability "premised on the interconnectedness between Fatah and the PLO").  *A fortiori* here, Plaintiffs' respondeat superior theory fails when premised on the alleged "interconnectedness" of the PLO and the PFLP faction which so often opposed PLO policy.  *E.g.*, ECF 170 at 6-7 & n.4.

The PFLP's policy opposition in fact negates essential aspects of any agency relationship between Defendants and the Attackers or the PFLP because Plaintiffs allege no (1) relationship or agreement between Defendants and the Attackers themselves, (2) actual contracts or written agreements in which Defendants grant the PFLP the ability to act on their behalf, or (3) specific actions by Defendants that could lead the PFLP to believe it could act on behalf of Defendants. *See* ECF No. 170 at 11-12.  Thus, Plaintiffs have not plausibly alleged that the PFLP is Defendants' agent, which requires a showing of a "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Alfaro-Huitron v. Cervantes Agribusiness*, 982 F.3d 1242, 1250-51 (10th Cir. 2020) (citation omitted); *Klassen v. Solidquote LLC*, No. 1:23-CV-00318-GPG-NRN, 2025 WL 3516275, at *2 (D. Colo. Nov. 19, 2025) ("An agency relationship arises from one of the following forms of authority bestowed upon an agent by its principal: actual authority or apparent authority.").

Even Plaintiffs' (false) allegation of a "shared" goal between Defendants and the PFLP (ECF No. 184 at 2) is insufficient to support their respondeat superior claim because an "agent is not simply someone who acts to benefit another person." *Alfaro-Huitron*, 982 F.3d at 1251.  Rather, the "agent is acting in the principal's stead, as the principal's representative," and there are

no such plausible allegations of that here. *Id.*; *see also id.* at 1252 ("control is an essential element of the relationship"). The alleged relationship between Defendants and the PFLP is nothing like that in *Alfaro-Huitron*, where the issue was whether an agricultural business authorized an out-sourcing labor contractor to hire foreign farmworkers through a temporary visa program. *Id.* at 1257.

For the reasons stated both in their prior motion to dismiss briefing and herein, Defendants' motion to dismiss should be granted with prejudice.

Dated:  April 13, 2026                     Respectfully submitted,

                                           *s/ Gassan A. Baloul*
                                           Gassan A. Baloul
                                           Mitchell R. Berger
                                           Squire Patton Boggs (US) LLP
                                           2550 M Street, N.W.
                                           Washington, D.C. 20037
                                           Telephone: (202) 457-6000
                                           Facsimile:  (202) 457-6315
                                           gassan.baloul@squirepb.com
                                           mitchell.berger@squirepb.com

                                           *Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2026 a true and correct copy of the foregoing was electronically served upon all counsel of record via *CM/ECF*.

*s/ Gassan A. Baloul*
Gassan A. Baloul